Matthew G. Ball (SBN 208881)
Matthew.Ball@klgates.com
**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
55 Second Street, Suite 1700
San Francisco, CA 94105
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Irene C. Freidel (admitted *pro hac vice*)
Irene.freidel@klgates.com
Phoebe G. Winder (admitted *pro hac vice*)
phoebe.winder@klgates.com
**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
State Street Financial Center, One Lincoln Street, Boston, MA, 02111-2950
Telephone: (617) 261-3100
Facsimile: (617) 261-3175

Attorneys for Defendant
PAUL FINANCIAL, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY M. JORDAN, individually and behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL FINANCIAL LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV07-04496 JL<br><br>**ANSWER OF DEFENDANT PAUL FINANCIAL LLC TO FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Assigned to the Honorable:<br>Magistrate Judge James Larson |

**ANSWER OF DEFENDANT PAUL FINANCIAL LLC TO**
**FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Paul Financial LLC ("Paul Financial"), by and through its attorneys, Kirkpatrick & Lockhart Preston Gates Ellis LLP, hereby answers the First Amended Complaint ("FAC") brought by plaintiff Gregory M. Jordan ("plaintiff") on behalf of himself and a purported class of others

ANSWER OF DEFENDANT PAUL FINANCIAL LLC
TO FIRST AMENDED CLASS ACTION
COMPLAINT                                    1

similarly situated. Paul Financial makes this Answer only on its own behalf. To the extent that any allegation set forth in the FAC is addressed to any other defendant or any unidentified parties, Paul Financial is without knowledge or information sufficient to form a belief as to the truth of such allegation except as expressly stated below.

Except as expressly admitted or denied herein below, Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the FAC.

## I. INTRODUCTION

1. The allegations set forth in paragraph 1 of the FAC consist of plaintiff's characterization of this case to which no response is required. To the extent a further response is required, Paul Financial denies the allegations contained in paragraph 1 of the FAC.

## II. THE PARTIES

2. Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 2 of the FAC. Paul Financial admits that it entered into an Option ARM loan transaction with plaintiff on or about January 6, 2006, which loan was secured by real property. Paul Financial further states that the loan documents attached as Exhibit 1 to the FAC are not the final, signed copies of plaintiff's Adjustable Rate Note or Federal Truth-in-lending Disclosure. Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of the FAC.

3. In response to the allegations in paragraph 3 of the FAC, Paul Financial denies that it is a California corporation. Paul Financial states that it is a Delaware limited liability company licensed to do business in certain states, including California. Paul Financial further admits that it has done business in California including in Alameda County, but that it is no longer engaging in new loan originations in California including in Alameda County. Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the FAC.

4.   The allegation set forth in paragraph 4 of the FAC requires no response from Paul Financial.  Paul Financial makes this Answer only on its own behalf.  To the extent that any allegation set forth in the FAC is addressed to any other defendant or any unidentified parties, Paul Financial is without knowledge or information sufficient to form a belief as to the truth of such allegation except as expressly stated below.

5.   In response to the allegations set forth in paragraph 5 of the FAC, Paul Financial denies that it has conducted business "throughout the United States," but admits that it has entered into loan transactions secured by real property in Contra Costa County, California.  Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the FAC.

6.   Paul Financial denies the allegations set forth in paragraph 6 of the FAC.

7.   Paul Financial denies the allegations set forth in paragraph 7 of the FAC.

8.   Paul Financial denies the allegations set forth in paragraph 8 of the FAC.

9.   In response to the allegations set forth in paragraph 9 of the FAC, Paul Financial states that it is a limited liability company and that it has conducted business in the State of California.  Paul Financial denies the remaining allegations set forth in paragraph 9 of the FAC.

10.   Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the FAC.

11.   Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the FAC.

12.   Paul Financial denies the allegations set forth in paragraph 12 of the FAC.

### III.   JURISDICTION AND VENUE

13.   The allegations set forth in paragraph 13 of the FAC consist of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial does not object to the Court's exercise of subject matter jurisdiction over this action.

14. The allegations set forth in paragraph 14 of the FAC consist of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial does not object to personal jurisdiction in this Court.

15. The allegations set forth in paragraph 15 of the FAC consist of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial does not object to venue in this District.

