1  David M. Arbogast (SBN 167571)
   David@SpiroMoss.com
2  Ira Spiro (SBN 67641)
   Ira@SpiroMoss.com
3  **SPIRO MOSS BARNESS LLP**
   11377 W. Olympic Boulevard, Fifth Floor
4  Los Angeles, CA 90064-1683
   Phone: (310) 235-2468; Fax:    (310) 235-2456
5
   Jonathan Shub (SBN 237708)
6  jshub@seegerweiss.com
   **SEEGER WEISS LLP**
7  1515 Market Street, Suite 1380
   Philadelphia, PA 19107
8  Phone: (215) 564-2300; Fax (215) 851-8029

9  *Attorneys for Plaintiff*

10

11 MATTHEW G. BALL (SBN No. 208881)
   KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
   55 Second Street, Suite 1700
12 San Francisco, California  94105-3493
   Telephone:(415) 882-8200
13 Facsimile: (415) 882-8220

14 IRENE C. FREIDEL
   PHOEBE S. WINDER
15 KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
   One Lincoln Street
16 Boston, MA  02111
   Telephone:(617) 261-3100
17 Facsimile: (617) 261-3175

18 *Attorneys for Defendant*

19
20                    UNITED STATES DISTRICT COURT
21      NORTHERN DISTRICT OF CALIFORNIA ó SAN JOSE DIVISION

| | |
|---|---|
| GREGORY M. JORDAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL FINANCIAL, LLC and DOES 1 through 10 inclusive.;<br><br>Defendants. | Case No.:  CV 07-O4496 JL<br><br>CLASS ACTION<br><br>**Joint Rule 26(f) Report**<br><br>Action Filed |

Following a conference of counsel on January 4, 2008, Plaintiff, Gregory M. Jordan ("Plaintiff") and Defendant, Paul Financial ("Defendant") submit this written report pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16-9. Where appropriate, the parties incorporate by reference herein the Joint Case Management Statement (the "CMS").

I. **FACTUAL SUMMARY OR ANALYSIS OF THE CASE**

   A. **PLAINTIFF'S STATEMENT.**

   Plaintiff incorporates by reference his statement in paragraph 2 of the CMS.

   B. **DEFENDANT'S STATEMENT.**

   Defendant denies that it is liable to plaintiff in any respect. The bulk of Plaintiff's causes of action fail to state a claim upon which relief can be granted. For this reason, Plaintiff's UCL/TILA claims, breach of contract, implied covenant, UCL/unconscionability, and declaratory judgment claims of the FAC should be dismissed in their entirety. Plaintiff's TILA claim should be dismissed to the extent it seeks civil damages; and, as to Plaintiff's remaining individual claims, Plaintiff's claims and allegations that Defendant committed a violation of TILA entitling Plaintiff to rescission or that Defendant otherwise violated the UCL are without merit. The terms of Plaintiff's loan were properly disclosed to Plaintiff and Plaintiff knowingly and voluntarily agreed to the terms. Plaintiff thus cannot establish liability or damages, and his claims are without merit.

   With respect to Plaintiff's class allegations, Defendant specifically denies that class certification is required or appropriate in this case. Further, Plaintiff's putative class claims and allegations for TILA rescission should be stricken because TILA rescission is not available as a remedy in a class action as a matter of law.

## II. REPORT ON FED. R. CIV. P. 26(F) ISSUES.

### A. INITIAL DISCLOSURES.

The parties have agreed that initial disclosures will be exchanged pursuant to Fed. R. Civ. P. 26(a)(1) within the time prescribed in this Court's Scheduling Order.

### B. DISCOVERY NEEDED.

Plaintiff will be seeking discovery related to Defendant's conduct in connection with the formulation, development, implementation and marketing of adjustable rate mortgages and home equity loans. Paul Financial will be seeking discovery related to the merits of Plaintiff's individual claim and his adequacy to serve as a representative of the putative class. The parties further agree that initial discovery should be directed to class certification issues, but acknowledge the potential for overlap between discovery related to class certification and that related to the merits. To the extent that the parties disagree regarding the scope of discovery in the pre-certification phase of the case, they will seek additional guidance from the court.

### C. DISCOVERY OF ELECTRONICALLY STORED INFORMATION.

The parties have not yet met and conferred regarding the production of Electronically Stored Information in accordance with the Federal Rules of Civil Procedure, but will do so shortly.

### D. PRIVILEGE OR WORK PRODUCT ISSUES.

At present, the parties are not aware of any issues relating to claims of privilege or work product. To the extent such issues arise in the future, the parties will confer to address them and, if necessary, bring them to the attention of the Court.

- 3 -
JOINT RULE 26(f) REPORT
CASE NO.: C 07 04496 JL

E.   **LIMITATIONS ON DISCOVERY**.

Plaintiff requests permission to take a maximum of 20 fact witness depositions pursuant to Fed. R. Civ. P. 30(a)(2). Plaintiff requests that the parties be permitted to serve 75 interrogatories.

