1  David M. Arbogast (SBN 167571)
   David@SpiroMoss.com
2  Ira Spiro (SBN 67641)
   Ira@SpiroMoss.com
3  **SPIRO MOSS BARNESS LLP**
   11377 W. Olympic Boulevard, Fifth Floor
4  Los Angeles, CA 90064-1683
   Phone: (310) 235-2468; Fax:    (310) 235-2456
5
   Jonathan Shub (SBN 237708)
6  jshub@seegerweiss.com
   **SEEGER WEISS LLP**
7  1515 Market Street, Suite 1380
   Philadelphia, PA 19107
8  Phone: (215) 564-2300; Fax (215) 851-8029
   *Attorneys for Plaintiff*
9
   MATTHEW G. BALL (SBN No. 208881)
10 KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
   55 Second Street, Suite 1700
11 San Francisco, California  94105-3493
   Telephone:(415) 882-8200
12 Facsimile: (415) 882-8220

13 IRENE C. FREIDEL
   PHOEBE S. WINDER
14 KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
   One Lincoln Street
15 Boston, MA  02111
   Telephone:(617) 261-3100
16 Facsimile: (617) 261-3175
   *Attorneys for Defendant*

17
18              UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

19 | | |
|---|---|
| GREGORY M. JORDAN, on behalf of himself and others similarly situated, | Case No.:  CV 07-O4496 JL |
| | CLASS ACTION |
| Plaintiff, | |
| vs. | **JOINT CASE MANAGEMENT STATEMENT** |
| PAUL FINANCIAL, LLC and DOES 1 through 10 inclusive.; | Action Filed |
| Defendants. | |

CASE MANAGEMENT STATEMENT

Following a conference of counsel on January 4, 2008, Plaintiff, Gregory M. Jordan ("Plaintiff") and Defendant, Paul Financial ("Defendant") submit this written report pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16-9.

## INTRODUCTORY STATEMENT

1. Jurisdiction and Service:

This is a putative class action. Plaintiff filed his First Amended Complaint ("FAC") on October 11, 2007. The FAC asserts six causes of action and seeks a variety of legal remedies. There are two contract causes of action: breach of contract (Count 4) and breach of the implied covenant (Count 5). The Unfair Competition Law, Business and Professions Code § 17200 *et seq.*, is the basis for three causes of action (Counts 2, 3 and 6). The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, is the basis for an additional cause of action (Count 1).

On December 6, 2008, Defendant filed an Answer and asserted various affirmative defenses to Plaintiff's FAC.

2. Facts

**A.    PLAINTIFF'S STATEMENT.**

Plaintiff, individually and on behalf of class members, alleges Defendants failed to make adequate disclosures in violation of TILA in connection with the Option ARM home loan Defendants sold to Plaintiffs and other California consumers. Plaintiff alleges that these Option ARM loans and the documents Defendants used to sell them violate TILA. Plaintiff contends that TILA requires all lenders, including Defendants, to make certain disclosures to borrowers concerning

the terms and conditions of their home loans in a clear and conspicuous manner. Plaintiff alleges that Defendants failed to clearly and conspicuously disclose, in their loan documents and in the federally required TILA disclosure statements: (i) the actual interest rate Defendants charged Plaintiff and consumers on their loans; (ii) the payments on the notes at the initial low interest rate absolutely would result in negative amortization and that the principal balance absolutely would increase as a result; and (iii) that the initial interest rate provided was discounted and does not reflect the actual interest that Plaintiff, and others, were paying on the loans. Plaintiff seeks the right of rescission, individually and on behalf of the Class, under TILA, as well as damages.

Plaintiff further alleges that Defendants violated California's UCL. Plaintiff has alleged three separate causes of action for violations of the UCL (Cal. Bus. & Prof. Code §17200, *et seq*.) One UCL cause of action is premised on the "unlawful" prong of the UCL and is predicated solely on Defendant's failure to comply with TILA. Another UCL cause of action is premised on the "unfair" and "fraudulent" prongs of Plaintiff's UCL; it is based on allegations that Defendant sold deceptive financial products to consumers. The final UCL cause of action is based on contract law principles. Plaintiff alleges that the loan agreements, which are the subject of this action, are unconscionable and are therefore in violation of Financial Code § 22302 and the UCL. Plaintiffs seek restitution and equitable relief on these claims.

