1   David M. Arbogast (SBN 167571)
    darbogast@law111.com
2   Jeffrey K. Berns, Esq. (SBN 131351)
    jberns@jeffbernslaw.com
3   **ARBOGAST & BERNS LLP**
    19510 Ventura Boulevard, Suite 200
4   Tarzana, California 91356
    Phone: (818) 961-2000; Fax: (310) 861-1775
5

6   Paul R. Kiesel, Esq. (SBN 119854)
    kiesel@kbla.com
7   Patrick DeBlase, Esq. (SBN 167138)
    deblase@kbla.com
8   Michael C. Eyerly, Esq. (SBN 178693)
    eyerly@kbla.com
9   **KIESEL BOUCHER LARSON LLP**
    8648 Wilshire Boulevard
10  Beverly Hills, California 90211
    Phone:  (310) 854-4444; Fax: (310) 854-0812

11  [*Additional counsel listed on signature page*]

12  Attorneys for Plaintiff and all others Similarly Situated

13

14              **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16

17  GREGORY M. JORDAN, individually and on      ) **CASE NO. C-07-04496-SI**
    behalf of all others similarly situated,    )
18                                              ) CLASS ACTION
                                                )
19                     Plaintiff,               ) [*Assigned to the Hon. Susan Illston*]
                                                )
20        v.                                    )
                                                ) **STIPULATED PROTECTIVE ORDER**
21                                              )
    PAUL FINANCIAL, LLC, and DOES 1             )
22  through 10 inclusive,                       )
                                                )
23                     Defendants.              )
                                                )
24                                              )
                                                )
25                                              ) Complaint Filed: August 29, 2007
                                                ) Trial Date: Not set yet.
26  _____ )

27

28

1      **1.    PURPOSES AND LIMITATIONS**

2          Disclosure and discovery activity in this action are likely to involve production of confidential,

3    proprietary, or private information for which special protection from public disclosure and from use for

4    any purpose other than litigating action would be warranted.  Accordingly, the parties hereby stipulate to

5    and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that

6    this Order does not confer blanket protections on all disclosures or responses to discovery and that the

7    protection it affords extends only to the information or items that are entitled under the applicable legal

8    principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10,

9    below, that this Stipulated Protective Order creates no entitlement to file confidential information under

10   seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

11   that will be applied when a party seeks permission from the court to file material under seal.

12     **2.    DEFINITIONS**

13         2.1    <u>Party</u>:  any party to this action, including all of its officers, directors, employees,

14   consultants, retained experts, and outside counsel (and their support staff).

15         2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or

16   manner generated, stored, or maintained (including, among other things, testimony, transcripts, or

17   tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

18         2.3    <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored, or

19   maintained) or tangible things that qualify for protection under standards developed under F.R.Civ. P.

20   26(c).

21         2.4    <u>Private Consumer Information</u>:  Borrower-specific information, including private

22   consumer information that contains identifying, contact or private financial information provided by a

23   consumer to a financial institution, resulting from any transaction with the consumer or any service

24   performed for the consumer, or otherwise obtained by the financial institution, including any list,

25   description, or other grouping of consumers (and publicly available information pertaining to them) that

26   is derived using any nonpublic personal information, including any "nonpublic personal information"

27   such as identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq.

28   / / /

STIPULATED PROTECTIVE ORDER - C-07-04496-SI

2.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential."

2.9    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    <u>House Counsel</u>:  attorneys who are employees of a Party.

2.11    <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as well as their support staffs).

2.12    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) to a Party and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

/ / /

1   **4.    DURATION**

2         Even after the termination of this litigation, the confidentiality obligations imposed by this Order

3   shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise

4   directs.

5   **5.    DESIGNATING PROTECTED MATERIAL**

6         5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or

7   non-party that designates information or items for protection under this Order must take care to limit any

8   such designation to specific material that qualifies under the appropriate standards.  A Designating Party

9   must take care to designate for protection only those parts of material, documents, items, or oral or

10  written communications that qualify – so that other portions of the material, documents, items, or

11  communications for which protection is not warranted are not swept unjustifiably within the ambit of

12  this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

13  to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily

14  encumber or retard the case development process, or to impose unnecessary expenses and burdens on

15  other parties), expose the Designating Party to sanctions.  If it comes to a Party's or a non-party's

16  attention that information or items that it designated for protection do not qualify for protection at all, or

17  do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify

18  all other parties that it is withdrawing the mistaken designation.

