United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY M. JORDAN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PAUL FINANCIAL, LLC, et al.,

Defendants.

_______________________________________/

No. C 07-04496 SI

**ORDER RE: DISCOVERY**

Plaintiff Gregory Jordan has filed a letter brief asking the Court to compel defendant Paul Financial LLC to produce information and documents requested by plaintiff. Having considered the arguments of the parties and the papers submitted, the Court rules as follows.

Plaintiff's fifth interrogatory seeks the name and contact information of each putative class member to whom defendant sold an adjustable rate mortgage ("ARM") loan during the liability period. Defendant objects to the production of this information because the identities of the putative class members, as well as the information possessed by the class members, is not relevant to the question of class certification. Defendant also objects on the ground that the release of this information would violate the privacy rights of the putative class members. Without reaching the question of class members' privacy rights, the Court agrees with defendant that this discovery request will not assist plaintiff in meeting his burden of establishing that class certification is proper. Class certification raises structural questions about the nature of plaintiff's claim and the number of potential parties affected; information about individual class members will not help in this regard. To the extent plaintiff requires

information about the number of borrowers potentially affected by the practices about which plaintiff complains, the number of borrowers who received loan documents similar to the loan documents received by plaintiff, and the like, that information must be disclosed. But at this stage of the litigation, it simply is not necessary for defendant to produce the names and contact information of every putative class member. The Court therefore DENIES plaintiff's discovery request with regard to Interrogatory No. 5.

Next, plaintiff seeks the identity of all subsequent purchasers and assignees of ARM loans entered into between defendant and all putative class members. Plaintiff argues that this information is necessary because these third parties are potential defendants and because it may be necessary to contact them in order to preserve documents relevant to this litigation. Defendant objects, contending that this information is not relevant to class certification and is not necessary for the preservation of documents. Although the Court understands that the subsequent purchasers and assignees of the loans of every putative class member may well be liable under federal law if the class is certified, the Court does not find it necessary, at this time, for defendant to produce this information. The Court does not see how it would be relevant to the question of class certification. In addition, defendant has stated that all the relevant loan documents are in its possession and that it is preserving the information plaintiff needs. The Court therefore DENIES plaintiff's request without prejudice to reconsideration if it appears that (1) defendant does not have all the relevant loan documents in its possession or (2) that defendant will rely on the circumstances of the subsequent purchases or assignments of defendant's loans in its opposition to class certification.

Lastly, plaintiff seeks the following documents from defendant: five randomly-selected loan files for each subsequent purchaser or assignee of the loans at issue; a complete copy of each version of the loan documents defendant used during the liability period; and a copy of each of the loans defendant sold during the liability period. Defendant has agreed to provide a complete copy of each version of its loan documents during the relevant time period, as well as five redacted loan files for borrowers whose loans were assigned to Luminent Mortgage Capital, the entity that purchased plaintiff's own loan. The Court finds that this information is sufficient for purposes of class certification, because all plaintiff will need is a copy of each iteration of defendant's ARM loan documents. The Court does not see how

United States District Court
For the Northern District of California

knowledge of which specific type of document was attached to loans that were later acquired by particular purchasers or assignees will be relevant to class certification. Accordingly, the Court DENIES this discovery request.

**IT IS SO ORDERED.**

Dated: June 2, 2008

SUSAN ILLSTON
United States District Judge