1    MATTHEW G. BALL (SBN No. 208881)
     KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
2    55 Second Street, Suite 1700
     San Francisco, California  94105-3493
3    Telephone:   (415) 882-8200
     Facsimile:    (415) 882-8220
4
     IRENE C. FREIDEL (admitted *pro hac vice*)
5    PHOEBE S. WINDER (admitted *pro hac vice*)
     KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
6    State Street Financial Center
     One Lincoln Street
7    Boston, MA 02111
     Telephone: (617) 261-3100
8    Facsimile: (617) 261-3175
9    Attorneys for Defendant
     PAUL FINANCIAL LLC
10

11                    UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                      SAN FRANCISCO DIVISION

14   GREGORY M. JORDAN, individually and          Case No. CV07-04496 SI
     behalf of all others similarly situated,
15
                          Plaintiff,              **ANSWER OF DEFENDANT PAUL**
16                                                **FINANCIAL LLC TO SECOND AMENDED**
                                                  **CLASS ACTION COMPLAINT**
17   vs.

18   PAUL FINANCIAL LLC; and DOES 1 through       Assigned to the Honorable:
     10, inclusive,                               Judge Susan Illston
19
                          Defendants.
20

21                  **ANSWER OF DEFENDANT PAUL FINANCIAL LLC TO**
                    **SECOND AMENDED CLASS ACTION COMPLAINT**
22
             Defendant Paul Financial LLC ("Paul Financial"), by and through its attorneys, Kirkpatrick
23
     & Lockhart Preston Gates Ellis LLP, hereby answers the Second Amended Complaint ("SAC")
24
     brought by plaintiff Gregory M. Jordan ("plaintiff") on behalf of himself and a purported class of
25
     others similarly situated.  Paul Financial makes this Answer only on its own behalf.  To the extent
26
     that any allegation set forth in the SAC is addressed to any other defendant or any unidentified
27

28   ANSWER OF DEFENDANT PAUL FINANCIAL LLC              1        Case No. CV07-04496-SI
     TO SECOND AMENDED CLASS ACTION
     COMPLAINT

parties, Paul Financial is without knowledge or information sufficient to form a belief as to the truth of such allegation except as expressly stated below.

Except as expressly admitted or denied herein below, Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the SAC.

## I.    INTRODUCTION

1.    The allegations set forth in paragraph 1 of the SAC consist of plaintiff's characterization of this case to which no response is required. To the extent a further response is required, Paul Financial denies the allegations contained in paragraph 1 of the SAC.

## II.    THE PARTIES

2.    Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 2 of the SAC. Paul Financial admits that it entered into an Option ARM loan transaction with plaintiff on or about January 6, 2006, which loan was secured by real property. Paul Financial further states that the loan documents attached as Exhibit 1 to the SAC are not the final, signed copies of plaintiff's Adjustable Rate Note or Federal Truth-in-lending Disclosure. Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of the SAC.

3.    In response to the allegations in paragraph 3 of the SAC, Paul Financial denies that it is a California corporation. Paul Financial states that it is a Delaware limited liability company licensed to do business in certain states, including California. Paul Financial further admits that it has done business in California including in Alameda County, but that it is no longer engaging in new loan originations in California including in Alameda County. Paul Financial is without

**ANSWER OF DEFENDANT PAUL FINANCIAL LLC TO SECOND AMENDED CLASS ACTION COMPLAINT**                    Case No. CV07-04496-SI

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the SAC.

4.      Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 4 of the SAC.  Paul Financial admits that it sold Plaintiff's Option ARM loan to Luminent Mortgage Capital, Inc. ("Luminent") on or about January 24, 2006.  The allegations set forth in the third sentence of paragraph 4 of the SAC consist of legal conclusions to which no response is required.  Paul Financial admits that Luminent purchased certain Option ARM loans from Paul Financial.  Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the final sentence of paragraph 4 of the SAC.

5.      In response to the allegations set forth in paragraph 5 of the SAC, Paul Financial admits, upon information and belief, that plaintiff's Option ARM loan is held in mortgage-backed security pool Luminent Mortgage Trust 2006-2.  Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the SAC.

