1  Paul S. Rosenlund (SBN 87660)
   Terrance J. Evans (SBN 227671)
2  **DUANE MORRIS LLP**
   One Market, Spear Tower, Suite 2000
3  San Francisco, CA 94105-1104
   Telephone: 415.957.3000
4  Facsimile: 415.957.3001
   E-Mail:    PSRosenlund@duanemorris.com
5             pjwhalen@duanemorris.com

6  Attorneys for Defendants
   Luminent Mortgage Capital, Inc. and
7  Luminent Mortgage Trust 2006-2

8            **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11  GREGORY M. JORDAN, individually and on        Case No.: CV-07-04496 - SI
    behalf of all others similarly situated,
12                                                **ANSWER OF DEFENDANTS**
                   Plaintiff,                     **LUMINENT MORTGAGE CAPITAL,**
13                                                **INC. AND LUMINENT MORTGAGE**
          v.                                      **TRUST 2006-2 TO SECOND**
14                                                **AMENDED CLASS ACTION**
    PAUL FINANCIAL, LLC, LUMINENT                 **COMPLAINT**
15  MORTGAGE CAPITAL, INC., LUMINENT
    MORTGAGE TRUST 2006-2, HSBC BANK USA,
16  N.A., and DOES 1 through 10 inclusive,

17                 Defendants.

18

19  _____

20         Defendants Luminent Mortgage Capital, Inc. (incorrectly named herein as "Luminent

21  Mortgage Capitol, Inc.") and Luminent Mortgage Trust 2006-2 (collectively "Luminent"), by and

22  through their attorneys, Duane Morris LLP, hereby answer the Second Amended Complaint of

23  plaintiff Gregory M. Jordan ("plaintiff") on behalf of himself and a putative class of others similarly

24  situated.  The Luminent entities make this Answer only on their own behalf.  To the extent any

25  allegation set forth in the Second Amended Complaint is addressed to any other defendant or any

26  unidentified parties, Luminent is without knowledge or information sufficient to form a belief as to

27  the truth of such allegation except as expressly stated below.

28  ///

Except as expressly admitted or denied herein below, Luminent is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Second Amended Complaint and on that basis denies those allegations.

## I.    INTRODUCTION

1.    The allegations set forth in paragraph 1 of the Second Amended Complaint consist of plaintiff's characterization of this case to which no response is required.  To the extent a further response is required, Luminent denies the allegations contained in paragraph 1 of the Second Amended Complaint.

## II.    THE PARTIES

2.    Luminent is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 2 of the Second Amended Complaint.  Luminent admits that it may have purchased or otherwise participated in an Option ARM loan transaction involving plaintiff, which loan was secured by real property, but Luminent denies any direct transactions with plaintiff, and Luminent further states that the loan documents attached as Exhibit 1 to the Second Amended Complaint are not the final, signed copies of plaintiff's Adjustable Rate Note or Federal Truth-in-lending Disclosure.  Luminent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of the Second Amended Complaint.

3.    In response to the allegations in paragraph 3 of the Second Amended Complaint, Luminent admits that defendant Paul Financial LLC ("Paul Financial") was engaged in the business of originating mortgage loans in California and elsewhere, but Luminent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

4.    In response to the allegations in paragraph 4 of the Second Amended Complaint, Luminent admits that Luminent Mortgage Trust, Inc. is a Maryland corporation with its principal place of business in Philadelphia, Pennsylvania, qualified to conduct business in California, that it is involved in the business of investing in mortgage loans and securities, and that it purchased certain mortgage loans from defendant Paul Financial which may have included a loan involving plaintiff.

DM1\1349834.1 E2247-00057

The allegations et forth in the third sentence of paragraph 4 of the Second Amended Complaint regarding 15 U.S.C. § 1641 consist of legal conclusions to which no response is required.  Luminent otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

5.    In response to the allegations set forth in paragraph 5 of the Second Amended Complaint, Luminent admits that Luminent Mortgage Trust 2006-2 has acquired certain mortgage loans from defendant Paul Financial which may have included a loan involving plaintiff, but otherwise denies the allegations set forth in this paragraph.

6.    In response to the allegations set forth in paragraph 6 of the Second Amended Complaint, Luminent admits that certain mortgage loans acquired from defendant Paul Financial are held in mortgage-backed security pool Luminent Mortgage Trust 2006-2, of which HSBC Bank USA, National Association, is the trustee.  Luminent otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

7.    The allegation set forth in paragraph 7 of the Second Amended Complaint requires no response from Luminent.  Luminent makes this Answer only on behalf of the answering Luminent entities, and to the extent any allegation set forth in the Second Amended Complaint is addressed to any other defendant or any unidentified parties, Luminent is without knowledge or information sufficient to form a belief as to the truth of such allegations except as expressly stated herein.

