1  MATTHEW G. BALL (SBN NO. 208881)
   K&L GATES LLP
2  55 Second Street, Suite 1700
   San Francisco, California  94105-3493
3  Telephone:   (415) 882-8200
   Facsimile:    (415) 882-8220
4
   IRENE C. FREIDEL (admitted *pro hac vice*)
5  BRIAN M. FORBES (admitted *pro hac vice*)
   DAVID D. CHRISTENSEN (admitted *pro hac vice*)
6  K&L GATES LLP
   State Street Financial Center
7  One Lincoln Street
   Boston, MA 02111
8  Telephone: (617) 261-3100
   Facsimile: (617) 261-3175
9
   Attorneys for Defendant
10 HSBC BANK USA, NATIONAL
   ASSOCIATION
11

12              UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                  SAN FRANCISCO DIVISION

15 GREGORY M. JORDAN, individually and     Case No. CV07-04496 SI
   behalf of all others similarly situated,
16
                  Plaintiff,               **ANSWER OF DEFENDANT HSBC BANK
17                                          USA, NATIONAL ASSOCIATION TO
   vs.                                      SECOND AMENDED CLASS ACTION
18                                          COMPLAINT**
   PAUL FINANCIAL LLC, LUMINENT
19 MORTGAGE CAPITAL, INC., LUMINENT         Assigned to the Honorable:
   MORTGAGE TRUST 2006-2, HSBC              Judge Susan Illston
20 NATIONAL ASSOCIATION, and DOES 1
   through 10, inclusive,
21
                  Defendants.
22

23
           **ANSWER OF DEFENDANT HSBC BANK USA, NATIONAL ASSOCIATION
24             TO SECOND AMENDED CLASS ACTION COMPLAINT**

25         Defendant HBSC Bank USA, National Association ("HSBC"), by and through its attorneys,

26 K&L Gates LLP, hereby answers the Second Amended Complaint ("SAC") brought by plaintiff

27 Gregory M. Jordan ("plaintiff") on behalf of himself and a purported class of others similarly

28

situated.  HSBC makes this Answer only on its own behalf.  To the extent that any allegation set forth in the SAC is addressed to any other defendant or any unidentified parties, HSBC is without knowledge or information sufficient to form a belief as to the truth of such allegation except as expressly stated below.

Except as expressly admitted or denied herein below, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the SAC.

## I.    INTRODUCTION

1.    The allegations set forth in paragraph 1 of the SAC consist of plaintiff's characterization of this case to which no response is required.  To the extent a further response is required, HSBC denies the allegations contained in paragraph 1.

## II.    THE PARTIES

2.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the SAC.

3.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the SAC.

4.    In response to the allegations in the third sentence of paragraph 4 of the SAC, HSBC states that 15 U.S.C. § 1641 speaks for itself as to its content.  HSBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 4.

5.    In response to the allegations set forth in paragraph 5 of the SAC, HSBC admits, upon information and belief, that plaintiff's loan is held in mortgage-backed security pool Luminent

Mortgage Trust 2006-2 of which HSBC is the trustee. HSBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5.

6.    In response to the allegations set forth in paragraph 6 of the SAC, HSBC admits that it is a national banking association headquartered in Wilmington, Delaware and doing business in California. HSBC further admits, upon information and belief, that plaintiff's loan is held in mortgage-backed security pool Luminent Mortgage Trust 2006-2 of which HSBC is the trustee. HSBC denies the remaining allegations set forth in paragraph 6.

7.    The allegation set forth in paragraph 7 of the SAC requires no response from HSBC. HSBC makes this Answer only on its own behalf. To the extent that any allegation set forth in the SAC is addressed to any other defendant or any unidentified parties, HSBC is without knowledge or information sufficient to form a belief as to the truth of such allegation except as expressly stated herein.

8.    HSBC denies the allegations in paragraph 8 of the SAC that are directed to it, except HSBC admits, upon information and belief, that it has acted as the trustee for certain mortgage loan trusts that include loans secured by real property in Santa Clara County, California. HSBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8.

