1  David M. Arbogast (SBN 167571)
   darbogast@law111.com
2  Jeffrey K. Berns, Esq. (SBN 131351)
   jberns@jeffbernslaw.com
3  **ARBOGAST & BERNS LLP**
   19510 Ventura Boulevard, Suite 200
4  Tarzana, California 91356
   Phone: (818) 961-2000; Fax: (310) 861-1775
5

6  Paul R. Kiesel, Esq. (SBN 119854)
   kiesel@kbla.com
7  Patrick DeBlase, Esq. (SBN 167138)
   deblase@kbla.com
8  Michael C. Eyerly, Esq. (SBN 178693)
   eyerly@kbla.com
9  **KIESEL BOUCHER LARSON LLP**
   8648 Wilshire Boulevard
10 Beverly Hills, California 90211
   Phone: (310) 854-4444; Fax: (310) 854-0812

11 [*Additional counsel listed on signature page*]
12 Attorneys for Plaintiff and all others Similarly Situated

13
14                    **UNITED STATES DISTRICT COURT**
15                    **NORTHERN DISTRICT OF CALIFORNIA**
16

17 | GREGORY M. JORDAN, individually and on behalf of all others similarly situated, | **CASE NO. C-07-04496-SI** |
   |---|---|
   | Plaintiff, | CLASS ACTION |
   | | [*Assigned to the Hon. Susan Illston*] |
   | v. | |
   | | **STIPULATED E-DISCOVERY PROTOCOL AND [PROPOSED] ORDER** |
   | PAUL FINANCIAL, LLC, and DOES 1 through 10 inclusive, | |
   | Defendants. | |
   | | Complaint Filed: August 29, 2007 |
   | | Trial Date: Not set yet. |

1    WHEREAS, Plaintiff GREGORY M. JORDAN and Defendant PAUL FINANCIAL LLC have agreed that the following protocol shall apply to the production of documents existing in electronic form by Defendants:

**1. General.** All documents that originally existed in native electronic form that are produced by Defendants in this action shall be produced in electronic image form in the manner provided herein. Each document's electronic image shall convey the same information and image as the original document. Documents that present imaging or formatting problems shall be promptly identified by the receiving party; the parties shall meet and confer to attempt to resolve the problems.

**2. Documents in Fixed Tangible Form.** All electronically stored information ("ESI") that exists in fixed tangible form, including emails, email attachments, word processing documents (e.g., Word, Word Perfect, etc.), presentation documents (e.g., PowerPoint, Presentations, ect.), PDF documents, TIFF documents and other complete expressions fixed in a tangible document form shall be saved electronically (or "printed") in a single page tagged image file format ("TIFF") image that reflects how the source document would have appeared if printed out to a printer attached to a computer viewing the file. Agreed metadata i.e., data describing the electronic files, such as "date last modified" should be produced in a text format linked to the associated files. Email attachments shall be ordered to immediately follow the email to which each is attached. Defendants shall produce a "load file" to accompany the images, which load file shall facilitate the use of the produced images by a document management or litigation support database system and shall identify document breaks for each document. The parties shall meet and confer to the extent reasonably necessary to agree to metadata fields that will be produced and to facilitate the import and use of the produced materials with commercially available document management or litigation support software.

**3. Document Unitization.** Each page of a document produced under paragraph 2, above shall be electronically saved into a separate image file. If a document is more than one page, the order of the images constituting the document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image file.

**4. Color.** If an original document contains color, the parties shall meet and confer regarding whether there is a reasonable need for that document to be produced in color images

**5.     Bates Numbering.** Each page of a document produced under paragraph 2 above shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document, preferably located at the bottom right hand corner of the document. There shall be no other legend or stamp placed on the document image unless a document qualifies for confidential treatment pursuant to the terms of the Protective Order in this litigation, or has been redacted in accordance with applicable law or Court order. In the case of confidential materials or materials redacted in accordance with applicable law or Court order, a designation may be "burned" onto the document's image at a location that does not obliterate or obscure any information from the source document. The Bates Number sequence shall be entirely alphanumeric, with no spaces or symbols.

**6.     File Naming Conventions.** Each such document image file shall be named with the unique Bates Number of the single-page TIFF image, followed by the extension ".tif."

