IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY M. JORDAN, on behalf of a putative class,<br><br>    Plaintiff,<br><br>  v.<br><br>PAUL FINANCIAL, LLC, et al.,<br><br>    Defendants.<br>_____/ | No. C 07-04496 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DENY OR CONTINUE DEFENDANTS' SUMMARY JUDGMENT MOTION** |

Plaintiff has filed a motion to continue defendants' summary judgment motion pursuant to Federal Rule of Civil Procedure 56(f). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument. Having considered the papers submitted, and for good cause shown, plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

**BACKGROUND**

This dispute arises from plaintiff's "payment-option adjustable rate" mortgage ("option ARM loan"). Plaintiff brings claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*; and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; as well as common law claims for fraud, breach of contract, and breach of the covenant of good faith and fair dealing. On January 27, 2009 the Court denied plaintiff's motion for class certification and motion for a preliminary injunction. [Docket No. 152] Defendants filed a motion for summary judgment on December 30, 2008. [Docket No. 125] On February 5, 2009, plaintiff moved to deny or continue defendants' motion pursuant to Federal Rule of Civil Procedure 56(f). [Docket No. 155] Defendants'

summary judgment motion was originally set for hearing on February 13, 2009.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(f), upon a showing by the party opposing a motion for summary judgment that "for specified reasons, it cannot present facts essential to justify its opposition," the court may deny or continue the motion for summary judgment in order to permit that party an opportunity to obtain necessary discovery. *See* Fed. R. Civ. Pro. 56(f). "Ordinarily, summary judgment should not be granted when there are relevant facts remaining to be discovered, but the party seeking a continuance bears the burden to show what specific facts it hopes to discover that will raise an issue of material fact." *Cont'l Mar. v. Pac. Coast Metal Trades*, 817 F.2d 1391, 1395 (9th Cir. 1987). "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment. Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." *Family Home & Fin. Ctr. Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (internal citation omitted).

**DISCUSSION**

**1.     Plaintiff's Discovery Requests**

Plaintiff contends that defendants' summary judgment motion is premature. He requests that the Court deny or continue defendants' motion for summary judgment while he pursues further discovery. In his opening brief, plaintiff contends that he requires broad discovery on a myriad of issues. He narrows the issues in his reply brief to five categories of discovery. The Court will consider each in turn.

**A.     Discovery on the interactions between Paul Financial and plaintiff's mortgage broker**

Plaintiff seeks "discovery concerning Paul Financial's interactions with [plaintiff's] mortgage broker." Pl. Reply at 2. This request fails for three reasons. First, it is too broad and vague to comply

with the requirements set forth in *Family Home*. Plaintiff does not set forth in an affidavit what <u>specific</u> facts plaintiff hopes to elicit and has not shown that those facts exist and that they are <u>essential</u> to opposing defendants' motion. *See Family Home*, 525 F.3d at 827.

Second, it is not clear to the Court why evidence of Paul Financial's relationship with plaintiff's mortgage broker is relevant, much less essential. Plaintiff claims that this discovery pertains to his claim for fraudulent omission. The mortgage broker, however, is not a party to this action and plaintiff does not allege in his complaint that Paul Financial is liable for the mortgage broker's acts.

Third, Dennis Tussey, Paul Financial's executive vice president, states in a declaration that Paul Financial has already produced this discovery. Decl. of Dennis Tussey in Supp. of Opp. to Pl. Mot. ¶ 4. According to Mr. Tussey, "Paul Financial does not possess further information from its records, not previously produced, that pertains to plaintiff's loan transaction with [plaintiff's mortgage broker]." *Id.*

Accordingly, plaintiff has failed to establish that further discovery on Paul Financial's interactions with plaintiff's mortgage broker is essential for plaintiff to oppose defendants' summary judgment motion.

**B.  Discovery on documents concerning the computer programs that generated plaintiff's loan documents**

Plaintiff requests documents concerning the computer programs that Paul Financial used to generate plaintiff's loan documents. Plaintiff contends these documents will reveal that the computer programs were designed to (1) exclude "important material information" from plaintiff's loan documents and (2) generate payment schedules based on an artificially high "teaser" rate.

Plaintiff argues that the documents he seeks are relevant to the issue of Paul Financial's intent. In their summary judgment motion, however, defendants argue that there is no factual dispute as to whether Paul Financial intended to induce plaintiff's reliance because Paul Financial had no contact with plaintiff over the terms of the loan; all such negotiations were conducted by the mortgage broker. The documents plaintiff seeks, which pertain to the computer programs that generated the loan documents, would not help plaintiff defeat this argument. Moreover, the loan documents speak for themselves. If Paul Financial omitted material information and disclosed false payment schedules,

3

plaintiff need not introduce evidence of how the computer programs that generated the documents were created in order to establish that there is a factual dispute over whether Paul Financial intended plaintiff to rely on those misrepresentations. For these reasons, plaintiff has failed to meet his burden in establishing that documents pertaining to the computer programs that generated plaintiff's loan documents are essential to opposing defendants' summary judgment motion.