## IV.   FACTS COMMON TO ALL CAUSES OF ACTION

16. In response to the allegations in the first sentence of paragraph 16 of the FAC, Paul Financial admits that it has originated residential mortgage loans, including Option ARM loans. Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 16 of the FAC. The allegation set forth in the second sentence of paragraph 16 of the FAC consists of plaintiff's characterization of this action to which no response is required.

17. Paul Financial denies the allegations set forth in paragraph 17 of the FAC.

18. Paul Financial denies the allegations set forth in paragraph 18 of the FAC.

19. In response to the allegations in the first sentence of paragraph 19 of the FAC, Paul Financial admits that it entered into Option ARM mortgage loan transactions with plaintiff and other borrowers. Paul Financial denies the remaining allegations set forth in paragraph 19 of the FAC.

20. Paul Financial denies the allegations set forth in the first and third sentences of paragraph 20 of the FAC. The allegations set forth in the second sentence of paragraph 20 of the FAC consist of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.*, ("TILA") speaks for itself as to its content.

21. Paul Financial denies the allegations set forth in paragraph 21 of the FAC.

22. In response to the allegations in the first sentence of paragraph 22 of the FAC, Paul Financial admits that plaintiff applied for a mortgage loan from Paul Financial. Paul Financial denies the remaining allegations in paragraph 22 of the FAC.

ANSWER OF DEFENDANT PAUL FINANCIAL LLC
TO FIRST AMENDED CLASS ACTION
COMPLAINT

4

23. Paul Financial denies the allegations set forth in paragraph 23 of the FAC.

24. Paul Financial denies the allegations set forth in paragraph 24 of the FAC.

25. Paul Financial denies the allegations set forth in paragraph 25 of the FAC.

26. Paul Financial denies the allegations set forth in paragraph 26 of the FAC.

27. Paul Financial denies the allegations set forth in paragraph 27 of the FAC.

28. Paul Financial denies the allegations set forth in paragraph 28 of the FAC.

29. Paul Financial denies the allegations in paragraph 29 of the FAC, including in sub-parts (a) through (e) thereof.

30. Paul Financial denies the allegations set forth in paragraph 30 of the FAC.

31. Paul Financial denies the allegations set forth in paragraph 31 of the FAC.

32. Paul Financial denies the allegations set forth in paragraph 32 of the FAC.

33. Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of paragraph 33 of the FAC. In response to the allegations set forth in the third sentence of paragraph 33 of the FAC, Paul Financial admits that it is aware of the requirements of TILA and that those requirements speak for themselves as to their content. Paul Financial denies the remaining allegations set forth in paragraph 33 of the FAC.

34. Paul Financial denies the allegations set forth in paragraph 34 of the FAC.

35. Paul Financial denies the allegations set forth in paragraph 35 of the FAC.

36. Paul Financial denies the allegations set forth in paragraph 36 of the FAC.

37. Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of paragraph 37 of the FAC. In response to the allegations set forth in the third sentence of paragraph 37 of the FAC, Paul Financial admits that it is aware of the terms of TILA and that those terms speak for themselves as to their content. Paul Financial denies the remaining allegations set forth in paragraph 37 of the FAC.

38. Paul Financial denies the allegations set forth in paragraph 38 of the FAC.

39. Paul Financial denies the allegations set forth in paragraph 39 of the FAC.

1   40.   Paul Financial denies the allegations set forth in paragraph 40 of the FAC.

2   41.   Paul Financial denies the allegations set forth in paragraph 41 of the FAC.

3   42.   Paul Financial denies the allegations set forth in paragraph 42 of the FAC.

4   43.   Paul Financial denies the allegations set forth in paragraph 43 of the FAC.

5   44.   Paul Financial denies the allegations set forth in paragraph 44 of the FAC.

6   45.   Paul Financial denies the allegations set forth in paragraph 45 of the FAC.

### V.   CLASS ACTION ALLEGATIONS

46.   Paragraph 46 of the FAC consists of plaintiff's class definitions and legal conclusions to which no response is required. To the extent that a further response may be required, Paul Financial denies the allegations in paragraph 46 of the FAC.