Defendant believes that the discovery limitations requested by Plaintiff are excessive and unjustified and that the limitations in the Federal Rules of Civil Procedure should govern discovery in this case.

F.  **OTHER DISCOVERY DEADLINES**

The parties propose the following pre-trial schedule:

| Pretrial or Trial Event | Plaintiff's Requested Deadline | Defendant's Requested Deadline |
|---|---|---|
| Deadline to Amend Pleadings | May 23, 2008 | |
| Motion For Class Certification | August 6, 2008 | |
| Non-Expert Discovery Cut-Off Date | February 1, 2009 | Defendant proposes a case management conference occur 30 days after the Court issues its decision regarding the Plaintifføs motion for class certification and that at that time, the Court set any remaining case deadlines, as warranted. |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | April 1, 2009 | See above. |

| Pretrial or Trial Event | Plaintiff's Requested Deadline | Defendant's Requested Deadline |
|---|---|---|
| Rebuttal Expert Witness Disclosure | May 1, 2009 | See above. |
| Expert Discovery Cut-Off Date | June 22, 2009 | See above. |
| Dispositive Motions Due | July 22, 2009 | See above. |
| Parties to meet and confer to prepare joint final pretrial conference statement and proposed order and coordinated submission of trial exhibits and other material | Parties meet and confer following resolution of class certification motion | |
| Filing Joint Pretrial Conference Statement and Proposed Order | Parties meet and confer following resolution of class certification motion | |
| Lodging exhibits and other trial materials | Parties meet and confer following resolution of class certification motion | |
| Last day to serve and file briefs on disputed issues of law, including procedural and evidentiary issues | Parties meet and confer following resolution of class certification motion | |
| Serve and file requested *voir dire*, jury instructions and forms of verdict | Parties meet and confer following resolution of class certification motion | |
| Serve and file statements designating deposition excerpts, form interrogatory answers and responses to requests for admission to be offered at trial other than for impeachment or rebuttal | Parties meet and confer following resolution of class certification motion | |
| Last day to meet and confer regarding objections to evidence | Parties meet and confer following resolution of class certification motion | |

| Pretrial or Trial Event | Plaintiff's Requested Deadline | Defendant's Requested Deadline |
|---|---|---|
| Final Pretrial Conference and Hearing on Motions in Limine | Parties meet and confer following resolution of class certification motion | |
| Trial Date | Parties meet and confer following resolution of class certification motion | |

G. **OTHER ORDERS**.

At present, the parties do not propose that this Court enter any other orders under Fed. R. Civ. P. 16 or 26(c). The parties expect that a confidentiality order may be appropriate. If the need for a confidentiality order arises, the parties intend to file an appropriate motion seeking its entry.

DATED: January 22, 2008

Respectfully submitted,

GREGORY M. JORDAN
By his attorneys,

/s/ Jonathan Shub
SEEGER WEISS LLP
Jonathan Shub (SBN 237708)
1515 Market Street, Suite 1380
Philadelphia, PA 19102
Telephone: 215.564.2300
Facsimile: 215.851.8029

KIESEL BOUCHER LARSON LLP
Paul R. Kiesel (SBN 119854)
Patrick De Blasé (SBN 167138)
Michael C. Eyerly (SBN 178693)
8648 Wilshire Blvd.
Beverly Hills, CA 90211
Telephone: 310.854.4444
Facsimile: 310.854.0812

David M. Arbogast (SBN 167571)
David@SpiroMoss.com
Ira Spiro (SBN 67641)
Ira@SpiroMoss.com
SPIRO MOSS BARNESS LLP

|   |   |   |
|---|---|---|
| 1 |   | 11377 W. Olympic Boulevard, Fifth Floor |
| 2 |   | Los Angeles, CA 90064-1683<br>Phone: (310) 235-2468; Fax: (310) 235-2456 |
| 3 |   |   |
| 4 |   | LAW OFFICES OF JEFFREY K. BERNS<br>Jeffrey K. Berns (SBN 131351) |
| 5 |   | 19510 Ventura Blvd., Suite 200<br>Tarzana, CA 91356 |
| 6 |   | Telephone: 818.961.2000<br>Facsimile: 818.867.4820 |
| 7 | DATED: January 22, 2008 | PAUL FINANCIAL LLC. |
| 8 |   | By its attorneys, |
| 9 |   | /s/ Matthew Ball |
| 10 |   | MATTHEW G. BALL (SBN NO. 208881)<br>KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP |
| 11 |   | 55 Second Street, Suite 1700 |
| 12 |   | San Francisco, California 94105-3493<br>Telephone:(415) 882-8200<br>Facsimile: (415) 882-8220 |
| 13 |   |   |
| 14 |   | IRENE C. FREIDEL<br>PHOEBE S. WINDER |
| 15 |   | KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP |
| 16 |   | One Lincoln Street<br>Boston, MA 02111 |
| 17 |   | Telephone:(617) 261-3100<br>Facsimile: (617) 261-3175 |
| 18 |   |   |
| 19 |   |   |
| 20 |   | ***Attorneys for Defendant*** |