Lastly, Plaintiff alleges that the Defendant breached the express terms of the written contract entered by and between Plaintiff and Defendant by failing to apply any portion of Plaintiff's loan payments, which were based on the initial low interest rate, to reduce the principal balance on the loan. Defendant also failed to provide

the low interest rate to Plaintiff's loan in the manner agreed by the Parties. Plaintiff seeks damages and/or other equitable relief on these causes of action.

**B.     DEFENDANT'S STATEMENT.**

This case is one of many "Option ARM" TILA class actions pending in California against different defendants, but brought by the same plaintiffs' counsel. Paul Financial denies that it is liable to Plaintiff in any respect. The bulk of Plaintiff's causes of action fail to state a claim upon which relief can be granted. For this reason, Plaintiff's claims under the UCL/TILA, breach of contract, implied covenant, and UCL/unconscionability should be dismissed in their entirety. Also, Plaintiff's TILA claim should be dismissed as time-barred to the extent it seeks civil damages. Plaintiff's claims and allegations that Defendant committed a violation of TILA entitling Plaintiff to rescission or otherwise alleging that defendant violated the UCL are without merit. The terms of Plaintiff's loan were properly disclosed to Plaintiff and he knowingly and voluntarily agreed to the terms. Plaintiff thus cannot establish liability or damages, and his claims are without merit.

With respect to Plaintiff's class allegations, Paul Financial specifically denies that class certification is required or appropriate in this case. Further, Plaintiff's putative class claims and allegations for TILA rescission should be stricken because TILA rescission is not available in a class action as a matter of law.

3.     <u>Legal Issues</u>

These are several disputed points of law. These include: whether Defendant's acts and practices violate The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et*

*seq.*; whether Defendant's conduct violated TILA regulations, including 12 C.F.R. § 226.17 and 12 C.F.R. § 226.19; whether Defendant engaged in unfair business practices aimed at deceiving Plaintiff and the Class members before and during the loan application process; whether Defendant, by and through its officers, employees, and agents failed to disclose that the interest rate actually charged on these loans was higher than the rate represented and promised to Plaintiff and the Class members; whether Defendant, by and through its officers, employees and agents concealed, omitted and/or otherwise failed to disclose information they were mandated to disclose under TILA; and whether Defendants' action constitute violations of The Unfair Competition Law, Business and Professions Code § 17200 *et seq.*

Defendant Paul Financial incorporates its response to No. 2 above.

4. <u>Motions</u>

There are no pending motions. Plaintiff intends to file a Motion for Class Certification. Defendant intends to file a Motion for Summary Judgment.

5. <u>Amendment of Pleadings</u>

Plaintiff may amend the pleadings to name other entities in the loan "chain." Plaintiff proposes that the deadline for amending the pleadings shall be June 1, 2008.

6. <u>Evidence Preservation</u>

The parties have taken steps to ensure that relevant evidence is being preserved. Defendant has put a "litigation hold" in place to preserve relevant evidence.

7. <u>Disclosures</u>

The parties intend to fully comply with the timing and substantive initial disclosure requirements of Rule 26(f) of the Fed. R. Civ. P.

8. <u>Discovery</u>

There has been no discovery taken to date. The parties intend to focus their initial discovery efforts on issues directed toward class certification but acknowledge the potential for overlap between discovery related to class certification and that related to the merits. Plaintiff will be seeking discovery related to Defendant's conduct in connection with the formulation, development, implementation and marketing of adjustable rate mortgages and home equity loans. Defendant will be seeking discovery related to the merits of Plaintiff's individual claims and his adequacy to serve as a representative of the putative class.

9. <u>Class Actions</u>

The case is being brought under Fed. R. Civ. P. 23(a) and (b)(3). The classes are comprised of a California Class (All individuals who, within the four year period preceding the filing of Plaintiff's Complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendants on their primary residence

located in the State of California) and a National Class. (All individuals in the United States of America who, within the four year period preceding the filing of Plaintiff's complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendants on their primary residence located in the United States of America).

Plaintiff asserts that this action is maintainable as a class action because there are numerous class members, the claims are common and there are predominating issues of law and fact surrounding almost identical ARM loans. Defendant disagrees and states that the putative classes do not satisfy the requirements for certification under Rule 23(a) or (b)(3).