19        5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see,

20  e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that

21  qualifies for protection under this Order must be clearly so designated before the material is disclosed or

22  produced.  Nothing in this Order concerning designation for protection, however, shall be interpreted as

23  controlling the form of production of any material by any Party or non-Party.

24        Designation in conformity with this Order requires:

25        (a)  <u>for information in documentary form</u> (apart from transcripts of depositions or other

26  pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page

27  that contains protected material.  If only a portion or portions of the material on a page qualifies for

28  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

-4-

1  appropriate markings in the margins).  A Party or non-party that makes original documents or materials

2  available for inspection need not designate them for protection until after the inspecting Party has

3  indicated which material it would like copied and produced.  During the inspection and before the

4  designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."

5  After the inspecting Party has identified the documents it wants copied and produced, the Producing

6  Party must determine which documents, or portions thereof, qualify for protection under this Order,

7  then, before producing the specified documents, the Producing Party must affix the appropriate legend

8  ("CONFIDENTIAL"") on each page that contains Protected Material.  If only a portion or portions of

9  the material on a page qualifies for protection, the Producing Party also must clearly identify the

10  protected portion(s) (e.g., by making appropriate markings in the margins).

11            (b)  <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the

12  Party or non-party offering or sponsoring the testimony identify on the record, before the close of the

13  deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the

14  testimony that qualify as "CONFIDENTIAL."  When it is impractical to identify separately each portion

15  of testimony that is entitled to protection, and when it appears that substantial portions of the testimony

16  may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may

17  invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days

18  from the date of counsel's receipt of the transcript to identify the specific portions of the testimony as to

19  which protection is sought.  Only those portions of the testimony that are appropriately designated for

20  protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

21  Transcript pages containing Protected Material must be separately bound by the court reporter, who

22  must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or

23  nonparty offering or sponsoring the witness or presenting the testimony.

24            (c)  <u>for information produced in some form other than documentary, and for any other</u>

25  <u>tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or

26  containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of

27  the information or item warrant protection, the Producing Party, to the extent practicable, shall identify

28  the protected portions.

STIPULATED PROTECTIVE ORDER - C-07-04496-SI

1    5.3    <u>Inadvertent Failures to Designate</u>.  If any Confidential Material is inadvertently provided

2    to a discovering party without being marked as confidential in accordance with this Order, the producing

3    party may thereafter designate such materials as confidential and the initial failure to so mark the

4    material shall not be deemed a waiver of its confidentiality.

5    If a party inadvertently produces information that it later discovers, or in good faith later asserts,

6    to be privileged or otherwise protected from disclosure, the production of that information will not be

7    presumed to constitute a waiver of any applicable privileges or other protections.  In these

8    circumstances, the producing party must immediately notify all parties in writing of the inadvertent

9    production and the basis for the privilege or other protection from production, and request in writing the

10    return or confirmed destruction of the privileged or protected information.  Within five days of receiving

11    such notification, and in compliance with the receiving parties' ethical obligations under the law, all

12    receiving parties who have not already reviewed such materials or who have reviewed the materials but

13    do not contest the applicability of the privilege asserted must return or confirm destruction of all such

14    materials, including copies and/or summaries thereof.  However, should a receiving party contest the

15    applicability of a privilege asserted with respect to an inadvertently produced document which the

16    receiving party has already reviewed, the receiving party may temporarily retain the document or

17    documents at issue for the sole purpose of contesting the applicability of the privilege asserted.  Within

18    two (2) business days of the issuance of a court order deeming the contested documents at issue

19    privileged, however, the receiving party must return or confirm destruction of all such materials,

20    including copies and/or summaries thereof.

21    **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

22    6.1    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's

23    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

24    economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its

25    right to challenge a confidentiality designation by electing not to mount a challenge promptly after the

26    original designation is disclosed.

27    / / /

28    / / /

6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

/ / /

STIPULATED PROTECTIVE ORDER - C-07-04496-SI

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)  the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)  experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author of the document or the original source of the information.

7.3    <u>Use of "Private Consumer Information"</u>  All documents or materials that contain Private Consumer Information on the ground that said documents or materials pertain to borrower-specific information, including private consumer information that contains identifying, contact or private financial information provided by a consumer to a financial institution, resulting from any transaction with the consumer or any service performed for the consumer, or otherwise obtained by the financial institution, including any list, description, or other grouping of consumers (and publicly available

information pertaining to them) that is derived using any nonpublic personal information, including any "nonpublic personal information" such as identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq., shall not be disclosed or disseminated to the general public or used for any commercial, business or competitive purpose.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

1  such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached

2  hereto as Exhibit A.