6.      In response to the allegations set forth in paragraph 6 of the SAC, Paul Financial admits, upon information and belief, that plaintiff's Option ARM loan is held in mortgage-backed security pool Luminent Mortgage Trust 2006-2 of which HSBC Bank National Association ("HSBC") is the trustee.  Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the SAC.

7.      The allegation set forth in paragraph 7 of the SAC requires no response from Paul Financial.  Paul Financial makes this Answer only on its own behalf.  To the extent that any allegation set forth in the SAC is addressed to any other defendant or any unidentified parties, Paul

Financial is without knowledge or information sufficient to form a belief as to the truth of such allegation except as expressly stated below.

8.    In response to the allegations set forth in paragraph 8 of the SAC, Paul Financial denies that it has conducted business "throughout the United States," but admits that it has entered into loan transactions secured by real property in Santa Clara County, California.  Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of the SAC.

9.    In response to the allegations set forth in paragraph 9 of the SAC, Paul Financial denies that it has conducted business "throughout the United States," but admits that it has entered into loan transactions secured by real property in Santa Clara County, California.  Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the SAC.

10.    Paul Financial denies the allegations set forth in paragraph 10 of the SAC.

11.    Paul Financial denies the allegations set forth in paragraph 11 of the SAC.

12.    Paul Financial denies the allegations set forth in paragraph 12 of the SAC.

13.    In response to the allegations set forth in paragraph 13 of the SAC, Paul Financial states that it is a limited liability company and that it has conducted business in the State of California.  Paul Financial denies the remaining allegations set forth in paragraph 13 of the SAC.

14.    Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the SAC.

15.    Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the SAC.

16.    Paul Financial denies the allegations set forth in paragraph 16 of the SAC.

## III.    JURISDICTION AND VENUE

17.    The allegations set forth in paragraph 17 of the SAC consist of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial does not object to the Court's exercise of subject matter jurisdiction over this action.

18.    The allegations set forth in paragraph 18 of the SAC consist of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial does not object to personal jurisdiction in this Court.

19.    The allegations set forth in paragraph 19 of the SAC consist of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial does not object to venue in this District.

## IV.    FACTS COMMON TO ALL CAUSES OF ACTION

20.    In response to the allegations in the first sentence of paragraph 20 of the SAC, Paul Financial admits that it has originated residential mortgage loans, including Option ARM loans. Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 20 of the SAC.  The allegations set forth in the second sentence of paragraph 20 of the SAC consists of plaintiff's characterization of this action to which no response is required.  Paul Financial admits that it sold plaintiff's Option ARM loan to Luminent on or about January 24, 2006.  Paul Financial further admits that plaintiff's Option ARM loan is currently held in mortgage-backed security pool Luminent Mortgage Trust 2006-2 of which HSBC is the trustee.

21.    Paul Financial denies the allegations set forth in paragraph 21 of the SAC.

22.    Paul Financial denies the allegations set forth in paragraph 22 of the SAC.

23.     In response to the allegations in the first sentence of paragraph 23 of the SAC, Paul Financial admits that it entered into Option ARM mortgage loan transactions with plaintiff and other borrowers.  Paul Financial denies the remaining allegations set forth in paragraph 23 of the SAC.

24.     Paul Financial denies the allegations set forth in the first and third sentences of paragraph 24 of the SAC.  The allegations set forth in the second sentence of paragraph 24 of the SAC consist of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial states that the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.*, ("TILA") speaks for itself as to its content.

25.     Paul Financial denies the allegations set forth in paragraph 25 of the SAC.

26.     Paul Financial denies the allegations set forth in paragraph 26 of the SAC.

27.     Paul Financial denies the allegations set forth in paragraph 27 of the SAC.

28.     Paul Financial denies the allegations set forth in paragraph 28 of the SAC.

29.     Paul Financial denies the allegations set forth in paragraph 29 of the SAC.

30.     Paul Financial denies the allegations set forth in paragraph 30 of the SAC.

31.     Paul Financial denies the allegations set forth in paragraph 31 of the SAC.

32.     Paul Financial denies the allegations set forth in paragraph 32 of the SAC.

33.     Paul Financial denies the allegations in paragraph 33 of the SAC, including in sub-parts (a) through (e) thereof.