8.    In responses to the allegation set forth in paragraph 8 of the Second Amended Complaint, Luminent admits that it has invested in home mortgages, including option ARM mortgages, originated in various locations in the United States, but otherwise denies the allegations of this paragraph as to Luminent.  As to other parties, Luminent is without knowledge or information sufficient to form a belief as to the truth of such allegations except as expressly stated herein.

9.    In responses to the allegation set forth in paragraph 9 of the Second Amended Complaint, Luminent admits that it has invested in home mortgages, including option ARM mortgages, originated in various locations in the United States, including Santa Clara County, California, but otherwise denies the allegations of this paragraph as to Luminent.  As to other parties,

///

1    Luminent is without knowledge or information sufficient to form a belief as to the truth of such

2    allegations except as expressly stated herein.

3        10.    Luminent denies the allegations set forth in paragraph 10 of the Second Amended

4    Complaint.

5        11.    Luminent denies the allegations set forth in paragraph 11 of the Second Amended

6    Complaint.

7        12.    Luminent denies the allegations set forth in paragraph 12 of the Second Amended

8    Complaint.

9        13.    In response to the allegations set forth in paragraph 13 of the Second Amended

10   Complaint, Luminent admits that it has conducted business in the state of California, but Luminent

11   denies the remaining allegations set forth in this paragraph.

12       14.    Luminent is without knowledge or information sufficient to form a belief as to the

13   truth of the allegations set forth in paragraph 14 of the Second Amended Complaint.

14       15.    Luminent is without knowledge or information sufficient to form a belief as the truth

15   of the allegations set forth in paragraph 15 of the Second Amended Complaint.

16       16.    Luminent denies the allegations set forth in paragraph 16 of the Second Amended

17   Complaint.

18                      **III.    JURISDICTION AND VENUE**

19       17.    The allegations set forth in paragraph 17 of the Second Amended Complaint consist

20   of legal conclusions to which no response is required.  To the extent a further response is required,

21   Luminent does not object to the Court's exercise of subject matter jurisdiction over this action.

22       18.    The allegations set forth in paragraph 18 of the Second Amended Complaint consist

23   of legal conclusions to which no response is required.  To the extent a further response is required,

24   Luminent does not object to the jurisdiction of this Court.

25       19.    The allegations set forth in paragraph 19 of the Second Amended Complaint consist

26   of legal conclusions to which no response is required.  To the extent a further response is required,

27   Luminent does not object to venue in this District.

28   ///

LUMINENT'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
DM1\1349834.1 E2247-00057

## IV.    FACTS COMMON TO ALL CAUSES OF ACTION

20.    In response to the allegations in the first sentence of paragraph 209 of the Second Amended Complaint, Luminent admits that Paul Financial has originated residential mortgage loans, including Option ARM loans.  Luminent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 20 of the Second Amended Complaint.  The allegations set forth in the second sentence of paragraph 20 of the Second Amended Complaint consist of plaintiff's characterization of this action to which no response is required.  Luminent admits that it acquired certain mortgage loans from Paul Financial that are held in mortgage-backed security pool Luminent Mortgage Trust 2006-2, of which HSBC is the trustee.

21.    Luminent denies the allegations set forth in paragraph 21 of the Second Amended Complaint.

22.    Luminent denies the allegations set forth in paragraph 22 of the Second Amended Complaint.

23.    In response to the allegations in the first sentence of paragraph 23 of the Second Amended Complaint, Luminent admits that Paul Financial entered into Option ARM mortgage loan transactions with plaintiff and other borrowers, but Luminent denies the remaining allegations set forth in this paragraph.

24.    Luminent denies the allegations set forth in the first and third sentence of paragraph 24 of the Second Amended Complaint.  The allegations set forth in the second sentence of paragraph 24 of the Second Amended Complaint consist of legal conclusions to which no response is required. To the extent a further response is required, Luminent states that the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.*, ("TILA") speaks for itself as to its content.

25.    Luminent denies the allegations set forth in paragraph 25 of the Second Amended Complaint.

26.    Luminent denies the allegations set forth in paragraph 26 of the Second Amended Complaint.

///

DM1\1349834.1 E2247-00057

27.    Luminent denies the allegations set forth in paragraph 27 of the Second Amended Complaint.

28.    Luminent denies the allegations set forth in paragraph 28 of the Second Amended Complaint.

29.    Luminent denies the allegations set forth in paragraph 29 of the Second Amended Complaint.

30.    Luminent denies the allegations set forth in paragraph 30 of the Second Amended Complaint.

31.    Luminent denies the allegations set forth in paragraph 31 of the Second Amended Complaint.

32.    Luminent denies the allegations set forth in paragraph 32 of the Second Amended Complaint.

33.    Luminent denies the allegations set forth in paragraph 33 of the Second Amended Complaint.

34.    Luminent denies the allegations set forth in paragraph 34 of the Second Amended Complaint.

35.    Luminent denies the allegations set forth in paragraph 35 of the Second Amended Complaint.

36.    Luminent denies the allegations set forth in paragraph 36 of the Second Amended Complaint.

37.    In response to the allegations set forth in paragraph 37 of the Second Amended Complaint, Luminent states that the requirements of TILA speak for themselves as to their form and content.  Luminent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 37 of the Second Amended Complaint.