9.    HSBC denies the allegations in paragraph 9 of the SAC that are directed to it, except HSBC admits, upon information and belief, that it has acted as the trustee for certain mortgage loan trusts that include loans secured by real property in Santa Clara County, California. HSBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9.

10.    HSBC denies the allegations set forth in paragraph 10 of the SAC.

11.     HSBC denies the allegations set forth in paragraph 11 of the SAC.

12.     HSBC denies the allegations set forth in paragraph 12 of the SAC.

13.     In response to the allegations set forth in paragraph 13 of the SAC, HSBC states that it is a national banking association and it has conducted business in the State of California. HSBC denies the remaining allegations set forth in paragraph 13.

14.     HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the SAC.

15.     HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the SAC.

16.     HSBC denies the allegations set forth in paragraph 16 of the SAC.

### III.    JURISDICTION AND VENUE

17.     The allegations set forth in paragraph 17 of the SAC consist of legal conclusions to which no response is required. To the extent a further response is required, HSBC does not object to the Court's exercise of subject matter jurisdiction over this action.

18.     The allegations set forth in paragraph 18 of the SAC consist of legal conclusions to which no response is required. To the extent a further response is required, HSBC does not object to personal jurisdiction in this Court.

19.     The allegations set forth in paragraph 19 of the SAC consist of legal conclusions to which no response is required. To the extent a further response is required, HSBC does not object to venue in this District.

### IV.    FACTS COMMON TO ALL CAUSES OF ACTION

20.     In response to the allegations set forth in paragraph 20 of the SAC, HSBC admits that it is the trustee of Luminent Mortgage Trust 2006-2, and, upon information and belief, that plaintiff's

loan is held within such trust.  HSBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20.

21.    HSBC denies the allegations set forth in paragraph 21 of the SAC.

22.    HSBC denies the allegations set forth in paragraph 22 of the SAC.

23.    HSBC denies the allegations set forth in paragraph 23 of the SAC.

24.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the SAC.

25.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the SAC.

26.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the SAC.

27.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the SAC.

28.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the SAC.

29.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the SAC.

30.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the SAC.

31.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the SAC.

32.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the SAC.

33. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the SAC.

34. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the SAC.

35. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the SAC.

36. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the SAC.

37. In response to the allegations set forth in paragraph 37 of the SAC, HSBC states that the requirements of TILA speak for themselves as to their content. HSBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 37.

38. HSBC denies the allegations set forth in paragraph 38 of the SAC.

39. HSBC denies the allegations set forth in paragraph 39 of the SAC that are directed to it. HSBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 39.

40. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the SAC.

41. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the SAC.

42. HSBC denies the allegations set forth in paragraph 42 of the SAC.

43. HSBC denies the allegations set forth in paragraph 43 of the SAC.

44. HSBC denies the allegations set forth in paragraph 44 of the SAC.

45.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the SAC.

46.    HSBC denies the allegations set forth in paragraph 46 of the SAC that are directed to it.  HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46.

47.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the SAC.

48.    HSBC denies the allegations set forth in paragraph 48 of the SAC.

49.    HSBC denies the allegations set forth in paragraph 49 of the SAC.

## V.    CLASS ACTION ALLEGATIONS

50.    Paragraph 50 of the SAC consists of plaintiff's class definitions and legal conclusions to which no response is required.  To the extent that a further response may be required, HSBC denies that the putative classes meet the requirements for certification under Fed. R. Civ. P. 23.

51.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the SAC.

52.    HSBC denies the allegations set forth in paragraph 52 of the SAC, including sub-paragraphs (a) through (o) set forth therein.

53.    HSBC denies the allegations set forth in paragraph 53 of the SAC.

54.    HSBC denies the allegations set forth in paragraph 54 of the SAC.

55.    HSBC denies the allegations set forth in paragraph 55 of the SAC.

56.    HSBC denies the allegations set forth in paragraph 56 of the SAC, including sub-paragraphs (a) through (c) set forth therein.