**7.     Electronic Text Files.** Each page of a document produced under paragraph 2 above shall include a text file reflecting the full text that has been electronically extracted from the original, native electronic files ("Extracted Text"). The Extracted Text shall be provided in ASCII text format and shall be labeled and produced on Production Media in accordance with the provisions of paragraph 8. Each text file will be the text that corresponds to each single page TIFF image, and will be named with the same Bates Number as its corresponding single page TIFF file, except that the Extracted Text file name will be followed by the extension ".txt." Each Extracted Text file will be placed in the same file directory as its corresponding TIFF image file. Redacted documents may not have extracted text files. The parties shall meet and confer regarding any disagreement about inclusion of extracted text.

**8.     Production Media.** Defendants shall produce documents on CD-ROM, DVD, external hard drive (with standard PC compatible interface), or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Each item of Production Media shall identify a production number corresponding to the production "wave" the documents on the Production Media are associated with (e.g., "PF0001," "PF002"), as well as the volume of the material in that production wave (e.g., "-001," "-002"). For example, if the first production wave by Defendants comprises document images on three hard drives, Defendants shall label

1  each hard drive in the following manner: "PF001-001," "PF001-002," "PF001-003."  Additional
2  information that shall be identified on the physical Production Media shall include: (1) text referencing
3  that it was produced in [Case Docket No.], (2) the producing party's name, (3) the type of materials on
4  the media (e.g., "Documents," "OCR Text," "Objective Coding," etc.), (4) the production date, (5) the
5  Bates Number range of the materials contained on the Production Media and (6) the document custodian
6  for each Bates Number range of materials.

7  **9.    Databases and Other Dynamically-Stored ESI.**  The parties shall meet and confer
8  regarding the format of production for databases and other dynamically-stored ESI.

9  **10.    Software Applications to Access Databases and Other Dynamically-Stored ESI.**  The
10  parties shall meet and confer regarding the format of production for databases and other
11  dynamically-stored ESI.

12  **11.    Other Files.**  The parties shall meet and confer to determine whether certain files,
13  including excel and spreadsheet files, video files and audio files need to be produced in native format,
14  including all metadata and metadata files.

15  **12.    Original Documents.**  Defendants shall retain and preserve the original native electronic
16  source documents in a manner so as to preserve the metadata associated with these electronic materials
17  in the event review of such metadata is warranted.  Plaintiffs reserve the right to seek all documents in
18  their native format.  Defendants reserve the right to object to producing any document in native format,
19  and to object to producing the same electronically stored information in more than one form.

20
21  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
22  DATED: July 29, 2008                               **ARBOGAST & BERNS LLP**
23
24                                                    By: _/s/ David M. Arbogast_
                                                          David M. Arbogast
25                                                        19510 Ventura Boulevard, Suite 200
                                                          Tarzana, California 91356
26                                                        Phone: (818) 961-2000
                                                          Fax:    (818) 867-4820
27  / / /
28  / / /

-4-

STIPULATED E-DISCOVERY PROTOCOL - C-07-04496-SI

| | |
|---|---|
| | **KIESEL BOUCHER LARSON LLP**<br>Paul R. Kiesel, Esq. (SBN 119854)<br>kiesel@kbla.com<br>Patrick DeBlase, Esq. (SBN 167138)<br>deblase@kbla.com<br>Michael C. Eyerly, Esq. (SBN 178693)<br>eyerly@kbla.com<br>8648 Wilshire Boulevard<br>Beverly Hills, California 90211<br>Phone:  (310) 854-4444<br>Fax:     (310) 854-0812 |
| | **SEEGER WEISS LLP**<br>Jonathan Shub (SBN 237708)<br>jshub@seegerweiss.com<br>1515 Market Street, Suite 1380<br>Philadelphia, PA 19107<br>Phone: (215) 564-2300<br>Fax     (215) 851-8029 |
| | Attorneys for Plaintiff GREGORY M. JORDAN and all others Similarly Situated |
| DATED: July 29, 2008 | **KIRKPATRIC & LOCKHART PRESTON GATES ELLIS LLP**<br><br>By: _/s/ Irene C. Freidel_<br>Irene C. Freidel (Admitted *Pro Hac Vice*)<br><br>Attorneys for Defendant<br>PAUL FINANCIAL LLC |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____, 2008

Hon. Susan Illston
UNITED STATES DISTRICT JUDGE

STIPULATED E-DISCOVERY PROTOCOL - C-07-04496-SI