### C.    Discovery on communications between defendants and governmental agencies

Plaintiff requests "discovery relating to communications between [d]efendants and any governmental agency regarding Regulation Z, the Truth in Lending Act, or any actual or proposed regulations relating to home mortgage loans." Pl. Mot. at 9. Plaintiff contends that the communications will reveal that the government warned Paul Financial about its loan documents. This evidence would be relevant to prove Paul Financial knew the documents were false.

The Court agrees that evidence that a government agency warned Paul Financial about the company's disclosures would tend to prove that Paul Financial knew its disclosures were false or misleading. Accordingly, the Court will grant plaintiff's request for the following discovery:

> All documents relating to any communication between you and any governmental agency regarding Regulation Z, the Truth in Lending Act, or any actual or proposed regulations relating to Gregory Jordan's home mortgage loan.

In his motion, plaintiff discusses only government warnings to Paul Financial. He therefore may not propound this request on any other defendants. Paul Financial must produce responsive documents <u>within 10 days of the filing of this Order</u>.

### D.    Discovery on Paul Financial's profits from plaintiff's loan

Plaintiff requests "discovery relating to Paul Financial's profits from [p]laintiff's Option ARM loan . . . ." Pl. Mot. at 9. Plaintiff contends that this evidence is relevant to scienter, apparently because evidence that plaintiff's loan was profitable is probative of Paul Financial's intent to defraud. The Court disagrees. Even if plaintiff can prove that his loan was lucrative for Paul Financial, it does not follow that the company intended to defraud him. Moreover, this information would not help plaintiff oppose defendants' summary judgment motion on the issue of intent to induce reliance, as discussed above.

4

Finally, plaintiff does not explain what documents he would need to in order to prove that Paul Financial profited from plaintiff's loans. With this vague, broad request, plaintiff fails to meet his burden of showing specific facts that would be essential to opposing defendants' motion for summary judgment.

### E. Discovery related to plaintiff's claims under California's Unfair Competition Law

Plaintiff seeks to depose the individuals who claim they have produced documents responsive to plaintiff's broad requests for discovery related to his claims under California's Unfair Competition Law ("UCL"). Plaintiff fails to set forth in an affidavit what specific information he seeks through these depositions and does not show how this evidence is essential to opposing defendants' motion for summary judgment. Accordingly, the Court DENIES plaintiff's request to continue defendants' motion so that he may depose these witnesses.

### 2. Timing of Defendants' Motion

Plaintiff raises two other arguments in support of his contention that defendants' summary judgment motion is premature. First, plaintiff argues that the Court has not set a discovery cut-off date. Whether the Court has set a discovery cut-off date is irrelevant, however, because Rule 56(b) provides that a defendant "may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." *See* Fed. R. Civ. P. 56(b).

Plaintiff also argues that "in the interest of judicial economy," the Court should not rule on defendants' motion for summary judgment on plaintiff's claims under the Truth in Lending Act ("TILA") until plaintiff has had an opportunity to amend his complaint. According to plaintiff, in the Court's February 27 Order denying plaintiff's motion for class certification, the Court "invited" plaintiff to file an amended complaint. This is incorrect. The Court held that if plaintiff wishes to redefine the putative class, this issue is more properly raised in a motion for leave to amend his complaint, not in plaintiff's reply in the class certification briefing. *See* Feb. 27 Order at *10. [Docket No. 152] Plaintiff's attempts to amend his complaint so as to redefine the national TILA class have no bearing on the merits of his individual TILA claims. Thus, contrary to plaintiff's contention, it would promote

5

judicial efficiency for the Court to evaluate the merits of plaintiff's individual claims before allowing plaintiff another attempt at class certification. This is especially in true in light of the Court's conclusion that at least some of plaintiff's TILA claims are time barred. *See id.* at *5.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART AND DENIES IN PART plaintiff's motion to continue defendants' motion for summary judgment. Paul Financial must comply with the aforementioned discovery request regarding communications with government agencies within 10 days of the filing of this Order. Plaintiff shall file his opposition to defendants' summary judgment motion by March 27, 2009. Defendants shall file their reply by April 3, 2009. Defendants' motion shall be heard on April 17, 2009 at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: March 11, 2009

SUSAN ILLSTON
United States District Judge