47.   Paul Financial denies the allegations set forth in paragraph 47 of the FAC.

48.   Paul Financial denies the allegations set forth in paragraph 48 of the FAC, including sub-paragraphs (1) through (15) set forth therein.

49.   Paul Financial denies the allegations set forth in paragraph 49 of the FAC.

50.   Paul Financial denies the allegations set forth in paragraph 50 of the FAC.

51.   Paul Financial denies the allegations set forth in paragraph 51 of the FAC.

52.   Paul Financial denies the allegations set forth in paragraph 52 of the FAC, including sub-paragraphs (a) through (c) set forth therein.

### VI.   FIRST CAUSE OF ACTION

53.   Paul Financial incorporates by reference its responses to Paragraphs 1 through 52 as if fully set forth herein.

54.   Paragraph 54 of the FAC consists of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that TILA and its implementing regulations speak for themselves as to their content.

55.   Paragraph 55 of the FAC consists of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that TILA and its implementing regulations, including 12 C.F.R. § 226.1, speak for themselves as to their content.

ANSWER OF DEFENDANT PAUL FINANCIAL LLC
TO FIRST AMENDED CLASS ACTION
COMPLAINT

6

56. Paragraph 56 of the FAC consists of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that TILA and its implementing regulations, including 12 C.F.R. § 226.17, speak for themselves as to their content.

57. Paragraph 57 of the FAC consists of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that TILA speak for itself as to its content.

58. Paul Financial denies the allegations set forth in paragraph 58 of the FAC.

59. Paul Financial denies the allegations set forth in paragraph 59 of the FAC.

60. The first and second sentences of paragraph 60 of the FAC consist of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that TILA speak for itself as to its content. Paul Financial denies the remaining allegations set forth in the paragraph 60 of the FAC.

61. Paul Financial denies the allegations set forth in paragraph 61 of the FAC.

62. Paul Financial denies the allegations set forth in paragraph 62 of the FAC. In further answering, Paul Financial states that plaintiff's loan documents speak for themselves as to their content.

63. Paul Financial denies the allegations set forth in paragraph 63 of the FAC.

64. In answering the first sentence of paragraph 64 of the FAC, Paul Financial states that plaintiff's loan documents speak for themselves as to their content. Paul Financial denies the remaining allegations set forth in paragraph 64 of the FAC.

65. Paul Financial denies the allegations set forth in paragraph 65 of the FAC.

66. Paul Financial denies the allegations set forth in paragraph 66 of the FAC.

67. Paul Financial denies the allegations set forth in paragraph 67 of the FAC.

68. Paragraph 68 of the FAC consists of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that 12 C.F.R. § 226.19 speaks for itself as to its content.

69. Paragraph 69 of the FAC consists of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that TILA and its implementing regulations speak for themselves as to their content.

70. Paragraph 70 of the FAC consists of legal conclusions to which no response is required. Paul Financial further states that the Federal Reserve Board's Official Staff Commentary regarding TILA, including Regulation Z, Docket No. R-0863, speak for themselves as to their content.

71. Paragraph 71 of the FAC consists of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that TILA and its implementing regulations speak for themselves as to their content.

72. Paul Financial admits that it entered into an Option ARM loan transaction with plaintiff and further states that plaintiff's mortgage loan documents speak for themselves as to their content. Paul Financial denies the remaining allegations set forth in paragraph 72 of the FAC.

73. Paul Financial denies the allegations set forth in paragraph 73 of the FAC.

74. Paul Financial denies the allegations set forth in paragraph 74 of the FAC.

75. Paul Financial denies the allegations set forth in paragraph 75 of the FAC.

76. Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the FAC.

77. Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the FAC.

78. Paragraph 78 of the FAC consists of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that TILA and its implementing regulations speak for themselves as to their content.

79. Paragraph 79 of the FAC consists of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that TILA and its implementing regulations speak for themselves as to their content.

80. Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the FAC. To the extent a further response is required, Paul Financial states that TILA and its implementing regulations speak for themselves as to their content.

81. Paul Financial denies the allegations set forth in paragraph 81 of the FAC.

82. Paul Financial denies the allegations set forth in paragraph 82 of the FAC. In further answering, Paul Financial states that plaintiff's loan documents speak for themselves as to their content.