Plaintiff suggests that the class certification briefing commence 90 days from the date of the completion of the initial discovery focusing on class action issues.

10. Related Cases

The parties are not aware of any related cases.

11. Relief

Plaintiff seeks, on behalf of himself and the Class, actual damages, restitution, attorneys' fees, costs and pre and post judgment interest at an amount to determined at trial. The calculation of damages suffered by the Class as a whole will be the subject of expert testimony.

12. <u>Settlement and ADR</u>

The parties believe settlement is premature prior to completion of discovery related to class issues. There have been no ADR efforts to date. The parties have stipulated to an ADR process pursuant to L.R. 3-5.

13. <u>Consent to Magistrate Judge For All Purposes</u>

The parties do not consent to have a magistrate judge conduct all further proceedings.

14. <u>Other References</u>

The parties do not believe the case is suitable for other references.

15. <u>Narrowing of Issues</u>

The parties believe that the motion for class certification may serve to narrow the issues for trial. The parties do no believe that a request for bifurcation of issues, claims or defenses is plausible at this time.

16. <u>Expedited Schedule</u>

The parties do not believe this is an appropriate case for an expedited schedule.

17. <u>Scheduling</u>

The parties believe it is appropriate at this time to set forth dates for the class certification motion practice as a ruling on this motion will have a significant impact

on the scheduling of other events, including designation of experts, discovery cutoff, the type of dispositive motions, and the date for trial.

Accordingly, the parties propose that Plaintiff file his class certification motion and any supporting papers on or before September 15, 2008. Defendant shall file its opposition on November 5, 2008. Plaintiff shall file his reply November 26, 2008.

The parties propose that the Court conduct a case management conference after ruling on the motion for class certification.

18. <u>Trial</u>

The parties believe that a trial on the individual claims would last two to three days, while a class action jury trial would likely last two to three weeks.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

The parties have not yet completed the Certification of Interested Entities or Persons" required by L-R 3-16, but will do so shortly.

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | DATED: February 21, 2008 | Respectfully submitted, |
| 3 | | GREGORY M. JORDAN<br>By his attorneys, |

 /s/ Jonathan Shub
SEEGER WEISS LLP
Jonathan Shub (SBN 237708)
jshub@seegerweiss.com
1515 Market Street, Suite 1380
Philadelphia, PA 19102
Telephone: 215.564.2300
Fascimile: 215.851.8029

KIESEL BOUCHER LARSON LLP
Paul R. Kiesel (SBN 119854)
Patrick De Blasé (SBN 167138)
Michael C. Eyerly (SBN 178693)
8648 Wilshire Blvd.
Beverly Hills, CA 90211
Telephone: 310.854.4444
Facsimile: 310.854.0812

David M. Arbogast (SBN 167571)
David@SpiroMoss.com
Ira Spiro (SBN 67641)
Ira@SpiroMoss.com
SPIRO MOSS BARNESS LLP
11377 W. Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Phone: (310) 235-2468; Fax: (310) 235-2456

LAW OFFICES OF JEFFREY K. BERNS
Jeffrey K. Berns (SBN 131351)
19510 Ventura Blvd., Suite 200
Tarzana, CA 91356
Telephone: 818.961.2000
Facsimile: 818.867.4820

1
2
3  DATED:  February 21, 2008          PAUL FINANCIAL LLC.
4                                     By its attorneys,
5
                                       /s/ Matthew Ball
6                                     MATTHEW G. BALL (SBN NO. 208881)
                                      KIRKPATRICK & LOCKHART PRESTON GATES
7                                     ELLIS LLP
                                      55 Second Street, Suite 1700
8                                     San Francisco, California  94105-3493
                                      Telephone:(415) 882-8200
9                                     Facsimile: (415) 882-8220

10                                    IRENE C. FREIDEL
                                      PHOEBE S. WINDER
11                                    KIRKPATRICK & LOCKHART PRESTON GATES
                                      ELLIS LLP
12                                    One Lincoln Street
                                      Boston, MA  02111
13                                    Telephone:(617) 261-3100
                                      Facsimile: (617) 261-3175
14
15
16                                    ***Attorneys for Defendant***
17
18
19
20
21
22
23
24
25
26
27
28

CASE MANAGEMENT STATEMENT                                 Case No:
                                                          CV 07-O4496 JL