3  **10.    FILING PROTECTED MATERIAL.**

4  Without written permission from the Designating Party or a court order secured after appropriate

5  notice to all interested persons, a Party may not file in the public record in this action any Protected

6  Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local

7  Rule 79-5.

8  **11.    FINAL DISPOSITION.**

9  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the

10  final termination of this action, each Receiving Party must return all Protected Material to the Producing

11  Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

12  summaries or any other form of reproducing or capturing any of the Protected Material. With permission

13  in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected

14  Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving

15  Party must submit a written certification to the Producing Party (and, if not the same person or entity, to

16  the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the

17  Protected Material that was returned or destroyed and that affirms that the Receiving Party has not

18  retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any

19  of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

20  copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work

21  product, even if such materials contain Protected Material.  Any such archival copies that contain or

22  constitute Protected Material remain subject to this Protective Order as set forth in Section 4

23  (DURATION), above.

24  **12.    MISCELLANEOUS**

25  12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its

26  modification by the Court in the future.

27  12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no

28  Party waives any right it otherwise would have to object to disclosing or producing any information or

-10-

1   item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any

2   right to object on any ground to use in evidence of any of the material covered by this Protective Order.

3   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4   DATED: May 7, 2008                              **ARBOGAST & BERNS LLP**

5
                                                    By:    _David M. Arbogast_____
6                                                          David M. Arbogast
                                                           19510 Ventura Boulevard, Suite 200
7                                                          Tarzana, California 91356
                                                           Phone: (818) 961-2000; Fax: (310) 861-1775
8
                                                    **KIESEL BOUCHER LARSON LLP**
9                                                   Paul R. Kiesel, Esq. (SBN 119854)
                                                    kiesel@kbla.com
10                                                  Patrick DeBlase, Esq. (SBN 167138)
                                                    deblase@kbla.com
11                                                  Michael C. Eyerly, Esq. (SBN 178693)
                                                    eyerly@kbla.com
12                                                  8648 Wilshire Boulevard
                                                    Beverly Hills, California 90211
13                                                  Phone:  (310) 854-4444; Fax: (310) 854-0812

14                                                  **SEEGER WEISS LLP**
                                                    Jonathan Shub (SBN 237708)
15                                                  jshub@seegerweiss.com
                                                    1515 Market Street, Suite 1380
16                                                  Philadelphia, PA 19107
                                                    Phone: (215) 564-2300; Fax (215) 851-8029
17
                                                    Attorney for Plaintiff GREGORY M.
18                                                  JORDAN and all others Similarly Situated

19
    DATED: May 7, 2008                              **KIRKPATRIC & LOCKHART PRESTON**
20                                                  **GATES ELLIS LLP**

21                                                  By:    _Irene C. Freidel_____
                                                           Irene C. Freidel (Admitted *Pro Hac Vice*)
22
                                                    Attorneys for Defendant
23                                                  PAUL FINANCIAL LLC

24

25  PURSUANT TO STIPULATION, IT IS SO ORDERED.

26

27  DATED: _____, 2008                      _____
                                                    Hon. Susan Illston
28                                                  United States District Judge

STIPULATED PROTECTIVE ORDER - C-07-04496-SI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED PROTECTIVE ORDER - C-07-04496-SI

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3          I, _____ [print or type full name], of _____ [print or

4    type full address], declare under penalty of perjury that I have read in its entirety and understand the

5    Stipulated Protective Order that was issued by the United States District Court for the Northern District

6    of California on _____ [date] in the case of <u>Gregory M. Jordan v. Paul Financial, LLC</u>, Case No.

7    C-07-04496-SI.  I agree to comply with and to be bound by all the terms of this Stipulated Protective

8    Order and I understand and acknowledge that failure to so comply could expose me to sanctions and

9    punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any

10   information or item that is subject to this Stipulated Protective Order to any person or entity except in

11   strict compliance with the provisions of this Order.

12         I further agree to submit to the jurisdiction of the United States District Court for the Northern

13   District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

14   such enforcement proceedings occur after termination of this action.

15         I hereby appoint _____ [print or type full name] of

16   _____ [print or type full address and telephone number]

17   as my California agent for service of process in connection with this action or any proceedings related to

18   enforcement of this Stipulated Protective Order.

19

20   Date: _____

21   City and State where sworn and signed: _____

22

23   Printed name: _____
                         [printed name]

24   Signature: _____
                         [signature]

25

26

27

28

-13-

STIPULATED PROTECTIVE ORDER - C-07-04496-SI