34.     Paul Financial denies the allegations set forth in paragraph 34 of the SAC.

35.     Paul Financial denies the allegations set forth in paragraph 35 of the SAC.

36.     Paul Financial denies the allegations set forth in paragraph 36 of the SAC.

37.     In response to the allegations set forth in paragraph 37 of the SAC, Paul Financial states that the requirements of TILA speak for themselves as to their content.  Paul Financial is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 37 of the SAC.

38.     Paul Financial denies the allegations set forth in paragraph 38 of the SAC.

39.     Paul Financial denies the allegations set forth in paragraph 39 of the SAC.

40.     Paul Financial denies the allegations set forth in paragraph 40 of the SAC.

41.     In response to the allegations set forth in paragraph 41 of the SAC, Paul Financial states that the requirements of TILA speak for themselves as to their content.  Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 41 of the SAC.

42.     Paul Financial denies the allegations set forth in paragraph 42 of the SAC.

43.     Paul Financial denies the allegations set forth in paragraph 43 of the SAC.

44.     Paul Financial denies the allegations set forth in paragraph 44 of the SAC.

45.     Paul Financial denies the allegations set forth in paragraph 45 of the SAC.

46.     Paul Financial denies the allegations set forth in paragraph 46 of the SAC.

47.     Paul Financial denies the allegations set forth in paragraph 47 of the SAC.

48.     Paul Financial denies the allegations set forth in paragraph 48 of the SAC.

49.     Paul Financial denies the allegations set forth in paragraph 49 of the SAC.

## V.     CLASS ACTION ALLEGATIONS

50.     Paragraph 50 of the SAC consists of plaintiff's class definitions and legal conclusions to which no response is required.  To the extent that a further response may be required, Paul Financial denies the allegations in paragraph 50 of the SAC.

51.     Paul Financial denies the allegations set forth in paragraph 51 of the SAC.

52.     Paul Financial denies the allegations set forth in paragraph 52 of the SAC, including sub-paragraphs (a) through (o) set forth therein.

53.     Paul Financial denies the allegations set forth in paragraph 53 of the SAC.

54.     Paul Financial denies the allegations set forth in paragraph 54 of the SAC.

55.     Paul Financial denies the allegations set forth in paragraph 55 of the SAC.

56.     Paul Financial denies the allegations set forth in paragraph 56 of the SAC, including sub-paragraphs (a) through (c) set forth therein.

**VI.    FIRST CAUSE OF ACTION**

57.     Paragraph 57 of the SAC consists of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that TILA and its implementing regulations speak for themselves as to their content.

58.     Paragraph 58 of the SAC consists of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that TILA and its implementing regulations, including 12 C.F.R. § 226.17, speak for themselves as to their content.

59.     Paragraph 59 of the SAC consists of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that TILA and its implementing regulations, including 12 C.F.R. § 226.18, speak for themselves as to their content.

60.     Paragraph 60 of the SAC consists of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that TILA and its implementing regulations, including 12 C.F.R. § 226.18, speak for themselves as to their content.

61.     Paragraph 61 of the SAC consists of legal conclusions to which no response is required. To the extent a further response is required, Paul Financial states that TILA and its

implementing regulations, including 12 C.F.R. §§ 226.17 and 226.19, speak for themselves as to their content.

62.     Paragraph 62 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial states that TILA and its implementing regulations, including 12 C.F.R. § 226.17, speak for themselves as to their content.

63.     In answering paragraph 63, Paul Financial states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.  Paul Financial denies the remaining allegations set forth in paragraph 63 of the SAC.

64.     In answering paragraph 64, Paul Financial states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.  Paul Financial denies the remaining allegations set forth in paragraph 64 of the SAC.

65.     Paul Financial denies the allegations set forth in paragraph 65 of the SAC.

66.     Paul Financial denies the allegations set forth in paragraph 66 of the SAC.

67.     Paul Financial denies the allegations set forth in paragraph 67 of the SAC.

68.     Paragraph 68 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial states that TILA and its implementing regulations speak for themselves as to their content.