38.    Luminent denies the allegations set forth in paragraph 38 of the Second Amended Complaint.

39.    Luminent denies the allegations set forth in paragraph 39 of the Second Amended Complaint.

40.     Luminent denies the allegations set forth in paragraph 40 of the Second Amended Complaint.

41.     In response to the allegations set forth in paragraph 41 of the Second Amended Complaint, Luminent states that the requirements of TILA speak for themselves as to their form and content.  Luminent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

42.     Luminent denies the allegations set forth in paragraph 42 of the Second Amended Complaint.

43.     Luminent denies the allegations set forth in paragraph 43 of the Second Amended Complaint.

44.     Luminent denies the allegations set forth in paragraph 44 of the Second Amended Complaint.

45.     Luminent denies the allegations set forth in paragraph 45 of the Second Amended Complaint.

46.     Luminent denies the allegations set forth in paragraph 46 of the Second Amended Complaint.

47.     Luminent denies the allegations set forth in paragraph 47 of the Second Amended Complaint.

48.     Luminent denies the allegations set forth in paragraph 48 of the Second Amended Complaint.

49.     Luminent denies the allegations set forth in paragraph 49 of the Second Amended Complaint.

### V.     CLASS ACTION ALLEGATIONS

50.     Paragraph 50 of the Second Amended Complaint consists of plaintiff's class definitions and legal conclusions to which no response is required.  To the extent that a further response may be required, Luminent denies the allegations in paragraph 50 of the Second Amended Complaint.

///

51.    Luminent denies the allegations set forth in paragraph 51 of the Second Amended Complaint.

52.    Luminent denies the allegations set forth in paragraph 52 of the Second Amended Complaint.

53.    Luminent denies the allegations set forth in paragraph 53 of the Second Amended Complaint.

54.    Luminent denies the allegations set forth in paragraph 54 of the Second Amended Complaint.

55.    Luminent denies the allegations set forth in paragraph 55 of the Second Amended Complaint.

56.    Luminent denies the allegations set forth in paragraph 56 of the Second Amended Complaint.

## VI.    FIRST CAUSE OF ACTION

### (Violations of TILA)

57.    Paragraph 57 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that TILA and its implementing regulations speak for themselves as to their form and content.

58.    Paragraph 58 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that TILA and its implementing regulations, including 12 C.F.R. § 226.17, speak for themselves as to their form and content.

59.    Paragraph 59 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that TILA and its implementing regulations, including 12 C.F.R. § 226.18, speak for themselves as to their form and content.

60.    Paragraph 60 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that

TILA and its implementing regulations, including 12 C.F.R. § 226.18, speak for themselves as to their form and content.

61.    Paragraph 61 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that TILA and its implementing regulations, including 12 C.F.R. §§ 226.17 and 226.19, speak for themselves as to their form and content.

62.    Paragraph 62 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that TILA and its implementing regulations, including 12 C.F.R. § 226.17, speak for themselves as to their form and content.

63.    In answering paragraph 63, Luminent states that the terms of plaintiff's mortgage loan documents speak for themselves as to their form and content.  Luminent denies the remaining allegations set forth in this paragraph.

64.    In answering paragraph 64, Luminent states that the terms of plaintiff's mortgage loan documents speak for themselves as to their form and content.  Luminent denies the remaining allegations set forth in this paragraph.

65.    Luminent denies the allegations set forth in paragraph 65 of the Second Amended Complaint.

66.    Luminent denies the allegations set forth in paragraph 66 of the Second Amended Complaint.

67.    Luminent denies the allegations set forth in paragraph 67 of the Second Amended Complaint.

68.    Paragraph 68 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that TILA and its implementing regulations speak for themselves as to their form and content.

69.    Luminent denies the allegations set forth in paragraph 69 of the Second Amended Complaint.

///

70.    Luminent denies the allegations set forth in paragraph 70 of the Second Amended Complaint.

71.    Luminent denies the allegations set forth in paragraph 71 of the Second Amended Complaint.

72.    Luminent denies the allegations set forth in paragraph 72 of the Second Amended Complaint.

73.    Luminent denies the allegations set forth in paragraph 73 of the Second Amended Complaint.

74.    Luminent denies the allegations set forth in paragraph 74 of the Second Amended Complaint.

75.    Luminent denies the allegations set forth in paragraph 75 of the Second Amended Complaint.

76.    Luminent denies the allegations set forth in paragraph 76 of the Second Amended Complaint.

77.    Luminent denies the allegations set forth in paragraph 77 of the Second Amended Complaint.

78.    Luminent denies the allegations set forth in paragraph 78 of the Second Amended Complaint.

79.    Paragraph 79 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that TILA speaks for itself as to its content.

80.    Luminent denies the allegations set forth in paragraph 80 of the Second Amended Complaint.

81.    Paragraph 81 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that 12 C.F.R. § 226.19, speak for itself as to its content.