## VI.    FIRST CAUSE OF ACTION

ANSWER OF DEFENDANT HSBC BANK USA,                    7                    Case No. CV07-04496-SI
NATIONAL ASSOCIATION TO SECOND
AMENDED CLASS ACTION COMPLAINT

57.     Paragraph 57 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that TILA and its implementing regulations speak for themselves as to their content.

58.     Paragraph 58 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that the Federal Reserve Board's Commentary to TILA's implementing regulations speaks for itself as to its content.

59.     Paragraph 59 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that TILA and its implementing regulations, including 12 C.F.R. § 226.18, speak for themselves as to their content.

60.     Paragraph 60 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that TILA and its implementing regulations, including 12 C.F.R. § 226.18, speak for themselves as to their content.

61.     Paragraph 61 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that TILA and its implementing regulations, including 12 C.F.R. §§ 226.17 and 226.19, speak for themselves as to their content.

62.     Paragraph 62 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that the Federal Reserve Board's Commentary to TILA's implementing regulations speaks for itself as to its content.

63.     In response to the allegations set forth in paragraph 63 of the SAC, HSBC states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the SAC.

64.    In response to the allegations set forth in paragraph 64 of the SAC, HSBC states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64.

65.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the SAC.

66.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the SAC.

67.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the SAC.

68.    Paragraph 68 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that TILA's implementing regulations speak for themselves as to their content.

69.    In response to the allegations set forth in paragraph 69 of the SAC, HSBC states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69.

70.    In response to the allegations set forth in paragraph 70 of the SAC, HSBC states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70.

71.    In response to the allegations set forth in paragraph 71 of the SAC, HSBC states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.  In further

answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71.

72.    In response to the allegations set forth in paragraph 72 of the SAC, HSBC states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72.

73.    In response to the allegations set forth in paragraph 73 of the SAC, HSBC states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73.

74.    In response to the allegations set forth in paragraph 74 of the SAC, HSBC states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74.

75.    In response to the allegations set forth in paragraph 75 of the SAC, HSBC states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75.

76.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the SAC.

77.    In response to the allegations set forth in paragraph 77 of the SAC, HSBC states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.  In further

answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77.

78.    In response to the allegations set forth in paragraph 78 of the SAC, HSBC states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78.

79.    Paragraph 79 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states the Official Staff Commentary to TILA's implementing regulations speaks for itself as to its content.

80.    In response to the allegations set forth in paragraph 80 of the SAC, HSBC states that the terms of plaintiff's and putative class members' mortgage loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80.

81.    Paragraph 81 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that 12 C.F.R. § 226.19 speaks for itself as to its content.

82.    Paragraph 82 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that TILA and its implementing regulations speak for themselves as to their content.

83.    Paragraph 83 of the SAC consists of legal conclusions to which no response is required.  HSBC further states that the Federal Reserve Board's Official Staff Commentary regarding TILA, including Regulation Z, Docket No. R-0863, speaks for itself as to its content.

84.     Paragraph 84 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that TILA and its implementing regulations speak for themselves as to their content.

85.     In response to the allegations in paragraph 85 of the SAC, HSBC states that plaintiff's mortgage loan documents speak for themselves as to their content.  In further answering, HSBC denies the allegations set forth in paragraph 85 that are directed to it.  HSBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 85.

86.     In response to the allegations in paragraph 86 of the SAC, HSBC states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86.

87.     In response to the allegations in paragraph 87 of the SAC, HSBC states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87.

88.     In response to the allegations in paragraph 88 of the SAC, HSBC states that plaintiff's mortgage loan documents speak for themselves as to their content.  In further answering, HSBC denies the allegations set forth in paragraph 88 that are directed to it.  HSBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 88.

89.    Paragraph 89 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that 12 C.F.R. § 226.17 speaks for itself as to its content.

90.    Paragraph 90 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that the Federal Reserve Board's Official Staff Commentary regarding TILA speaks for itself as to its content.