83. Paul Financial denies the allegations set forth in paragraph 83 of the FAC.

84. Paul Financial denies the allegations set forth in paragraph 84 of the FAC.

85. Paragraph 85 of the FAC consists of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that the Federal Reserve Board's Official Staff commentary to 12 C.F.R. § 226.17(C)(8) speaks for itself as to its content.

86. Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the FAC.

87. The first sentence of paragraph 87 of the FAC consists of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that TILA speaks for itself as to its content. As to the allegations in the second sentence of paragraph 87 of the FAC, Paul Financial admits that it entered into an Option ARM mortgage loan transaction with plaintiff and further states that plaintiff's mortgage loan documents speak for themselves as to their content. Paul Financial denies the remaining allegations set forth in paragraph 87 of the FAC.

88. Paul Financial denies the allegations set forth in paragraph 88 of the FAC.

89. Paul Financial denies that plaintiff is entitled to the requested relief set forth in paragraph 89 of the FAC.

### VII. SECOND CAUSE OF ACTION

90. Paul Financial incorporates by reference its responses to Paragraphs 1 through 89 of the FAC as if fully set forth herein.

1    91.    Paragraph 91 of the FAC consists of plaintiff's characterization of this action to which no response is required. To the extent that a further response is required, Paul Financial denies the allegations in paragraph 91 of the FAC.

92.    Paragraph 92 of the FAC consists of plaintiff's characterization of this action to which no response is required. To the extent that a further response is required, Paul Financial denies the allegations in paragraph 92 of the FAC.

93.    Paul Financial denies the allegations set forth in paragraph 93 of the FAC.

94.    Paul Financial denies the allegations set forth in paragraph 94 of the FAC.

95.    Paul Financial denies the allegations set forth in paragraph 95 of the FAC.

96.    Paul Financial denies the allegations set forth in paragraph 96 of the FAC.

97.    Paul Financial denies the allegations set forth in paragraph 97 of the FAC.

98.    Paul Financial denies that plaintiff is entitled to the requested relief set forth in paragraph 98 of the FAC.

99.    Paul Financial denies the allegations set forth in paragraph 99 of the FAC.

100.   Paul Financial denies the allegations set forth in paragraph 100 of the FAC.

101.   Paul Financial denies that plaintiff is entitled to the requested relief set forth in paragraph 101 of the FAC.

## VIII.    THIRD CAUSE OF ACTION

102.   Paul Financial incorporates by reference its responses to Paragraphs 1 through 101 of the FAC as if fully set forth herein.

103.   Paragraph 103 of the FAC consists of plaintiff's characterization of this action to which no response is required. To the extent that a further response is required, Paul Financial denies the allegations.

104.   Paragraph 104 of the FAC consists of plaintiff's characterization of this action to which no response is required. To the extent that a further response is required, Paul Financial denies the allegations in paragraph 104 of the FAC.

1   105.   Paragraph 105 of the FAC consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response is required, Paul Financial denies the allegations in paragraph 105 of the FAC.

106.   Paul Financial denies the allegations set forth in paragraph 106 of the FAC.

107.   Paul Financial denies the allegations set forth in paragraph 107 of the FAC.

108.   Paul Financial admits that plaintiff applied for a mortgage loan from Paul Financial.  Paul Financial denies the remaining allegations set forth in paragraph 108 of the FAC.

109.   Paul Financial denies the allegations set forth in paragraph 109 of the FAC.

110.   Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 110 of the FAC.  Paul Financial denies the remaining allegations set forth in paragraph 110 of the FAC.

111.   Paul Financial denies the allegations set forth in paragraph 111 of the FAC.

112.   Paul Financial denies the allegations set forth in paragraph 112 of the FAC.  In further answering paragraph 112, Paul Financial states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.