69.     Paul Financial denies the allegations set forth in paragraph 69 of the SAC.

70.     Paul Financial denies the allegations set forth in paragraph 70 of the SAC.

71.     Paul Financial denies the allegations set forth in paragraph 71 of the SAC.

72.     Paul Financial denies the allegations set forth in paragraph 72 of the SAC.

73.     Paul Financial denies the allegations set forth in paragraph 73 of the SAC.

74.     Paul Financial denies the allegations set forth in paragraph 74 of the SAC.

75.     Paul Financial denies the allegations set forth in paragraph 75 of the SAC.

76.     Paul Financial denies the allegations set forth in paragraph 76 of the SAC.

77.     Paul Financial denies the allegations set forth in paragraph 77 of the SAC.

78.     Paul Financial denies the allegations set forth in paragraph 78 of the SAC.

79.     Paragraph 79 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial states that TILA speaks for itself as to its content.

80.     Paul Financial denies the allegations set forth in paragraph 80 of the SAC.

81.     Paragraph 81 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial states that 12 C.F.R. § 226.19 speaks for itself as to its content.

82.     Paragraph 82 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial states that TILA and its implementing regulations speak for themselves as to their content.

83.     Paragraph 83 of the SAC consists of legal conclusions to which no response is required.  Paul Financial further states that the Federal Reserve Board's Official Staff Commentary regarding TILA, including Regulation Z, Docket No. R-0863, speaks for itself as to its content.

84.     Paragraph 84 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial states that TILA and its implementing regulations speak for themselves as to their content.

85.     Paul Financial admits that it entered into an Option ARM loan transaction with plaintiff and further states that plaintiff's mortgage loan documents speak for themselves as to their content.  Paul Financial denies the remaining allegations set forth in paragraph 85 of the SAC.

86.    Paul Financial denies the allegations set forth in paragraph 86 of the SAC.

87.    Paul Financial denies the allegations set forth in paragraph 87 of the SAC.

88.    Paul Financial denies the allegations set forth in paragraph 88 of the SAC.

89.    Paragraph 89 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial states that 12 C.F.R. § 226.17 speaks for itself as to its content.

90.    Paragraph 90 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial states that the Federal Reserve Board's Official Staff Commentary regarding TILA speaks for itself as to its content.

91.    Paragraph 91 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial states that the Federal Reserve Board's Official Staff Commentary regarding TILA speaks for itself as to its content.

92.    Paragraph 92 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial states that the Federal Reserve Board's Official Staff Commentary regarding TILA speaks for itself as to its content.

93.    Paul Financial denies the allegations set forth in paragraph 93 of the SAC.

94.    Paul Financial denies the allegations set forth in paragraph 94 of the SAC.

95.    Paul Financial denies the allegations set forth in paragraph 95 of the SAC.

96.    Paragraph 96 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial states that the Federal Reserve Board's Official Staff commentary to 12 C.F.R. § 226.17(C)(6) speaks for itself as to its content.

97.    Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the SAC.

98.     Paul Financial denies the allegations set forth in paragraph 98 of the SAC.

99.     Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the SAC.

100.    Paragraph 100 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial states that TILA and its implementing regulations speak for themselves as to their content.

101.    Paragraph 101 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial states that TILA and its implementing regulations speak for themselves as to their content.

102.    Paul Financial denies the allegations set forth in paragraph 102 of the SAC.  In further answering, Paul Financial states that plaintiff's loan documents speak for themselves as to their content.

103.    Paul Financial denies the allegations set forth in paragraph 103 of the SAC.  In further answering, Paul Financial states that plaintiff's loan documents speak for themselves as to their content.

104.    Paul Financial denies the allegations set forth in paragraph 104 of the SAC.

105.    Paul Financial denies the allegations set forth in paragraph 105 of the SAC.  In further answering, Paul Financial states that plaintiff's loan documents speak for themselves as to their content.

106.    Paul Financial denies the allegations set forth in paragraph 106 of the SAC.

107.    Paul Financial denies the allegations set forth in paragraph 107 of the SAC.

108.    Paul Financial admits that it entered into an Option ARM mortgage loan transaction with plaintiff and further states that plaintiff's mortgage loan documents speak for themselves as to

their content.  Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 108 of the SAC.

109.     Paragraph 109 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial states that the Federal Reserve Board's Official Staff Commentary regarding TILA speaks for itself as to its content.