///

///

LUMINENT'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
DM1\1349834.1 E2247-00057

82.    Paragraph 82 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that TILA and its implementing regulations speak for themselves as to their form and content.

83.    Paragraph 83 of the Second Amended Complaint consists of legal conclusions to which no response is required.  Luminent further states that the Federal Reserve Board's Official Staff Commentary regarding TILA, including Regulation Z, Docket No. R-0863, speak for itself as to its content.

84.    Paragraph 84 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that TILA and its implementing regulations speak for themselves as to their form and content.

85.    Luminent admits that it entered into an Option ARM loan transaction with plaintiff and further states that plaintiff's mortgage loan documents speak for themselves as to their form and content.  Luminent denies the allegations set forth in paragraph 85 of the Second Amended Complaint.

86.    Luminent denies the allegations set forth in paragraph 86 of the Second Amended Complaint.

87.    Luminent denies the allegations set forth in paragraph 87 of the Second Amended Complaint.

88.    Luminent denies the allegations set forth in paragraph 88 of the Second Amended Complaint.

89.    Paragraph 89 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that 12 C.F.R. § 226.17, speaks for itself as to its content.

90.    Paragraph 90 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that the Federal Reserve Board's Official Staff Commentary regarding TILA speaks for itself as to its content.

///

91.    Paragraph 91 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that the Federal Reserve Board's Official Staff Commentary regarding TILA speaks for itself as to its content.

92.    Paragraph 92 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that the Federal Reserve Board's Official Staff Commentary regarding TILA speaks for itself as to its content.

93.    Luminent denies the allegations set forth in paragraph 93 of the Second Amended Complaint.

94.    Luminent denies the allegations set forth in paragraph 94 of the Second Amended Complaint.

95.    Luminent denies the allegations set forth in paragraph 95 of the Second Amended Complaint.

96.    Paragraph 96 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that the Federal Reserve Board's Official Staff commentary to 12 C.F.R. § 226.17(C) speaks for itself as to its content.

97.    Paragraph 97 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that the Federal Reserve Board's Official Staff commentary to 12 C.F.R. § 226.17(C) speaks for itself as to its content.

98.    Luminent denies the allegations set forth in paragraph 98 of the Second Amended Complaint.

99.    Luminent is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Second Amended Complaint.

///

///

LUMINENT'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
DM1\1349834.1 E2247-00057

100.    Paragraph 100 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that TILA and its implementing regulations speak for themselves as to their form and content.

101.    Paragraph 101 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that TILA and its implementing regulations speak for themselves as to their form and content.

102.    Luminent denies the allegations set forth in paragraph 102 of the Second Amended Complaint.  In further answering, Luminent states that plaintiff's loan documents speak for themselves as to their form and content.

103.    Luminent denies the allegations set forth in paragraph 103 of the Second Amended Complaint.  In further answering, Luminent states that plaintiff's loan documents speak for themselves as to their form and content.

104.    Luminent denies the allegations set forth in paragraph 104 of the Second Amended Complaint.

105.    Luminent denies the allegations set forth in paragraph 105 of the Second Amended Complaint.  In further answering, Luminent states that plaintiff's loan documents speak for themselves as to their form and content.

106.    Luminent denies the allegations set forth in paragraph 106 of the Second Amended Complaint.

107.    Luminent denies the allegations set forth in paragraph 107 of the Second Amended Complaint.

108.    Luminent denies the allegations set forth in paragraph 108 of the Second Amended Complaint other than as to the form and content of the pertinent loan documents, which speak for themselves.

109.    Paragraph 109 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that the Federal Reserve Board's Official Staff Commentary regarding TILA speaks for itself as to its content.

LUMINENT'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
DM1\1349834.1 E2247-00057

110.    Luminent denies the allegations set forth in paragraph 110 of the Second Amended Complaint.

111.    Luminent denies the allegations set forth in paragraph 111 of the Second Amended Complaint.

112.    Luminent denies the allegations set forth in paragraph 112 of the Second Amended Complaint.

113.    Luminent denies the allegations set forth in paragraph 113 of the Second Amended Complaint.

114.    Luminent denies that plaintiff is entitled to the requested relief set forth in paragraph 114 of the Second Amended Complaint.

## VII.    SECOND CAUSE OF ACTION

### (Calif. B.&P. §§ 17200, *et seq.*)

115.    Luminent incorporates by references its responses to Paragraphs 1 through 114 of the Second Amended Complaint as if fully set forth herein.

116.    Paragraph 116 of the Second Amended Complaint consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response is required, Luminent denies the allegations in this paragraph.

117.    Paragraph 117 of the Second Amended Complaint consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response is required, Luminent denies the allegations in this paragraph.