91.    Paragraph 91 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that the Federal Reserve Board's Official Staff Commentary regarding TILA speaks for itself as to its content.

92.    Paragraph 92 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that the Federal Reserve Board's Official Staff Commentary regarding TILA speaks for itself as to its content.

93.    In response to the allegations in paragraph 93 of the SAC, HSBC states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93.

94.    HSBC denies the allegations set forth in paragraph 94 of the SAC.

95.    In response to the allegations in paragraph 95 of the SAC, HSBC states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95.

96.     Paragraph 96 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that the Federal Reserve Board's Official Staff commentary to 12 C.F.R. § 226.17(C)(6) speaks for itself as to its content.

97.     HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the SAC.

98.     HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the SAC.

99.     HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the SAC.

100.     Paragraph 100 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that TILA and its implementing regulations speak for themselves as to their content.

101.     Paragraph 101 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that TILA and its implementing regulations speak for themselves as to their content.

102.     In response to the allegations set forth in paragraph 102 of the SAC, HSBC states that plaintiff's loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102.

103.     In response to the allegations set forth in paragraph 103 of the SAC, HSBC states that plaintiff's loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103.

104.    HSBC denies the allegations set forth in paragraph 104 of the SAC.

105.    HSBC denies the allegations set forth in paragraph 105 of the SAC that are directed to it.  In further answering, HSBC states that plaintiff's loan documents speak for themselves as to their content.  HSBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 105.

106.    HSBC denies the allegations set forth in paragraph 106 of the SAC that are directed to it.  In further answering, HSBC states that plaintiff's loan documents speak for themselves as to their content.  HSBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 106.

107.    In response to the allegations set forth in paragraph 107 of the SAC, HSBC states that plaintiff's and putative class members' loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107.

108.    In response to the allegations set forth in paragraph 108 of the SAC, HSBC states that plaintiff's loan documents speak for themselves as to their content.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108.

109.    Paragraph 109 of the SAC consists of legal conclusions to which no response is required.  To the extent a further response is required, HSBC states that the Federal Reserve Board's Official Staff Commentary regarding TILA speaks for itself as to its content.

110.    HSBC denies the allegations set forth in paragraph 110 of the SAC.

111.    HSBC denies the allegations set forth in paragraph 111 of the SAC.

112.    HSBC denies the allegations set forth in paragraph 112 of the SAC.

113.    HSBC denies the allegations set forth in paragraph 113 of the SAC that are directed to it.  In further answering, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113.

114.    HSBC denies that plaintiff is entitled to the requested relief set forth in paragraph 114 of the SAC.

## VII.    SECOND CAUSE OF ACTION

115.    HSBC incorporates by reference its responses to Paragraphs 1 through 114 of the SAC as if fully set forth herein.

116.    Paragraph 116 of the SAC consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response is required, HSBC denies the allegations in paragraph 116.

117.    Paragraph 117 of the SAC consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response is required, HSBC denies the allegations in paragraph 117.

118.    HSBC denies the allegations set forth in paragraph 118 of the SAC.

119.    HSBC denies the allegations set forth in paragraph 119 of the SAC.

120.    HSBC denies the allegations set forth in paragraph 120 of the SAC.

121.    HSBC denies the allegations set forth in paragraph 121 of the SAC.

122.    HSBC denies the allegations set forth in paragraph 122 of the SAC.

123.    HSBC denies that plaintiff is entitled to the requested relief set forth in paragraph 123 of the SAC.

124.    HSBC denies the allegations set forth in paragraph 124 of the SAC.

125.    HSBC denies the allegations set forth in paragraph 125 of the SAC.

1    126.    HSBC denies that plaintiff is entitled to the requested relief set forth in paragraph 126

2    of the SAC.

3    ## VIII.    THIRD CAUSE OF ACTION

4    127.    HSBC incorporates by reference its responses to Paragraphs 1 through 126 of the

5    SAC as if fully set forth herein.

6
7    128.    Paragraph 128 of the SAC consists of legal conclusions to which no response is

8    required.  To the extent a further response is required, HSBC states that TILA, its implementing

9    regulations, and the Federal Reserve Board's Official Staff Commentary regarding TILA speak for

10   themselves as to their content.