113.   Paul Financial denies the allegations set forth in paragraph 113 of the FAC.

114.   Paul Financial denies the allegations set forth in paragraph 114 of the FAC.

115.   Paul Financial denies the allegations set forth in paragraph 115 of the FAC.

116.   Paul Financial denies the allegations set forth in paragraph 116 of the FAC.

117.   Paul Financial denies the allegations set forth in paragraph 117 of the FAC.

118.   Paul Financial denies the allegations set forth in paragraph 118 of the FAC.

119.   Paul Financial denies that plaintiff is entitled to the requested relief set forth in paragraph 119 of the FAC.

120.   Paul Financial denies the allegations set forth in paragraph 120 of the FAC.

121.   Paul Financial denies the allegations set forth in paragraph 121 of the FAC.

122.   Paul Financial denies the allegations set forth in paragraph 122 of the FAC.

123.  Paul Financial denies that plaintiff is entitled to the requested relief set forth in paragraph 123 of the FAC.

### IX.  FOURTH CAUSE OF ACTION

124.  Paul Financial incorporates by reference its responses to Paragraphs 1 through 123 as if fully set forth herein.

125.  In answering paragraph 125 of the FAC, Paul Financial admits that it entered into a mortgage loan transaction with plaintiff and that plaintiff's loan documents speak for themselves as to their content.  Paul Financial denies the remaining allegations set forth in paragraph 125 of the FAC.

126.  In answering paragraph 126 of the FAC, Paul Financial states that plaintiff's loan documents speak for themselves as to their content.  Paul Financial admits that it provided plaintiff with certain disclosures in compliance with applicable law and otherwise denies the remaining allegations set forth in paragraph 126 of the FAC.

127.  Paul Financial denies the allegations set forth in paragraph 127 of the FAC.

128.  Paul Financial denies the allegations set forth in paragraph 128 of the FAC.

129.  Paul Financial denies the allegations set forth in paragraph 129 of the FAC.  In further answering, Paul Financial states that plaintiff's loan documents speak for themselves as to their content.

130.  Paul Financial denies the allegations set forth in paragraph 130 of the FAC.

131.  Paul Financial denies the allegations set forth in paragraph 131 of the FAC.

132.  Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 132 of the FAC.

133.  Paul Financial denies the allegations set forth in paragraph 133 of the FAC.

134.  Paul Financial denies the allegations set forth in paragraph 134 of the FAC.

135.  Paul Financial denies that plaintiff is entitled to the requested relief set forth in paragraph 135 of the FAC.

## X. FIFTH CAUSE OF ACTION

136. Paul Financial incorporates by reference its responses to Paragraphs 1 through 135 as if fully set forth herein.

137. Paul Financial denies the allegations set forth in paragraph 137 of the FAC.

138. Paul Financial denies the allegations set forth in paragraph 138 of the FAC.

139. Paul Financial denies the allegations set forth in paragraph 139 of the FAC. In further answering, Paul Financial states that the terms of plaintiff's mortgage note speak for themselves as to their content.

140. Paul Financial denies the allegations set forth in paragraph 140 of the FAC. In further answering, Paul Financial states that plaintiff's loan documents speak for themselves as to their content.

141. Paul Financial denies the allegations set forth in paragraph 141 of the FAC.

142. Paul Financial denies the allegations set forth in paragraph 142 of the FAC.

143. Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 143 of the FAC.

144. Paul Financial denies the allegations set forth in paragraph 144 of the FAC.

145. Paul Financial denies the allegations set forth in paragraph 145 of the FAC.

146. Paul Financial denies the allegations set forth in paragraph 146 of the FAC.

147. Paul Financial denies the allegations set forth in paragraph 147 of the FAC.

148. Paul Financial denies the allegations set forth in paragraph 148 of the FAC.

149. Paul Financial denies the allegations set forth in paragraph 149 of the FAC.

150. Paul Financial denies the allegations set forth in paragraph 150 of the FAC.

151. Paul Financial denies that plaintiff is entitled to the requested relief set forth in paragraph 151 of the FAC.

## XI. SIXTH CAUSE OF ACTION

152. Paul Financial incorporates by reference its responses to Paragraphs 1 through 151 as if fully set forth herein.

153. Paragraph 153 of the FAC consists of plaintiff's characterization of this action to which no response is required. To the extent that a further response is required, Paul Financial denies the allegations in paragraph 153 of the FAC.

154. Paragraph 154 of the FAC consists of plaintiff's characterization of this action and legal conclusions to which no response is required. To the extent that a further response is required, Paul Financial denies the allegations in paragraph 154 of the FAC.