110.     Paul Financial denies the allegations set forth in paragraph 110 of the SAC.

111.     Paul Financial denies the allegations set forth in paragraph 111 of the SAC.

112.     Paul Financial denies the allegations set forth in paragraph 112 of the SAC.

113.     Paul Financial denies the allegations set forth in paragraph 113 of the SAC.

114.     Paul Financial denies that plaintiff is entitled to the requested relief set forth in paragraph 114 of the SAC.

## VII.     SECOND CAUSE OF ACTION

115.     Paul Financial incorporates by reference its responses to Paragraphs 1 through 114 of the SAC as if fully set forth herein.

116.     Paragraph 116 of the SAC consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response is required, Paul Financial denies the allegations in paragraph 116 of the SAC.

117.     Paragraph 117 of the SAC consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response is required, Paul Financial denies the allegations in paragraph 117 of the SAC.

118.     Paul Financial denies the allegations set forth in paragraph 118 of the SAC.

119.     Paul Financial denies the allegations set forth in paragraph 119 of the SAC.

120.     Paul Financial denies the allegations set forth in paragraph 120 of the SAC.

121.    Paul Financial denies the allegations set forth in paragraph 121 of the SAC.

122.    Paul Financial denies the allegations set forth in paragraph 122 of the SAC.

123.    Paul Financial denies that plaintiff is entitled to the requested relief set forth in paragraph 123 of the SAC.

124.    Paul Financial denies the allegations set forth in paragraph 124 of the SAC.

125.    Paul Financial denies the allegations set forth in paragraph 125 of the SAC.

126.    Paul Financial denies that plaintiff is entitled to the requested relief set forth in paragraph 126 of the SAC.

### VIII.   THIRD CAUSE OF ACTION

127.    Paul Financial incorporates by reference its responses to Paragraphs 1 through 126 of the SAC as if fully set forth herein.

128.    Paragraph 128 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial states that TILA, its implementing regulations, and the Federal Reserve Board's Official Staff Commentary regarding TILA speak for themselves as to their content.

129.    Paragraph 129 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, Paul Financial denies the allegations set forth in paragraph 129 of the SAC.

130.    Paul Financial states that plaintiff's mortgage loan documents speak for themselves as to their content.  Paul Financial denies the remaining allegations set forth in paragraph 130 of the SAC.

131.    Paul Financial states that plaintiff's mortgage loan documents speak for themselves as to their content.  Paul Financial denies the remaining allegations set forth in paragraph 131 of the SAC.

132.    Paul Financial states that plaintiff's mortgage loan documents speak for themselves as to their content.  Paul Financial denies the remaining allegations set forth in paragraph 132 of the SAC.

133.    Paul Financial denies the allegations set forth in paragraph 133 of the SAC.

134.    Paul Financial denies the allegations set forth in paragraph 134 of the SAC.

135.    Paul Financial denies the allegations set forth in paragraph 135 of the SAC.

136.    Paul Financial denies the allegations set forth in paragraph 136 of the SAC.

137.    Paul Financial denies the allegations set forth in paragraph 137 of the SAC.

138.    Paul Financial denies the allegations set forth in paragraph 138 of the SAC.

139.    Paul Financial denies the allegations set forth in paragraph 139 of the SAC.

140.    Paul Financial denies the allegations set forth in paragraph 140 of the SAC.

141.    Paul Financial denies the allegations set forth in paragraph 141 of the SAC.

142.    Paul Financial denies that plaintiff is entitled to the requested relief set forth in paragraph 142 of the SAC.

## IX.    FOURTH CAUSE OF ACTION

143.    Paul Financial incorporates by reference its responses to Paragraphs 1 through 142 of the SAC as if fully set forth herein.

144.    Paragraph 144 of the SAC consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response is required, Paul Financial denies the allegations set forth in paragraph 145 of the SAC.

**ANSWER OF DEFENDANT PAUL FINANCIAL LLC TO SECOND AMENDED CLASS ACTION COMPLAINT**       15       Case No. CV07-04496-SI

145.    Paragraph 145 of the SAC consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response is required, Paul Financial denies the allegations set forth in paragraph 145 of the SAC.

146.    Paragraph 146 of the SAC consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response is required, Paul Financial denies the allegations set forth in paragraph 146 of the SAC.