118.    Luminent denies the allegations set forth in paragraph 118 of the Second Amended Complaint.

119.    Luminent denies the allegations set forth in paragraph 119 of the Second Amended Complaint.

120.    Luminent denies the allegations set forth in paragraph 120 of the Second Amended Complaint.

121.    Luminent denies the allegations set forth in paragraph 121 of the Second Amended Complaint.

122.    Luminent denies the allegations set forth in paragraph 122 of the Second Amended Complaint.

123.    Luminent denies that plaintiff is entitled to the requested relief set forth in paragraph 123 of the Second Amended Complaint.

124.    Luminent denies the allegations set forth in paragraph 124 of the Second Amended Complaint.

125.    Luminent denies the allegations set forth in paragraph 125 of the Second Amended Complaint.

126.    Luminent denies that plaintiff is entitled to the requested relief set forth in paragraph 126 of the Second Amended Complaint.

## VIII.    THIRD CAUSE OF ACTION

### (Fraudulent Omissions)

127.    Luminent incorporates by reference its responses to Paragraphs 1 through 126 of the Second Amended Complaint as if fully set forth herein.

128.    Paragraph 128 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent states that TILA, its implementing regulations, and the Federal Reserve Board's Official Staff Commentary regarding TILA speak for themselves as to their form and content.

129.    Paragraph 129 of the Second Amended Complaint consists of legal conclusions to which no response is required.  To the extent a further response is required, Luminent denies the allegations set forth in paragraph 129 of the Second Amended Complaint.

130.    Luminent states that plaintiff's mortgage loan documents speak for themselves as to their form and content.  Luminent denies the remaining allegations set forth in paragraph 130 of the Second Amended Complaint.

131.    Luminent states that plaintiff's mortgage loan documents speak for themselves as to their form and content.  Luminent denies the remaining allegations set forth in paragraph 131 of the Second Amended Complaint.

///

132.    Luminent states that plaintiff's mortgage loan documents speak for themselves as to their form and content.  Luminent denies the remaining allegations set forth in paragraph 132 of the Second Amended Complaint.

133.    Luminent denies the allegations set forth in paragraph 133 of the Second Amended Complaint.

134.    Luminent denies the allegations set forth in paragraph 134 of the Second Amended Complaint.

135.    Luminent denies the allegations set forth in paragraph 135 of the Second Amended Complaint.

136.    Luminent denies the allegations set forth in paragraph 136 of the Second Amended Complaint.

137.    Luminent denies the allegations set forth in paragraph 137 of the Second Amended Complaint.

138.    Luminent denies the allegations set forth in paragraph 138 of the Second Amended Complaint.

139.    Luminent denies the allegations set forth in paragraph 139 of the Second Amended Complaint.

140.    Luminent denies the allegations set forth in paragraph 140 of the Second Amended Complaint.

141.    Luminent denies the allegations set forth in paragraph 141 of the Second Amended Complaint.

142.    Luminent denies that plaintiff is entitled to the requested relief set forth in paragraph 142 of the Second Amended Complaint.

## IX.    **FOURTH CAUSE OF ACTION**

### (Calif. B.&P. §§ 17200, *et seq.*)

143.    Luminent incorporates by reference its responses to Paragraphs 1 through 142 of the Second Amended Complaint as if fully set forth herein.

///

144.    Paragraph 144 of the Second Amended Complaint consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response is required, Luminent denies the allegations set forth in paragraph 145 of the Second Amended Complaint.

145.    Paragraph 145 of the Second Amended Complaint consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response is required, Luminent denies the allegations set forth in paragraph 145 of the Second Amended Complaint.

146.    Paragraph 146 of the Second Amended Complaint consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response is required, Luminent denies the allegations set forth in paragraph 146 of the Second Amended Complaint.

147.    Luminent denies the allegations set forth in paragraph 147 of the Second Amended Complaint.

148.    Luminent denies the allegations set forth in paragraph 148 of the Second Amended Complaint.

149.    Luminent denies the allegations set forth in paragraph 149 of the Second Amended Complaint.

150.    Luminent denies the allegations set forth in paragraph 150 of the Second Amended Complaint.

151.    Luminent denies the allegations set forth in paragraph 151 of the Second Amended Complaint.

152.    Luminent denies the allegations set forth in paragraph 152 of the Second Amended Complaint.

153.    Luminent denies the allegations set forth in paragraph 153 of the Second Amended Complaint.  In further answering paragraph 153, Luminent states that the terms of plaintiff's mortgage loan documents speak for themselves as to their form and content.

///

DM1\1349834.1 E2247-00057

154.    Luminent denies the allegations set forth in paragraph 154 of the Second Amended Complaint.

155.    Luminent denies the allegations set forth in paragraph 155 of the Second Amended Complaint.

156.    Luminent denies the allegations set forth in paragraph 156 of the Second Amended Complaint.

157.    Luminent denies the allegations set forth in paragraph 157 of the Second Amended Complaint.

158.    Luminent denies the allegations set forth in paragraph 158 of the Second Amended Complaint.

159.    Luminent denies the allegations set forth in paragraph 159 of the Second Amended Complaint.

160.    Luminent denies that plaintiff is entitled to the requested relief set forth in paragraph 160 of the Second Amended Complaint.