11
12   129.    In response to paragraph 129 of the SAC, HSBC denies the allegations that are

13   directed against it.  In further answering, HSBC is without knowledge or information sufficient to

14   form a belief as to the truth of the remaining allegations set forth in paragraph 129.

15   130.    HSBC states that plaintiff's mortgage loan documents speak for themselves as to their

16   content.  In further answering, HSBC denies the allegations set forth in paragraph 130 of the SAC.

17   131.    HSBC states that plaintiff's mortgage loan documents speak for themselves as to their

18   content.  In further answering, HSBC denies the allegations set forth in paragraph 131 of the SAC.

19
20   132.    HSBC states that plaintiff's mortgage loan documents speak for themselves as to their

21   content.  In further answering, HSBC denies the allegations set forth in paragraph 132 of the SAC.

22   133.    HSBC denies the allegations set forth in paragraph 133 of the SAC.

23   134.    HSBC denies the allegations set forth in paragraph 134 of the SAC.

24   135.    HSBC denies the allegations set forth in paragraph 135 of the SAC.

25   136.    HSBC denies the allegations set forth in paragraph 136 of the SAC.

26   137.    HSBC denies the allegations set forth in paragraph 137 of the SAC.

27
28   **ANSWER OF DEFENDANT HSBC BANK USA,**          17          Case No. CV07-04496-SI
     **NATIONAL ASSOCIATION TO SECOND**
     **AMENDED CLASS ACTION COMPLAINT**

138.    HSBC denies the allegations set forth in paragraph 138 of the SAC.

139.    HSBC denies the allegations set forth in paragraph 139 of the SAC.

140.    HSBC denies the allegations set forth in paragraph 140 of the SAC.

141.    HSBC denies the allegations set forth in paragraph 141 of the SAC.

142.    HSBC denies that plaintiff is entitled to the requested relief set forth in paragraph 142 of the SAC.

## IX.    FOURTH CAUSE OF ACTION

143.    HSBC incorporates by reference its responses to Paragraphs 1 through 142 of the SAC as if fully set forth herein.

144.    Paragraph 144 of the SAC consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response is required, HSBC denies the allegations set forth in paragraph 144.

145.    Paragraph 145 of the SAC consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response is required, HSBC denies the allegations set forth in paragraph 145.

146.    Paragraph 146 of the SAC consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response is required, HSBC denies the allegations set forth in paragraph 146.

147.    HSBC denies the allegations set forth in paragraph 147 of the SAC.

148.    HSBC denies the allegations set forth in paragraph 148 of the SAC.

149.    HSBC denies the allegations set forth in paragraph 149 of the SAC.

150.    HSBC denies the allegations set forth in paragraph 150 of the SAC.

151.    HSBC denies the allegations set forth in paragraph 151 of the SAC.

152.     HSBC denies the allegations set forth in paragraph 152 of the SAC.

153.     HSBC denies the allegations set forth in paragraph 153 of the SAC.  In further answering paragraph 153, HSBC states that the terms of plaintiff's mortgage loan documents speak for themselves as to their content.

154.     HSBC denies the allegations set forth in paragraph 154 of the SAC.

155.     HSBC denies the allegations set forth in paragraph 155 of the SAC.

156.     HSBC denies the allegations set forth in paragraph 156 of the SAC.

157.     HSBC denies the allegations set forth in paragraph 157 of the SAC.

158.     HSBC denies the allegations set forth in paragraph 158 of the SAC.

159.     HSBC denies the allegations set forth in paragraph 159 of the SAC.

160.     HSBC denies that plaintiff is entitled to the requested relief set forth in paragraph 160 of the SAC.

161.     HSBC denies the allegations set forth in paragraph 161 of the SAC.

162.     HSBC denies the allegations set forth in paragraph 162 of the SAC.

163.     HSBC denies the allegations set forth in paragraph 163 of the SAC.

164.     HSBC denies that plaintiff is entitled to the requested relief set forth in paragraph 164 of the SAC.

## X.     FIFTH CAUSE OF ACTION
(mistakenly labeled as "Fourth Cause of Action" in SAC)

165.     HSBC incorporates by reference its responses to Paragraphs 1 through 164 as if fully set forth herein.

166.     In answering the first sentence of paragraph 166 of the SAC, HSBC states that plaintiff's loan documents speak for themselves as to their content.  HSBC admits the allegations in