155. Paul Financial denies the allegations set forth in paragraph 155 of the FAC.

156. Paul Financial denies the allegations set forth in paragraph 156 of the FAC.

157. Paul Financial denies the allegations set forth in paragraph 157 of the FAC.

158. Paragraph 158 of the FAC consists of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial denies the allegations in paragraph 158 of the FAC.

159. Paul Financial denies the allegations set forth in paragraph 159 of the FAC.

160. Paul Financial denies the allegations set forth in paragraph 160 of the FAC.

161. Paul Financial denies the allegations set forth in paragraph 161 of the FAC.

162. Paul Financial denies the allegations set forth in paragraph 162 of the FAC.

163. Paul Financial denies the allegations set forth in paragraph 163 of the FAC.

164. Paul Financial denies the allegations set forth in paragraph 164 of the FAC.

165. Paul Financial denies the allegations set forth in paragraph 165 of the FAC.

166. Paul Financial denies the allegations set forth in paragraph 166 of the FAC.

167. Paul Financial denies that plaintiff is entitled to the requested relief set forth in paragraph 167 of the FAC.

168. Paul Financial denies the allegations set forth in paragraph 168 of the FAC.

169. Paul Financial denies the allegations set forth in paragraph 169 of the FAC.

170. Paul Financial denies that plaintiff is entitled to the requested relief set forth in paragraph 170 of the FAC.

**PRAYER FOR RELIEF**

Paul Financial denies that plaintiff is entitled to the requested relief.

**AFFIRMATIVE DEFENSES**

First Defense

The FAC fails to state a claim upon which relief can be granted against Paul Financial.

Second Defense

Plaintiff's claims against Paul Financial under the Truth in Lending Act are barred by TILA's statute of limitations. Plaintiff's remaining claims are otherwise barred by the applicable statutes of limitation and by the application of the doctrine of laches.

Third Defense

Plaintiff lacks standing to assert any claims against Paul Financial.

Fourth Defense

Plaintiff's claims, including the claims of the putative class, are barred by the doctrines of waiver, estoppel, release, and ratification.

Fifth Defense

Plaintiff's claims, including the claims of the putative class, are barred by the voluntary payment doctrine.

Sixth Defense

Plaintiff's claims are barred or limited by the application of the doctrine of failure to mitigate damages.

Seventh Defense

Any damages were the result of acts or omissions on the part of plaintiff and the members of the putative class or a third party for which Paul Financial is not responsible.

Eighth Defense

Plaintiff's claims are barred by the doctrine of equitable subrogation and by the application of the doctrine of unclean hands.

Ninth Defense

Plaintiff's claims are barred by the applicable Statute of Frauds and/or the parol evidence rule.

Tenth Defense

Any claims by plaintiff under the federal Truth in Lending Act, 15 U.S.C. §§ 1635, *et seq.*, are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations, or interpretations of the Federal Reserve Board.

Eleventh Defense

Any claims by plaintiff under the federal Truth in Lending Act, 15 U.S.C. §§ 1635, *et seq.*, are barred to the extent that the alleged violations were not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures to avoid such error.

Twelfth Defense

Paul Financial is not liable for any claims by plaintiff because Paul Financial's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

Thirteenth Defense

In connection with plaintiff's mortgage loan transaction, Paul Financial did not use unlawful, unfair or deceptive business practices within the meaning of California's Unfair Business Practices Act and did not otherwise conceal or fail to inform plaintiff of any material facts in violation of the Unfair Business Practices Act.  Bus. & Prof. Code §§ 17200, *et seq.*

Fourteenth Defense

Paul Financial hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserve its right to amend the Answer and assert such defenses.

WHEREFORE, defendant Paul Financial LLC respectfully requests that the Court:

  i. Enter a judgment in its favor on all counts of the First Amended Complaint;

  ii. Dismiss the First Amended Complaint with prejudice;

1       iii. Award Paul Financial its costs and expenses, including attorneys' fees incurred in this action; and

      iv. Grant such other relief as the Court deems just and proper.

                                                                KIRKPATRICK & LOCKHART
                                                                PRESTON GATES ELLIS LLP

Dated: December 6, 2007                 By:   /s/ Irene C. Freidel
                                                                  Matthew G. Ball
                                                                   Irene C. Freidel
                                                                   Phoebe S. Winder

                                                                   Attorneys for Defendant Paul Financial LLC