147.    Paul Financial denies the allegations set forth in paragraph 147 of the SAC.

148.    Paul Financial denies the allegations set forth in paragraph 148 of the SAC.

149.    Paul Financial denies the allegations set forth in paragraph 149 of the SAC.

150.    Paul Financial denies the allegations set forth in paragraph 150 of the SAC.

151.    Paul Financial denies the allegations set forth in paragraph 151 of the SAC.

152.    Paul Financial denies the allegations set forth in paragraph 152 of the SAC.

153.    Paul Financial denies the allegations set forth in paragraph 153 of the SAC.  In further answering paragraph 153, Paul Financial states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.

154.    Paul Financial denies the allegations set forth in paragraph 154 of the SAC.

155.    Paul Financial denies the allegations set forth in paragraph 155 of the SAC.

156.    Paul Financial denies the allegations set forth in paragraph 156 of the SAC.

157.    Paul Financial denies the allegations set forth in paragraph 157 of the SAC.

158.    Paul Financial denies the allegations set forth in paragraph 158 of the SAC.

159.    Paul Financial denies the allegations set forth in paragraph 159 of the SAC.

160.    Paul Financial denies that plaintiff is entitled to the requested relief set forth in paragraph 160 of the SAC.

161.    Paul Financial denies the allegations set forth in paragraph 161 of the SAC.

162.    Paul Financial denies the allegations set forth in paragraph 162 of the SAC.

163.    Paul Financial denies the allegations set forth in paragraph 163 of the SAC.

164.    Paul Financial denies that plaintiff is entitled to the requested relief set forth in paragraph 164 of the SAC.

## X.    FIFTH CAUSE OF ACTION
(mistakenly labeled as "Fourth Cause of Action" in SAC)

165.    Paul Financial incorporates by reference its responses to Paragraphs 1 through 164 as if fully set forth herein.

166.    In answering the first sentence of paragraph 166 of the SAC, Paul Financial admits that it entered into a mortgage loan contract with plaintiff and that the contract speaks for itself as to its content.  Paul Financial admits the allegations in the third sentence of paragraph 166.  Paul Financial denies the remaining allegations set forth in paragraph 166 of the SAC.

167.    In answering paragraph 167 of the SAC, Paul Financial states that plaintiff's loan documents speak for themselves as to their content.  Paul Financial admits that it provided plaintiff with a Truth in Lending Disclosure statement as required by federal law.  Paul Financial denies the remaining allegations set forth in paragraph 167 of the SAC.

168.    Paul Financial denies the allegations set forth in paragraph 168 of the SAC.

169.    Paul Financial denies the allegations set forth in paragraph 169 of the SAC.

170.    Paul Financial denies the allegations set forth in paragraph 170 of the SAC.  In further answering, Paul Financial states that plaintiff's loan documents speak for themselves as to their content.

171.    Paul Financial denies the allegations set forth in paragraph 171 of the SAC.

172.    Paul Financial denies the allegations set forth in paragraph 172 of the SAC.

173.    Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 173 of the SAC.

174.    Paul Financial denies the allegations set forth in paragraph 174 of the SAC.

175.    Paul Financial denies the allegations set forth in paragraph 175 of the SAC.

176.    Paul Financial denies that plaintiff is entitled to the requested relief set forth in paragraph 176 of the SAC.

## XI.    SIXTH CAUSE OF ACTION

177.    Paul Financial incorporates by reference its responses to Paragraphs 1 through 176 as if fully set forth herein.

178.    Paul Financial denies the allegations set forth in paragraph 178 of the SAC.

179.    Paul Financial denies the allegations set forth in paragraph 179 of the SAC.

180.    Paul Financial denies the allegations set forth in paragraph 180 of the SAC.  In further answering, Paul Financial states that the terms of plaintiff's mortgage note speak for themselves as to their content.

181.    Paul Financial denies the allegations set forth in paragraph 181 of the SAC.  In further answering, Paul Financial states that plaintiff's loan documents speak for themselves as to their content.