161.    Luminent denies the allegations set forth in paragraph 161 of the Second Amended Complaint.

162.    Luminent denies the allegations set forth in paragraph 162 of the Second Amended Complaint.

163.    Luminent denies the allegations set forth in paragraph 163 of the Second Amended Complaint.

164.    Luminent denies that plaintiff is entitled to the requested relief set forth in paragraph 164 of the Second Amended Complaint.

## X.    FIFTH CAUSE OF ACTION

### (Breach of Contract)

(mistakenly labeled as Fourth Cause of Action in Second Amended Complaint)

165.    Luminent incorporates by reference its responses to Paragraphs 1 through 164 of the Second Amended Complaint as if fully set forth herein.

///

18

166.    Luminent denies the allegations set forth in paragraph 66 of the Second Amended Complaint.  In further answering paragraph 166, Luminent states that the terms of the subject loan documents speak for themselves as to their form and content.

167.    In answering paragraph 167 of the Second Amended Complaint, Luminent states that plaintiff's loan documents speaks for themselves as to their form and content.  Luminent admits that defendant Paul Financial provided plaintiff with a Truth in Lending Disclosure statement as required by federal law.  Luminent denies the remaining allegations set forth in paragraph 167 of the Second Amended Complaint.

168.    Luminent denies the allegations set forth in paragraph 168 of the Second Amended Complaint.

169.    Luminent denies the allegations set forth in paragraph 169 of the Second Amended Complaint.

170.    Luminent denies the allegations set forth in paragraph 170 of the Second Amended Complaint.  In further answering, Luminent states that plaintiff's loan documents speak for themselves as to their form and content.

171.    Luminent denies the allegations set forth in paragraph 171 of the Second Amended Complaint.

172.    Luminent denies the allegations set forth in paragraph 172 of the Second Amended Complaint.

173.    Luminent is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 173 of the Second Amended Complaint.

174.    Luminent denies the allegations set forth in paragraph 174 of the Second Amended Complaint.

175.    Luminent denies the allegations set forth in paragraph 175 of the Second Amended Complaint.

176.    Luminent denies that plaintiff is entitled to the requested relief set forth in paragraph 176 of the Second Amended Complaint.

///

# XI.    SIXTH CAUSE OF ACTION

## (Breach of Implied Covenant of Good Faith and Fair Dealing)

### (mistakenly labeled as Fifth Cause of Action in Second Amended Complaint)

177.    Luminent incorporates by reference its responses to Paragraphs 1 through 176 of the Second Amended Complaint as if fully set forth herein.

178.    Luminent denies the allegations set forth in paragraph 178 of the Second Amended Complaint.

179.    Luminent denies the allegations set forth in paragraph 179 of the Second Amended Complaint.

180.    Luminent denies the allegations set forth in paragraph 180 of the Second Amended Complaint.  In further answering, Luminent states that plaintiff's loan documents speak for themselves as to their form and content.

181.    Luminent denies the allegations set forth in paragraph 181 of the Second Amended Complaint.  In further answering, Luminent states that plaintiff's loan documents speak for themselves as to their form and content.

182.    Luminent denies the allegations set forth in paragraph 182 of the Second Amended Complaint.

183.    Luminent denies the allegations set forth in paragraph 183 of the Second Amended Complaint.

184.    Luminent is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 184 of the Second Amended Complaint.

185.    Luminent denies the allegations set forth in paragraph 185 of the Second Amended Complaint.

186.    Luminent denies the allegations set forth in paragraph 186 of the Second Amended Complaint.

187.    Luminent denies the allegations set forth in paragraph 187 of the Second Amended Complaint.

///

188.    Luminent denies the allegations set forth in paragraph 188 of the Second Amended Complaint.

189.    Luminent denies the allegations set forth in paragraph 189 of the Second Amended Complaint.

190.    Luminent denies the allegations set forth in paragraph 190 of the Second Amended Complaint.

191.    Luminent denies the allegations set forth in paragraph 191 of the Second Amended Complaint.

192.    Luminent denies that plaintiff is entitled to the requested relief set forth in paragraph 192 of the Second Amended Complaint.

## XII.    PRAYER FOR RELIEF

Luminent denies that plaintiff is entitled to the requested relief.

## XIII.    AFFIRMATIVE DEFENSES

The following affirmative defenses are alleged on information and belief by each defendant subscribing to this answer ("defendant"), and except as expressly stated otherwise, each defense applies to the entire complaint and to each purported cause of action or claim for relief therein and to each plaintiff, beneficiary, heir and other person on whose behalf this action is prosecuted (collectively referred to as "plaintiff" or "plaintiffs").  Defendant reserves the right to amend or withdraw any or all defenses or to raise any and all additional defenses as or after they may become known during or after the course of investigation, discovery or trial.