the third sentence of paragraph 166.  HSBC denies the remaining allegations set forth in paragraph 166.

167.    In response to the allegations set forth in paragraph 167 of the SAC, HSBC states that plaintiff's loan documents speak for themselves as to their content.  HSBC, upon information and belief, admits that Paul Financial provided plaintiff with a Truth in Lending Disclosure statement as required by federal law.  HSBC denies the remaining allegations set forth in paragraph 167.

168.    HSBC denies the allegations set forth in paragraph 168 of the SAC.

169.    HSBC denies the allegations set forth in paragraph 169 of the SAC.

170.    In response to the allegations set forth in paragraph 170 of the SAC, HSBC states that plaintiff's loan documents speak for themselves as to their content.  In further answering, HSBC denies the allegations set forth in paragraph 170.

171.    HSBC denies the allegations set forth in paragraph 171 of the SAC.

172.    HSBC denies the allegations set forth in paragraph 172 of the SAC.

173.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 173 of the SAC.

174.    HSBC denies the allegations set forth in paragraph 174 of the SAC.

175.    HSBC denies the allegations set forth in paragraph 175 of the SAC.

176.    HSBC denies that plaintiff is entitled to the requested relief set forth in paragraph 176 of the SAC.

## XI.    SIXTH CAUSE OF ACTION

177.    HSBC incorporates by reference its responses to Paragraphs 1 through 176 as if fully set forth herein.

178.    HSBC denies the allegations set forth in paragraph 178 of the SAC.

179.    HSBC denies the allegations set forth in paragraph 179 of the SAC.

180.    In response to the allegations set forth in paragraph 180 of the SAC, HSBC states that plaintiff's loan documents speak for themselves as to their content.  In further answering, HSBC denies the allegations set forth in paragraph 180.

181.    In response to the allegations set forth in paragraph 181 of the SAC, HSBC states that plaintiff's loan documents speak for themselves as to their content.  In further answering, HSBC denies the allegations set forth in paragraph 181.

182.    HSBC denies the allegations set forth in paragraph 182 of the SAC.

183.    HSBC denies the allegations set forth in paragraph 183 of the SAC.

184.    HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 184 of the SAC.

185.    HSBC denies the allegations set forth in paragraph 185 of the SAC.

186.    HSBC denies the allegations set forth in paragraph 186 of the SAC.

187.    HSBC denies the allegations set forth in paragraph 187 of the SAC.

188.    HSBC denies the allegations set forth in paragraph 188 of the SAC.

189.    HSBC denies the allegations set forth in paragraph 189 of the SAC.

190.    HSBC denies the allegations set forth in paragraph 190 of the SAC.

191.    HSBC denies the allegations set forth in paragraph 191 of the SAC.

192.    HSBC denies that plaintiff is entitled to the requested relief set forth in paragraph 192 of the SAC.

## XII.    PRAYER FOR RELIEF

HSBC denies that plaintiff is entitled to the requested relief.

**AFFIRMATIVE DEFENSES**

First Defense

The SAC fails to state a claim upon which relief can be granted against HSBC.

Second Defense

Plaintiff's claims against HSBC under the Truth in Lending Act are barred by TILA's statute of limitations. Plaintiff's remaining claims are otherwise barred by the applicable statutes of limitation and by the application of the doctrine of laches.

Third Defense

Plaintiff lacks standing to assert any claims against HSBC.