182.    Paul Financial denies the allegations set forth in paragraph 182 of the SAC.

183.    Paul Financial denies the allegations set forth in paragraph 183 of the SAC.

184.    Paul Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 184 of the SAC.

185.    Paul Financial denies the allegations set forth in paragraph 185 of the SAC.

186.    Paul Financial denies the allegations set forth in paragraph 186 of the SAC.

187.    Paul Financial denies the allegations set forth in paragraph 187 of the SAC.

188.    Paul Financial denies the allegations set forth in paragraph 188 of the SAC.

189.    Paul Financial denies the allegations set forth in paragraph 189 of the SAC.

190.    Paul Financial denies the allegations set forth in paragraph 190 of the SAC.

191.    Paul Financial denies the allegations set forth in paragraph 191 of the SAC.

192.    Paul Financial denies that plaintiff is entitled to the requested relief set forth in paragraph 192 of the SAC.

## XII.    PRAYER FOR RELIEF

Paul Financial denies that plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

### First Defense

The SAC fails to state a claim upon which relief can be granted against Paul Financial.

### Second Defense

Plaintiff's claims against Paul Financial under the Truth in Lending Act are barred by TILA's statute of limitations.  Plaintiff's remaining claims are otherwise barred by the applicable statutes of limitation and by the application of the doctrine of laches.

### Third Defense

Plaintiff lacks standing to assert any claims against Paul Financial.

### Fourth Defense

Plaintiff's claims, including the claims of the putative class, are barred by the doctrines of waiver, estoppel, release, ratification, assumption of risk, and res judicata.

### Fifth Defense

Plaintiff's claims, including the claims of the putative class, are barred by the voluntary payment doctrine.

### Sixth Defense

Plaintiff's claims are barred or limited by the application of the doctrine of failure to mitigate damages.

### Seventh Defense

Plaintiff's claims are barred as a result of plaintiff's failure to join an indispensable party.

### Eighth Defense

Any damages were the result of acts or omissions on the part of plaintiff and the members of the putative class or a third party for which Paul Financial is not responsible.

### Ninth Defense

Plaintiff's claims are barred by the doctrine of equitable subrogation and by the application of the doctrine of unclean hands.

### Tenth Defense

Plaintiff's claims are barred by the applicable Statute of Frauds and/or the parol evidence rule.

### Eleventh Defense

Any claims by plaintiff under the federal Truth in Lending Act, 15 U.S.C. §§ 1635, *et seq.*, are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations, or interpretations of the Federal Reserve Board.

1

### Twelfth Defense

Any claims by plaintiff under the federal Truth in Lending Act, 15 U.S.C. §§ 1635, *et seq*., are barred to the extent that the alleged violations were not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures to avoid such error.

### Thirteenth Defense

Paul Financial is not liable for any claims by plaintiff because Paul Financial's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

### Fourteenth Defense

In connection with plaintiff's mortgage loan transaction, Paul Financial did not use unlawful, unfair or deceptive business practices within the meaning of California's Unfair Business Practices Act and did not otherwise conceal or fail to inform plaintiff of any material facts in violation of the Unfair Business Practices Act. Bus. & Prof. Code §§ 17200, *et seq*.

### Fifteenth Defense

Paul Financial hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserve its right to amend the Answer and assert such defenses.

WHEREFORE, defendant Paul Financial LLC respectfully requests that the Court:

    i.   Enter a judgment in its favor on all counts of the Second Amended Complaint;

    ii.  Dismiss the Second Amended Complaint with prejudice;

    iii. Award Paul Financial its costs and expenses, including attorneys' fees incurred in this action; and

    iv. Grant such other relief as the Court deems just and proper.

1

2

3                                              KIRKPATRICK & LOCKHART
                                               PRESTON GATES ELLIS LLP
4

5   Dated:  June 30, 2008            By:    _/s/ Irene C. Freidel_____
                                            Irene C. Freidel (*pro hac vice*)
6                                           KIRKPATRICK & LOCKHART
                                               PRESTON GATES ELLIS LLP
7                                           State Street Financial Center
                                            One Lincoln Street
8                                           Boston, Massachusetts 02111
                                            Telephone:  (617) 261-3100
9                                           Facsimile:  (617) 261-3175
                                            irene.freidel@klgates.com
10
                                            Matthew G. Ball (SBN No. 208881)
11                                          KIRKPATRICK & LOCKHART
                                               PRESTON GATES ELLIS LLP
12                                          55 Second Street, Suite 1700
                                            San Francisco, California  94105-3493
13                                          Telephone: (415) 882-8200
                                            Facsimile: (415) 882-8220
14                                          matthew.ball@klgates.com

15                                          Attorneys for Defendant Paul Financial LLC

16

17

18

19

20

21

22

23

24

25

26

27

28