No assertion of any affirmative defense shall constitute either (a) an admission or agreement that plaintiff does not bear the burden of proof or the burden of producing evidence on any element of any cause of action or claim for relief or on any issue as to which a plaintiff bears the burden of proof or the burden of producing evidence as a matter of law, or (b) a waiver of any defendant's right to require that any plaintiff satisfy any burden of proof or burden of producing evidence.

### First Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted against Luminent.

**Second Defense**

Plaintiff's claims against Luminent under the Truth in Lending Act are barred by TILA's statute of limitations.  Plaintiff's remaining claims are otherwise barred by the applicable statues of limitation and by the application of the doctrine of laches.

**Third Defense**

Plaintiff lacks standing to assert any claims against Luminent.

**Fourth Defense**

Plaintiff's claims, including the claims of the putative class, are barred by the doctrines of waiver, estoppel, release, ratification, assumption of risk, and res judicata.

**Fifth Defense**

Plaintiff's claims, including claims of the putative class, are barred by the voluntary payment doctrine.

**Sixth Defense**

Plaintiff's claims are barred or limited by the application of the doctrine of failure to mitigate damages.

**Seventh Defense**

Plaintiff's claims are barred as a result of plaintiff's failure to join an indispensable party.

**Eighth Defense**

Any damages were the result of acts or omissions on the part of plaintiff and the members of the putative class or a third party for which Luminent is not responsible.

**Ninth Defense**

Plaintiff's claims are barred by the doctrine of equitable subrogation and by the application of the doctrine of unclean hands.

**Tenth Defense**

Plaintiff's claims are barred by the applicable Statue of Frauds and/or the parol evidence rule.

///
///
///

**Eleventh Defense**

Any claims by plaintiff under the federal Truth in Lending Act, 15 U.S.C. §§ 1635, *et seq.*, are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations, or interpretations of the Federal Reserve Board.

**Twelfth Defense**

Any claims by plaintiff under the federal Truth in Lending Act, 15 U.S.C. §§ 1635, *et seq.*, are barred to the extent that the alleged violations were not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures to avoid such error.

**Thirteenth Defense**

Luminent is not liable for any claims by plaintiff because Luminent's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

**Fourteenth Defense**

Luminent's conduct with regard to the actions described in the Second Amended Complaint was neither unlawful, unfair, fraudulent nor likely to mislead.

**Fifteenth Defense**

As to any cause of action or claim for relief based upon contract, warranty or any related theory, plaintiff was not in privity of contract with Luminent.

**Sixteenth Defense**

Any recovery or remedy must be set off and reduced by the amount of any obligation owed by or on behalf of plaintiff to or for the benefit of defendant and by any payment or promise of payment made to or for the benefit of plaintiff with regard to any item of plaintiff's alleged damages, if any.

**Seventeenth Defense**

Plaintiff's claims are barred and preempted by other laws, rules and regulations regarding the subject of this action such that this court must abstain from any involvement.

///

///

DM1\1349834.1 E2247-00057

1

### Eighteenth Defense

2      Any claims for equitable remedies, including but not limited to injunctive relief, constructive

3  trust or restitution, are barred because adequate remedies exist at law.

4

### Nineteenth Defense

5      Plaintiff's claims are barred by the doctrine of consent.

6

### Twentieth Defense

7      The restitution and other relief sought by the plaintiff is unmanageable and inappropriate.

8

### Twenty-First Defense

9      Defendant is not liable for any other person's proportionate share of damages, if any, pursuant to

10  California Civil Code sections 1431 *et seq.* and other principles of law and equity.

11

### Twenty-Second Defense

12     Plaintiffs are not entitled to any form of damages or non-restitutionary disgorgement under

13  claims brought under California Business & Professions Code §§ 17200, *et seq.*

14

### Twenty-Second Defense

15     Luminent hereby gives notice that it intends to rely upon such other and further defenses as may

16  become available during discovery proceedings in this case and hereby reserves its right to amend the

17  Answer and assert such defenses.

18     WHEREFORE, defendants Luminent respectfully requests that the Court:

19     i.    enter a judgment in its favor on all counts of the Second Amended Complaint;

20     ii.   Dismiss the Second Amended Complaint with prejudice;

21     iii.  Award Luminent its costs and expenses, including attorneys' fees incurred in this action;

22  and

23     iv.   Grant such other relief as the Court deems just and proper.