Fourth Defense

Plaintiff's claims, including the claims of the putative class, are barred by the doctrines of waiver, estoppel, release, ratification, assumption of risk, and res judicata.

Fifth Defense

Plaintiff's claims, including the claims of the putative class, are barred by the voluntary payment doctrine.

Sixth Defense

Plaintiff's claims are barred or limited by the application of the doctrine of failure to mitigate damages.

Seventh Defense

Plaintiff's claims are barred as a result of plaintiff's failure to join an indispensable party.

Eighth Defense

Any damages were the result of acts or omissions on the part of plaintiff and the members of the putative class or a third party for which HSBC is not responsible.

1

<u>Ninth Defense</u>

2

3

Plaintiff's claims are barred by the doctrine of equitable subrogation and by the application of the doctrine of unclean hands.

4

<u>Tenth Defense</u>

5

6

Plaintiff's claims are barred by the applicable Statute of Frauds and/or the parol evidence rule.

7

8

<u>Eleventh Defense</u>

9

10

11

12

Any claims by plaintiff under the federal Truth in Lending Act, 15 U.S.C. §§ 1635, *et seq*., are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations, or interpretations of the Federal Reserve Board.

13

<u>Twelfth Defense</u>

14

15

16

Any claims by plaintiff under the federal Truth in Lending Act, 15 U.S.C. §§ 1635, *et seq*., are barred to the extent that the alleged violations were not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures to avoid such error.

17

<u>Thirteenth Defense</u>

18

19

20

HSBC is not liable for any claims by plaintiff because HSBC's conduct at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

21

<u>Fourteenth Defense</u>

22

23

24

25

In connection with plaintiff's mortgage loan transaction, HSBC did not use unlawful, unfair or deceptive business practices within the meaning of California's Unfair Business Practices Act and did not otherwise conceal or fail to inform plaintiff of any material facts in violation of the Unfair Business Practices Act.  Bus. & Prof. Code §§ 17200, *et seq*.

26

27

28

**ANSWER OF DEFENDANT HSBC BANK USA, NATIONAL ASSOCIATION TO SECOND AMENDED CLASS ACTION COMPLAINT**          23          Case No. CV07-04496-SI

<u>Fifteenth Defense</u>

HSBC hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserve its right to amend the Answer and assert such defenses.

WHEREFORE, defendant HBSC Bank USA, National Association respectfully requests that the Court:

      i.   Enter a judgment in its favor on all counts of the Second Amended Complaint;

      ii.  Dismiss the Second Amended Complaint with prejudice;

      iii. Award HBSC Bank USA, National Association. its costs and expenses, including attorneys' fees incurred in this action; and

      iv. Grant such other relief as the Court deems just and proper.

1    HSBC Bank USA, National Association,

2

3   Dated:  July 9, 2008                 By:   */s/ Irene C. Freidel*
                                                Irene C. Freidel (*pro hac vice*)
4                                               Brian M. Forbes (*pro hac vice*)
                                                David D. Christensen (*pro hac vice*)
5                                               K&L GATES LLP
                                                State Street Financial Center
6                                               One Lincoln Street
                                                Boston, Massachusetts 02111
7                                               Telephone:  (617) 261-3100
                                                Facsimile:  (617) 261-3175
8                                               irene.freidel@klgates.com
                                                brian.m.forbes@klgates.com
9                                               david.christensen@klgates.com

10                                              Matthew G. Ball (SBN No. 208881)
                                                K&L GATES LLP
11                                              55 Second Street, Suite 1700
                                                San Francisco, California  94105-3493
12                                              Telephone: (415) 882-8200
                                                Facsimile:  (415) 882-8220
13                                              matthew.ball@klgates.com

14                                              Attorneys for Defendant HBSC Bank USA,
                                                National Association

15

16

17

18

19

20

21

22

23

24

25

26

27

28   **ANSWER OF DEFENDANT HSBC BANK USA,**          25          Case No. CV07-04496-SI
     **NATIONAL ASSOCIATION TO SECOND**
     **AMENDED CLASS ACTION COMPLAINT**