24  Dated:  July 9, 2008                              **DUANE MORRIS** LLP

25
                              By:        /s/ Paul S. Rosenlund
26                                       Paul S. Rosenlund
                                         Terrance J. Evans
27                                       Attorneys for Defendants
                                         Luminent Mortgage Capital, Inc. and
28                                       Luminent Mortgage Trust 2006-2

# PROOF OF SERVICE

*Gregory M. Jordan v. Paul Financial, LLC, et al.*
U.S. District Court for the Northern District of California Case No. CV-07-04496 - SI

I am a citizen of the United States, over the age of 18 years, and not a party to interested in the cause. I am an employee of Duane Morris LLP and my business address is One Market, Spear Tower, Suite 2000, San Francisco, California 94105. I am readily familiar with this firm's practices for collecting and processing correspondence for mailing with the United States Postal Service and for transmitting documents by FedEx, fax, email, messenger and other modes. On the date stated below, I served the following documents:

**ANSWER OF DEFENDANTS LUMINENT MORTGAGE CAPITAL, INC. AND LUMINENT MORTGAGE TRUST 2006-2 TO SECOND AMENDED CLASS ACTION COMPLAINT**

_____    BY U.S. MAIL:  ☐ I enclosed the documents in a sealed envelope or package addressed to the person(s) set forth below, and placed the envelope for collection and mailing following our ordinary business practices, which are that on the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California, in a sealed envelope with postage fully prepaid. OR
☐ I enclosed the documents in a sealed envelope or package addressed to the person(s) set forth below, and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

_____    BY MESSENGER SERVICE:  I enclosed the documents in an envelope or package addressed to the person(s) set forth below and providing the package(s) to a professional messenger service for same day delivery service. (*A declaration by the messenger must accompany this Proof of Service*).

_____    BY PERSONAL SERVICE:  I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

_____    BY OVERNIGHT DELIVERY:  I enclosed the documents in a sealed envelope or package provided by FedEx and addressed to the person(s) listed below by placing the envelope or package(s) for collection and transmittal by FedEx pursuant to my firm's ordinary business practices, which are that on the same day a FedEx envelope or package is placed for collection, it is deposited in the ordinary course of business with FedEx for overnight delivery, with all charges fully prepaid.

_____    BY FACSIMILE:  Based on a court order or an agreement of the parties to accept service by fax transmission, I faxed the documents to the person(s) at the fax number(s) listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

__X__    BY ELECTRONIC SERVICE:  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | | |
|---|---|---|
| **1.** | **David M. Arbogast, Esq.**<br>**Jeffrey K Berns, Esq.**<br>Arbogast & Berns LLP<br>19510 Ventura Boulevard<br>Suite 200<br>Tarzana, CA 91356 | Attorneys for Plaintiff<br>Gregory M. Jordan<br><br>TEL: 818-961-2000 / FAX: 310-861-1775<br>EMAIL:  darbogast@law111.com<br>          jberns@law111.com |
| **2.** | **Jonathan Shub, Esq.**<br>Seeger Weiss LLP<br>1515 Market Street<br>Suite 1380<br>Philadelphia, PA 19102 | Attorneys for Plaintiff<br>Gregory M. Jordan<br><br>TEL: 215-564-2300 / FAX: 215-851-8029<br>EMAIL: jshub@seegerweiss.com |
| **3.** | **Michael C Eyerly, Esq.**<br>**Patrick DeBlase, Esq.**<br>**Paul R. Kiesel, Esq.**<br>Kiesel Boucher & Larson<br>8648 Wilshire Blvd<br>Beverly Hills, CA 90211-2910 | Attorneys for Plaintiff<br>Gregory M. Jordan<br><br>TEL: 310-854-4444 / FAX: 310-854-0812<br>EMAIL:  eyerly@kbla.com<br>          deblase@kbla.com<br>          Kiesel@kbla.com |
| **4.** | **Robert Ira Spiro, Esq.**<br>Spiro Moss Barness LLP<br>11377 W. Olympic Blvd<br>Fifth Floor<br>Los Angeles, CA 90064 | Attorneys for Plaintiff<br>Gregory M. Jordan<br><br>TEL: (310) 235-2468 / FAX: 310-235-2456<br>EMAIL: ira@spiromoss.com |
| **5.** | **Irene C. Freidel, Esq.**<br>**David Christensen, Esq.**<br>Kirkpatrick & Lockhart Preston Gates<br>Ellis LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111 | Attorneys for Defendant<br>Paul Financial, LLC<br><br>TEL: 617-261-3100 / FAX: 617-261-3175<br>EMAIL:  irene.freidel@klgates.com<br>          dchristensen@klgates.com |
| **6.** | **Matthew Gordon Ball, Esq.**<br>Kirkpatrick & Lockhart Preston Gates<br>Ellis LLP<br>55 Second Street, Suite 1700<br>San Francisco, CA 94105 | Attorneys for Defendant<br>Paul Financial, LLC<br><br>TEL: (415) 882-8200 / FAX: (415) 882-8220<br>EMAIL: matthew.ball@klgates.com |
| **7.** | **James Howard French, Esq.**<br>French & Lyon<br>22 Battery Street<br>Suite 404<br>San Francisco, CA 94111 | Attorneys for Defendant<br>HSBC Bank USA, N.A.<br><br>TEL: 415-597-7849 / FAX: 415-243-8200<br>EMAIL: jimfrench@compuserve.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  July 9, 2008                                        /s/ Blanca A. Herrera

                                                                        Blanca A. Herrera

CASE NO. CV07-04496-SI
PROOF OF SERVICE
DM1\1349834.1 E2247-00057