1  RICHARD J. SAHATJIAN (SBN 252442)
   rsahatjian@buckleysandler.com
2  BUCKLEYSANDLER LLP
   100 Wilshire Boulevard, Suite 1000
3  Santa Monica, CA 90401
   Telephone: (424) 203-1000
4  Facsimile: (424) 203-1019

5  BENJAMIN B. KLUBES (admitted *pro hac vice*)
   bklubes@buckleysandler.com
6  MICHELLE L. ROGERS (admitted *pro hac vice*)
   mrogers@buckleysandler.com
7  BUCKLEYSANDLER LLP
   1250 24th Street, NW, Suite 700
8  Washington, DC 20037
   Telephone: (202) 349-8000
9  Facsimile: (202) 349-8080

10 *Attorneys for Defendant RBS Financial Products Inc.*

11

                    **UNITED STATES DISTRICT COURT**
12
                    **NORTHERN DISTRICT OF CALIFORNIA**
13
                    **SAN FRANCISCO DIVISION**
14

15 GREGORY M. JORDAN, ELI GOLDHABER,        Case No. 3:07-CV-04496-SI
   and JOSEPHINA GOLDHABER, individually
16 and on behalf of all others similarly situated,   CLASS ACTION

17          Plaintiffs,                       Hon. Susan Illston

18     v.                                     **RBS FINANCIAL PRODUCTS INC.'S**
                                              **ANSWER TO FOURTH AMENDED**
19 PAUL FINANCIAL, LLC, LUMINENT             **CLASS ACTION COMPLAINT**
   MORTGAGE CAPITAL, INC., HSBC BANK
20 USA, N.A., AS TRUSTEE OF LUMINENT
   MORTGAGE TRUST 2006-2, RBS
21 FINANCIAL PRODUCTS, INC., and DOES 2
   through 10 inclusive,
22
            Defendants.
23

24

25

26

27

28

1    Defendant RBS Financial Products Inc. ("RBS") hereby answers the Fourth Amended Class

2    Action Complaint ("FAC") filed on October 7, 2009 by Plaintiff Gregory M. Jordan ("Plaintiff

3    Jordan") and Plaintiffs Eli Goldhaber and Josephina Goldhaber ("Plaintiffs Goldhabers" and,

4    collectively with Plaintiff Jordan, "Plaintiffs" ).  Except as expressly admitted herein, all

5    allegations in the FAC are denied.  RBS lacks information or knowledge sufficient to form a belief

6    as to the truth of the allegations against any defendant other than RBS.  As such, the below

7    responses apply only to RBS and not to any other named defendant.

8                                              I.

9                                      **INTRODUCTION**

10    1.    The first sentence of Paragraph 1 states conclusions of law to which no response is

11    required.  To the extent a response is required, RBS admits that the FAC purports to state claims

12    predicated on the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), which this Court has

13    dismissed (*see* note 1), California's Business & Professionals Code § 17200, *et seq.* (the "UCL"),

14    and common law fraudulent omissions.[1]  With respect to the second sentence of Paragraph 1, RBS

15    denies the allegations except to admit that Plaintiffs purport to bring their stated claims against the

16    defendants named therein.  RBS further denies that it has engaged in any wrongful conduct, denies

17    that it is liable to Plaintiffs or any class of plaintiffs, denies that Plaintiffs or any class of plaintiffs

18    are entitled to any relief sought in the FAC, and denies any other allegations directed toward it

19    pursuant to these claims.   The third sentence of Paragraph 1 only states a definition to which no

20    response is required.  To the extent a response is required, RBS denies that allegation, and further

21    denies that there were any "material omissions."  RBS lacks knowledge or information sufficient to

22    form a belief as to the truth of the allegations in Paragraph 1 to the extent they are directed toward

23    other defendants, and therefore denies those allegations on that basis as well.

24    _____

25    [1]    This Court dismissed Plaintiffs' TILA cause of action against RBS with prejudice in its
       September 30, 2010 Order.  *See* Docket No. 295.  RBS therefore objects to answering the
26    allegations contained in Plaintiffs' FAC that relate to TILA.  To the extent RBS provides herein
       answers related to TILA, RBS does so because Plaintiffs incorporate the allegations contained in
27    their TILA cause of action into their fraudulent omissions cause of action.  *See infra* note 4.  RBS
       also expressly objects to such incorporation by reference, and further denies that allegation.  *See*
28    *infra* ¶ 82.

## II.

## THE PARTIES

2.      Paragraph 2 does not contain any material allegations concerning RBS and, on that basis, RBS does not respond to the statements contained therein.  To the extent a response is required, RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, fourth, fifth, and sixth sentences of Paragraph 2, and thus denies each allegation in those sentences on that basis.  With respect to the third sentence of Paragraph 2, RBS admits only that an Exhibit 1 is attached to the FAC that purports to be Plaintiff Jordan's Loan Documents, but RBS lacks knowledge or information as to whether Exhibit 1 is a true and correct copy of the documents executed by Plaintiff Jordan, and thus denies each allegation in that sentence on that basis.

3.      The first, second, and third sentences of Paragraph 3 do not contain any material allegations concerning RBS and, on that basis, RBS does not respond to the statements contained therein.  To the extent a response is required, RBS admits that Plaintiffs Goldhabers allege to have executed various loan documents dated July 28, 2005 for a refinance loan secured by Plaintiffs Goldhabers' property located in Valencia, California ("Plaintiffs Goldhabers' Loan") and that identify Paul Financial, LLC ("Paul Financial") as Plaintiffs Goldhabers' lender.  RBS further admits that an Exhibit 2 is attached to the FAC that purports to be Plaintiffs Goldhabers' Loan Documents, but that RBS lacks knowledge or information as to whether Exhibit 2 is a true and correct copy of the documents executed by Plaintiffs Goldhabers, and thus denies that allegation on that basis.  With respect to the fourth sentence of Paragraph 3, RBS denies that it purchased Plaintiffs Goldhabers' Loan on August 4, 2005, and states only that the Master Mortgage Loan Purchase and Interim Servicing Agreement ("MLPA") referenced therein speaks for itself.  RBS admits the allegation in the fifth sentence of Paragraph 3.  Except as expressly admitted herein, RBS denies the allegations in Paragraph 3.

4.      Paragraph 4 does not contain any material allegations concerning RBS and, on that basis, RBS does not respond to the statements contained therein.  To the extent Paragraph 4

1  requires a response, RBS lacks knowledge or information sufficient to form a belief as to the truth

2  of the allegations in Paragraph 4 regarding Paul Financial.

3       5.     Paragraph 5 does not contain any material allegations concerning RBS and, on that

4  basis, RBS does not respond to the statements contained therein.  To the extent Paragraph 5

5  requires a response, RBS lacks knowledge or information sufficient to form a belief as to the truth

6  of the allegations in Paragraph 5 regarding Paul Financial.

7       6.     Paragraph 6 does not contain any material allegations concerning RBS and, on that

8  basis, RBS does not respond to the statements contained therein.  To the extent Paragraph 6

9  requires a response, RBS lacks knowledge or information sufficient to form a belief as to the truth

10  of the allegations in Paragraph 6 regarding Luminent Mortgage Capital, Inc.

11       7.     RBS denies the allegations contained in the first sentence of Paragraph 7.  RBS

12  denies the allegations contained in the second sentence of Paragraph 7, except that RBS admits that

13  it purchased Plaintiffs Goldhabers' Loan from Paul Financial.  RBS denies the allegations

14  contained in the third sentence of Paragraph 7, except that RBS admits that it purchased certain

15  Option ARM loans from Paul Financial.  RBS denies the allegations contained in the fourth

16  sentence of Paragraph 7, except that RBS admits that it purchased and sold certain Option ARM

17  loans, including Plaintiffs Goldhabers' Loan.  Except as expressly admitted herein, RBS denies the

18  allegations in Paragraph 7.

19       8.     RBS denies the allegations in Paragraph 8.  RBS lacks knowledge or information

20  sufficient to form a belief as to the truth of the allegations in Paragraph 8 to the extent they are

21  directed toward other defendants, and therefore denies those allegations on that basis as well.

22  Except as expressly admitted herein, RBS denies the allegations in Paragraph 8.

23       9.     RBS denies the allegations in Paragraph 9, except that it admits that it has bought

24  and sold certain Option ARM loans from Paul Financial.  RBS lacks knowledge or information

25  sufficient to form a belief as to the truth of the allegations in Paragraph 9 to the extent they are

26  directed toward other defendants, and therefore denies those allegations on that basis as well.

27  Except as expressly admitted herein, RBS denies the allegations in Paragraph 9.

28

4

RBS'S ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT
*Jordan et al. v. Paul Financial, LLC, et al.*, No. 3:07-CV-04496-SI

10.     RBS denies the allegations in Paragraph 10.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 to the extent they are directed toward other defendants, and therefore denies those allegations on that basis as well.

11.     Paragraph 11 does not contain any material allegations concerning RBS and, on that basis, RBS does not respond to the statements contained therein.  To the extent a response is required, RBS denies the allegations in Paragraph 11.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 to the extent they are directed toward other defendants, and therefore denies those allegations on that basis as well.

12.     RBS denies the allegations in Paragraph 12.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 to the extent they are directed toward other defendants, and therefore denies those allegations on that basis as well.

13.     Paragraph 13 does not contain any material allegations concerning RBS and, on that basis, RBS does not respond to the statements contained therein.  To the extent a response is required, RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 regarding Defendant Does 2 through 10, and thus denies each allegation on that basis as well.

14.     Paragraph 14 does not contain any material allegations concerning RBS and, on that basis, RBS does not respond to the statements contained therein.  To the extent a response is required, RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 regarding Defendant Does 2 through 10, and thus denies each allegation on that basis as well.

15.     RBS denies the allegations in Paragraph 15, except to admit only that it bought, and subsequently sold, Plaintiffs Goldhabers' Loan and certain other Option ARM loans from Paul Financial.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 to the extent they are directed toward other defendants, and therefore denies those allegations on that basis as well.  Except as expressly admitted herein, RBS denies the allegations in Paragraph 15.

16.     RBS denies the allegations in Paragraph 16. RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 to the extent they are directed toward other defendants, and therefore denies those allegations on that basis as well.

17.     RBS denies the allegations in Paragraph 17. RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 to the extent they are directed toward other defendants, and therefore denies those allegations on that basis as well.

18.     RBS denies the allegations in Paragraph 18. RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 to the extent they are directed toward other defendants, and therefore denies those allegations on that basis as well.

19.     Paragraph 19 states conclusions of law to which no response is required. To the extent a response is required, RBS denies the allegations contained in Paragraph 19, except that RBS admits that it purchased, and subsequently sold, Plaintiffs Goldhabers' Loan and certain other Option ARM loans from Paul Financial. Except as expressly admitted herein, RBS denies all other allegations in Paragraph 19. RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 to the extent they are directed toward the other defendants, and therefore denies those allegations on that basis as well.

### III.

### JURISDICTION AND VENUE

20.     Paragraph 20 states a conclusion of law to which no response is required.

21.     Paragraph 21 states a conclusion of law to which no response is required.

22.     Paragraph 22 states a conclusion of law to which no response is required.

### IV.

### FACTS COMMON TO ALL CAUSES OF ACTION

23.     RBS denies the allegations in Paragraph 23, except that RBS admits it purchased and subsequently sold Plaintiffs Goldhabers' Loan and certain other Option ARM loans. Except as expressly admitted herein, RBS denies all other allegations in Paragraph 23. RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 to the

extent they are directed toward the other defendants, and therefore denies those allegations on that basis as well.

24.     RBS denies the allegations in Paragraph 24.  RBS further states that the Note and Truth in Lending Disclosure Statement (the "TILDS") are unique among borrowers and speak for themselves.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 to the extent they are directed toward the other defendants, and therefore denies those allegations on that basis as well.

25.     RBS denies the allegations in Paragraph 25.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 to the extent they are directed toward the other defendants, Plaintiffs, or any class of plaintiffs, and therefore denies those allegations on that basis.

26.     RBS denies the allegations in Paragraph 26.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 to the extent they are directed toward the other defendants, and therefore denies those allegations on that basis as well.

27.     RBS denies the allegations in Paragraph 27.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 to the extent they are directed toward Plaintiffs, any class of plaintiffs, or other defendants, and therefore denies those allegations on that basis as well.

28.     The first sentence of Paragraph is a statement of opinion, to which no response is required.  To the extent a response is required, RBS denies the allegation contained in the first sentence of Paragraph 28.  RBS denies the remainder of the allegations in Paragraph 28, and states only that the Loan Documents referenced therein speak for themselves.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 to the extent they are directed toward other defendants, and therefore denies those allegations on that basis as well.

29.     RBS denies the allegations in Paragraph 29.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 to the extent that they

1   are allegations regarding Plaintiffs, any class of plaintiffs, or defendants, and thus denies the

2   allegations on that basis as well.

3       30.     RBS denies the allegations in Paragraph 30.  RBS lacks knowledge or information

4   sufficient to form a belief as to the truth of the allegations in Paragraph 30 to the extent that they

5   are allegations regarding other defendants, Plaintiffs, or any class of plaintiffs, and thus denies the

6   allegations on that basis as well.

7       31.     RBS denies the allegations in Paragraph 31.  RBS lacks knowledge or information

8   sufficient to form a belief as to the truth of the allegations in Paragraph 31 to the extent that they

9   are allegations regarding other defendants, Plaintiffs, or any class of plaintiffs, and thus denies the

10  allegations on that basis as well.

11      32.     RBS denies the allegations in Paragraph 32, and states only that the Loan

12  Documents referenced therein speak for themselves.  RBS lacks knowledge or information

13  sufficient to form a belief as to the truth of the allegations in Paragraph 32 to the extent that they

14  are allegations regarding Plaintiffs, any class of plaintiffs, or defendants, and thus denies the

15  allegations on that basis as well.

16      33.     RBS denies the allegations in Paragraph 33.

17      34.     RBS denies the allegations in Paragraph 34.  RBS lacks knowledge or information

18  sufficient to form a belief as to the truth of the allegations in Paragraph 34 to the extent that they

19  are allegations regarding Plaintiffs or any class of plaintiffs, and thus denies the allegations on that

20  basis as well.

21      35.     RBS denies the allegations in Paragraph 35.

22      36.     RBS denies the allegations in Paragraph 36, and states only that the loan forms

23  identified therein speak for themselves.  RBS lacks knowledge or information sufficient to form a

24  belief as to the truth of the allegations in Paragraph 36 to the extent that they are allegations

25  regarding other defendants, and thus denies the allegations on that basis as well.

26

27

28

8

RBS'S ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT
*Jordan et al. v. Paul Financial, LLC, et al.*, No. 3:07-CV-04496-SI

**The Roles of Subsequent Purchasers**[2]

37.     Paragraph 37 does not contain any material allegations against RBS and, on that basis, RBS does not respond to the statements contained therein.  To the extent Paragraph 37 requires a response, RBS denies the allegations in Paragraph 37.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 to the extent that they are allegations regarding other defendants, Plaintiffs, or any class of plaintiffs, and thus denies the allegations on that basis as well.

38.     RBS admits the allegations in the first sentence of Paragraph 38.  RBS denies the allegations in the second sentence of Paragraph 38.  With respect to the allegations in the third sentence of Paragraph 38, RBS admits that Greenwich Capital Financial Products, Inc. changed its name to RBS Financial Products Inc. on April 1, 2009.  Except as expressly admitted herein, RBS denies the allegations in Paragraph 38.

39.     RBS denies the allegations in Paragraph 39.

40.     RBS denies the allegations in Paragraph 40

41.     RBS denies the allegations in Paragraph 41.

42.     RBS denies the allegations in Paragraph 42, and states only that the MLPA referenced therein speaks for itself.

43.     RBS denies the allegations in Paragraph 43 and subparagraphs (a) through (e) of Paragraph 43, and states only that any alleged MLPA referenced therein speaks for itself.

44.     RBS denies the allegations in Paragraph 44, and states only that any alleged MLPA referenced therein speaks for itself.

45.     RBS denies the allegations in Paragraph 45, and states only that any alleged MLPA referenced therein speaks for itself.

---

[2]     To the extent it is required to do so, RBS denies the allegation in this and any remaining header in the FAC.

9

**V.**

**CLASS ACTION ALLEGATIONS**

46.     Paragraph 46 does not contain any material allegations against RBS and, on that basis, RBS does not respond to the statements contained therein.  To the extent a response is required, RBS admits that Plaintiffs purport to bring this action on behalf of themselves and a class, but denies that class treatment is warranted or appropriate.  RBS further denies that a class of plaintiffs exists that meets the requirements of Federal Rule of Civil Procedure 23.

47.     <u>Numerosity</u>:  Paragraph 47 states conclusions of law to which no response is required.  To the extent a response is required, RBS denies the allegations in Paragraph 47, and further denies that a class of plaintiffs exists that meets the requirements of Federal Rule of Civil Procedure 23.

48.     <u>Commonality</u>:  Paragraph 48 and subparagraphs (a) through (n) state conclusions of law to which no response is required.  To the extent a response is required, RBS denies the allegations in Paragraph 48 and its subparagraphs, and RBS further denies that a class of plaintiffs exists that meets the requirements of Federal Rule of Civil Procedure 23.

49.     <u>Typicality</u>:  Paragraph 49 states conclusions of law to which no response is required.  To the extent a response is required, RBS denies the allegations in Paragraph 49.  RBS further denies that a class of plaintiffs exists that meets the requirements of Federal Rule of Civil Procedure 23.

50.     <u>Adequacy</u>:  Paragraph 50 states conclusions of law to which no response is required.  To the extent a response is required, RBS denies the allegations in Paragraph 50.  RBS further denies that a class of plaintiffs exists that meets the requirements of Federal Rule of Civil Procedure 23.

51.     <u>Ascertainable Class</u>:  Paragraph 51 states conclusions of law to which no response is required.  To the extent a response is required, RBS denies the allegations in Paragraph 51.  RBS further denies that a class of plaintiffs exists that meets the requirements of Federal Rule of Civil Procedure 23.

52.     Paragraph 52 and subparagraphs (a) and (b) state conclusions of law to which no response is required.  To the extent a response is required, RBS denies the allegations in Paragraph 52 and subparagraphs (a) and (b).  RBS further denies that a class of plaintiffs exists that meets the requirements of Federal Rule of Civil Procedure 23.

## VI.

## FIRST CAUSE OF ACTION[3]

## Violations of Truth in Lending Laws, 15 U.S.C. § 1601, *et seq*.

## (Against All Defendants)

53.     RBS hereby incorporates by reference, as fully set forth herein, its answers and responses in Paragraphs 1-52 above.

54.     RBS denies the allegations in Paragraph 54.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 to the extent they are directed toward other defendants, and therefore denies those allegations on that basis as well.

55.     The first sentence of Paragraph 55 states a conclusion of law to which no response is required.  To the extent a response is required, RBS denies the allegations in the first sentence of Paragraph 55, and further states only that 15 U.S.C. § 1641(a) speaks for itself.  RBS denies the allegations in the second and third sentences of Paragraph 55.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 to the extent they are directed toward other defendants, and therefore denies those allegations on that basis as well.

### A.     Failure to Disclose That Negative Amortization Was Certain to Occur[4]

56.     Paragraph 56 does not contain any material allegation concerning RBS and, on that

---

[3]     This Court dismissed Plaintiffs' TILA cause of action against RBS with prejudice in its September 30, 2010 Order.  *See* Docket No. 295.  RBS therefore objects to answering the allegations contained in Plaintiffs' FAC that relate to TILA.  To the extent RBS provides herein answers related to TILA, RBS does so because the allegations contained in the FAC's First Cause of Action (alleging violations of TILA) are incorporated by reference into Plaintiffs' Second Cause of Action (for fraudulent omissions), wherein Plaintiffs allege omissions premised on a duty to disclose imposed by TILA upon the "Defendants."  RBS also expressly objects to such incorporation by reference, and further denies that allegation.  *See infra* ¶ 82.

[4]     To the extent it is required to do so, RBS denies the allegation in this header.

11

1   basis, RBS does not respond to the statements contained therein.  To the extent Paragraph 56

2   requires a response, RBS states only that the regulation cited therein speaks for itself.

3         57.    Paragraph 57 does not contain any material allegation concerning RBS and, on that

4   basis, RBS does not respond to the statements contained therein.  To the extent Paragraph 57

5   requires a response, RBS states that the commentary cited therein speaks for itself.

6         58.    RBS denies the allegations in Paragraph 58, to the extent they are meant to apply to

7   RBS, and further denies that RBS is a "lender."

8         59.    RBS denies the allegations in Paragraph 59.  RBS lacks knowledge or information

9   sufficient to form a belief as to the truth of the allegations in Paragraph 59 to the extent they are

10  directed toward other defendants, and therefore denies those allegations on that basis as well.

11        60.    RBS denies the allegations in Paragraph 60, and states only that the Notes

12  referenced therein speak for themselves.

13        61.    Paragraph 61 does not contain any material allegation concerning RBS and, on that

14  basis, RBS does not respond to the statements contained therein.  To the extent a response is

15  required, RBS denies the allegations in Paragraph 61.  RBS lacks knowledge or information

16  sufficient to form a belief as to the truth of the allegations in Paragraph 61 to the extent that they

17  are allegations regarding Plaintiffs or any class of plaintiffs, and thus denies the allegations on that

18  basis as well.

19     **B.      Failure to Disclose The Interest Rate Underlying The Payment Schedule**[5]

20        62.    Paragraph 62 states conclusions of law that do not require a response.  To the extent

21  a response is required, RBS denies the allegations in Paragraph 62 and only states that the

22  regulations cited therein speak for themselves.

23        63.    RBS denies the allegations in Paragraph 63.  RBS lacks knowledge or information

24  sufficient to form a belief as to the truth of the allegations in Paragraph 63 to the extent that they

25  are allegations regarding other defendants, and thus denies the allegations on that basis as well.

26

27  ────────────────

28  [5]      To the extent it is required to do so, RBS denies the allegation in this header.

64.     Paragraph 64 does not contain any material allegations concerning RBS and, on that basis, RBS does not respond to the statements contained therein.  To the extent that Paragraph 64 does require a response, RBS states only that the regulation cited therein speaks for itself.

65.     RBS denies the allegations in Paragraph 65.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 to the extent that they are allegations regarding other defendants, and thus denies the allegations on that basis as well.

**C.     Failure to Disclose That The Initial Interest Rate Was Discounted[6]**

66.     Paragraph 66 does not contain any material allegations concerning RBS and, on that basis, RBS does not respond to the statements contained therein.  To the extent that Paragraph 66 does require a response, RBS states only that the regulations and commentary cited therein speak for themselves.

67.     RBS denies the allegations in Paragraph 67.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 to the extent that they are allegations regarding Plaintiffs, any class of plaintiffs, or other defendants, and thus denies the allegations on that basis as well.

**D.     Failure to Clearly and Conspicuously Disclose The Actual Interest Rate[7]**

68.     RBS denies the allegations in Paragraph 68.

69.     RBS denies the allegations in Paragraph 69.

70.     RBS denies the allegations in Paragraph 70.

71.     RBS denies the allegations in Paragraph 71.

72.     RBS denies the allegations in Paragraph 72.

73.     Paragraph 73 does not contain any material allegations concerning RBS and, on that basis, RBS does not respond to the statements contained therein.  To the extent a response is required, RBS states only that the Notes referenced therein speak for themselves.

74.     RBS denies the allegations in Paragraph 74.

---

[6]     To the extent it is required to do so, RBS denies the allegation in this header.

[7]     To the extent it is required to do so, RBS denies the allegation in this header.

13

75.     RBS denies the allegations in Paragraph 75.

76.     RBS denies the allegations in Paragraph 76.

77.     Paragraph 77 does not contain any material allegations concerning RBS and, on that basis, RBS does not respond to the statements contained therein.  To the extent a response is required, RBS states only that the commentary cited therein speaks for itself.

78.     Paragraph 78 does not contain any material allegations concerning RBS and, on that basis, RBS does not respond to the statements contained therein.  To the extent a response is required, RBS denies the allegations in Paragraph 78.

79.     RBS denies the allegations in Paragraph 79.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 to the extent that they are allegations regarding other defendants, and thus denies the allegations on that basis as well.

80.     RBS denies the allegations in Paragraph 80.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 to the extent that they are allegations regarding other defendants, thus denies the allegations on that basis as well.

81.     RBS denies the allegations in Paragraph 81, and further denies that it has engaged in any wrongful conduct, denies that it is liable to Plaintiffs or any class of plaintiffs, denies that Plaintiffs or any class of plaintiffs are entitled to any of the relief sought in the FAC, and denies any other allegations directed toward it.

**VII.**

**<u>SECOND CAUSE OF ACTION</u>**

**Fraudulent Omissions**

**(Against All Defendants)**

82.     RBS hereby incorporates by reference, as fully set forth herein, its answers and responses in Paragraphs 1-81 above.

83.     RBS denies the allegations in Paragraph 83, including that it had any disclosure duty to Plaintiffs under TILA.

84.     RBS denies the allegations in Paragraph 84, including that it had any disclosure duty to Plaintiffs under common law.

14

85.     The first paragraph of Paragraph 85 does not contain any material allegations concerning RBS and, on that basis, RBS does not respond to the statements contained therein.  To the extent a response is required, RBS denies the allegations in the first sentence of Paragraph 85.  RBS denies the remaining allegations in Paragraph 85.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 to the extent that they are allegations regarding other defendants, and thus denies the allegations on that basis as well.

86.     RBS denies the allegations in Paragraph 86, and states only that the Notes and Loan Documents referenced therein speak for themselves.

87.     RBS denies the allegations in Paragraph 87, and states only that the Notes and Loan Documents referenced therein speak for themselves.

88.     RBS denies the allegations in Paragraph 88, and states only that the Notes and Loan Documents referenced therein speak for themselves.

89.     RBS denies the allegations in Paragraph 89, and states only that the Notes and Loan Documents referenced therein speak for themselves.

90.     RBS denies the allegations in Paragraph 90.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 to the extent that they are allegations regarding other defendants, and thus denies the allegations on that basis as well.

91.     RBS denies the allegations in Paragraph 91.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 to the extent that they are allegations regarding other defendants, Plaintiffs, or any class of plaintiffs, and thus denies the allegations on that basis as well.

92.     RBS denies the allegations in Paragraph 92.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 to the extent that they are allegations regarding other defendants, plaintiffs, or any class of plaintiffs, and thus denies the allegations on that basis as well.

93.     RBS denies the allegations in Paragraph 93.

94.     RBS denies the allegations in Paragraph 94.

95.     RBS denies the allegations in Paragraph 95.

96.     RBS denies the allegations in Paragraph 96, and further denies that it has engaged in any wrongful conduct, denies that it is liable to Plaintiffs or any class of plaintiffs, denies that Plaintiffs or any class of plaintiffs are entitled to any of the relief sought in the FAC, and denies any other allegations directed toward it.

## VIII.

## THIRD CAUSE OF ACTION

**Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq*.**

**"Unlawful," "Unfair" and "Fraudulent" Business Acts or Practices**

**(Against All Defendants)**

97.     RBS hereby incorporates by reference, as fully set forth herein, its answers and responses in Paragraphs 1-96 above.

98.     Paragraph 98 states a conclusion of law to which no response is required.  To the extent a response is required, RBS denies the allegations in Paragraph 98, and admits only that Plaintiffs purport to bring a claim on behalf of themselves and a class of plaintiffs.  RBS further denies that class treatment is appropriate, denies that a class of plaintiffs exists that meets the requirements of Federal Rule of Civil Procedure 23, denies that Plaintiffs are able to bring this claim as a private attorney general, denies that it engaged in any wrongful conduct, denies that it violated the UCL, and denies that Plaintiffs or any class of plaintiffs are entitled to any of the relief sought in the FAC.

99.     Paragraph 99 states a conclusion of law to which no response is required.  To the extent a response is required, RBS denies the allegations in Paragraph 99, and admits only that Plaintiffs purport to bring a claim under the UCL on behalf of themselves and a class of plaintiffs.

100.     Paragraph 100 states a conclusion of law to which no response is required.  To the extent a response is required, RBS denies the allegations in Paragraph 100 and admits only that Plaintiffs purport to bring a claim under the UCL on behalf of themselves and a class of plaintiffs.

101.     The first sentence of Paragraph 101 does not contain any material allegations concerning RBS and, on that basis, RBS does not respond to the statement therein.  To the extent a response is required to the first sentence of Paragraph 101, RBS admits that the Plaintiffs

16

Goldhabers obtained a loan from Paul Financial, that Plaintiff Jordan purports to have obtained a loan from Paul Financial, and that Plaintiffs purport to bring a claim on behalf of others who did the same.  RBS denies the allegations in the second sentence of Paragraph 101.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 to the extent they are allegations regarding Plaintiffs, any class of plaintiffs, or other defendants, and thus denies each allegation on that basis as well.

102.    RBS denies the allegations in Paragraph 102.

103.    RBS denies the allegations in Paragraph 103.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 to the extent they are allegations directed toward other defendants, and therefore denies those allegations on that basis as well.

104.    RBS denies the allegations in Paragraph 104.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 to the extent they are allegations directed toward other defendants, and therefore denies those allegations on that basis as well.

105.    RBS denies the allegations in Paragraph 105.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 to the extent they are allegations directed toward other defendants, and therefore denies those allegations on that basis as well.

106.    RBS denies the allegations in Paragraph 106.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 to the extent they are allegations directed toward other defendants, and therefore denies those allegations on that basis as well.

107.    Unlawful:[8]   RBS denies the allegations in Paragraph 107.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 to the

_____

[8]      RBS further states that in the Court's September 30, 2010 Order, the Court dismissed, with prejudice, Plaintiffs' UCL claims against RBS under the unlawful prong to the extent those claims were predicated on TILA, and dismissed, with leave to amend, Plaintiffs' UCL claims against RBS under the unlawful prong to the extent those claims were predicated on the Federal Trade

1   extent that they are allegations directed toward other defendants, and therefore denies those

2   allegations on that basis as well.

3       108.    Unfair:  RBS denies the allegations in Paragraph 108.  RBS lacks knowledge or

4   information sufficient to form a belief as to the truth of the allegations in Paragraph 108 to the

5   extent that they are allegations directed toward other defendants, and therefore denies those

6   allegations on that basis as well.

7       109.    RBS denies the allegations in Paragraph 109.  RBS lacks knowledge or information

8   sufficient to form a belief as to the truth of the allegations in Paragraph 109 to the extent that they

9   are allegations regarding Plaintiffs, any class of plaintiffs, or other defendants, and therefore denies

10  those allegations on that basis as well.

11      110.    RBS denies the allegations in Paragraph 110.  RBS lacks knowledge or information

12  sufficient to form a belief as to the truth of the allegations in Paragraph 110 to the extent they are

13  allegations regarding other defendants, and therefore denies those allegations on that basis as well.

14      111.    RBS denies the allegations in Paragraph 111.  RBS lacks knowledge or information

15  sufficient to form a belief as to the truth of the allegations in Paragraph 111 to the extent they are

16  allegations regarding Plaintiffs, any class of plaintiffs, or other defendants, and therefore denies

17  those allegations on that basis as well.

18      112.    Fraudulent:  RBS denies the allegations in Paragraph 112.  RBS lacks knowledge or

19  information sufficient to form a belief as to the truth of the allegations in Paragraph 112 to the

20  extent that they are allegations directed toward other defendants, and therefore denies those

21  allegations on that basis as well.

22      113.    RBS denies the allegations in Paragraph 113.  RBS lacks knowledge or information

23  sufficient to form a belief as to the truth of the allegations in Paragraph 113 to the extent that they

24  are allegations directed toward other defendants, and therefore denies those allegations on that

25  basis as well.

26

27

28  Commission Act, *see* Docket No. 295.  Plaintiffs did not do so, and RBS therefore denies the
    allegations in Paragraph 107 on those bases as well.

1    114.    RBS denies the allegations in Paragraph 114.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 to the extent that they are allegations directed toward other defendants, and therefore denies those allegations on that basis as well.

115.    RBS denies the allegations in Paragraph 115.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 to the extent that they are allegations directed toward other defendants, and therefore denies those allegations on that basis as well.

116.    RBS denies the allegations in Paragraph 116.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 to the extent that they are allegations directed toward other defendants, and therefore denies those allegations on that basis as well.

117.    RBS denies the allegations in Paragraph 117, and further denies that it has engaged in any wrongful conduct, denies that it is liable to Plaintiffs or any class of plaintiffs, and denies that Plaintiffs or any class of plaintiffs are entitled to any of the relief sought in the FAC.  RBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 to the extent that they are allegations directed toward other defendants, and therefore denies those allegations on that basis as well.

## IX.[9]

## **PRAYER FOR RELIEF**

RBS denies the allegations contained in subparts A through M of the "Prayer for Relief" to the extent such allegations apply to RBS, and further denies that Plaintiffs are entitled to any of the relief sought in their FAC, including the relief identified in subparts A through M.

WHEREFORE, RBS seeks relief in its favor as prayed for herein, including a judgment in

---

[9] The FAC mis-numbers this section as section "XII."  For ease of reference, it is referred to as such herein.

19

RBS'S ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT
*Jordan et al. v. Paul Financial, LLC, et al.*, No. 3:07-CV-04496-SI

1 | its favor, dismissal of this action, an award of costs, an award of reasonable attorneys' fees, and

2 | such other and further relief as the Court deems appropriate.

3 |

4 | **AFFIRMATIVE DEFENSES**

5 | **FIRST AFFIRMATIVE DEFENSE**

6 |     Plaintiffs' FAC fails to state a claim or cause of action against RBS because, among other

7 | things: (1) Plaintiffs' FAC does not identify any basis pursuant to which RBS had a duty to

8 | disclose material information to Plaintiffs; (2) Plaintiffs' FAC does not identify a basis for charging

9 | RBS with assignee liability for failure to disclose material information; (3) Plaintiffs' FAC does

10 | not identify any failure to disclose material information as required by TILA; (4) the TILA statute

11 | of limitations has run on Plaintiffs' TILA claims; (5) Plaintiffs' FAC does not identify a basis for

12 | tolling the TILA statute of limitations; (6) Plaintiffs did not make a demand for rescission; and (7)

13 | Plaintiffs cannot tender the loan proceeds as required by TILA to obtain rescission.

14 | **SECOND AFFIRMATIVE DEFENSE**

15 |     Plaintiffs' FAC fails to state a claim or cause of action against RBS because, among other

16 | things: (1) Plaintiffs' common law claim for fraudulent omission is not pled with reasonable

17 | particularity; (2) Plaintiffs' FAC does not identify any unlawful, unfair, or fraudulent business

18 | practice by RBS; and (3) Plaintiffs' common law claim for fraudulent omissions is preempted by

19 | TILA.

20 | **THIRD AFFIRMATIVE DEFENSE**

21 |     Plaintiffs' FAC fails to state a claim or cause of action against RBS because, among other

22 | things: (1) Plaintiffs' UCL claim is not pled with reasonable particularity; (2) Plaintiffs' FAC does

23 | not identify any unlawful, unfair, or fraudulent business practice by RBS; and (3) Plaintiffs' UCL

24 | claim is preempted by the TILA.

25 | **FOURTH AFFIRMATIVE DEFENSE**

26 |     Plaintiffs lack standing to pursue the claims raised in their FAC.

27 |

28 |

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs acquiesced in or consented to the acts and omissions alleged in Plaintiffs' FAC, or benefitted from the acts or omissions, and accepted any and all loan terms and conditions agreed to.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that they are based on the acts or omissions of third parties not under the control of RBS.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because any injuries suffered by Plaintiffs were caused by the acts, omissions, and wrongdoing of Plaintiffs by virtue of their own acts and/or the acts or omissions of others chargeable to them, and not any acts, omissions, or wrongdoing by RBS.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by waiver, estoppel, release, unclean hands, laches, or other equitable doctrines.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed, refused, and/or neglected to take reasonable steps to mitigate their damages, if any, thus barring or diminishing any recovery.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because RBS has committed no act or omission causing damage to Plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover punitive damages to the extent such damages would violate provisions of the United States Constitution, including, but not limited to, the due process clauses of the Fifth and Fourteen Amendments.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or limited, in whole or in part, due to license and permission and by the principle that RBS's conduct cannot be the basis for liability, because it was lawful in all respects.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs, by virtue of their own acts and/or the acts or omissions of others chargeable to them, failed to exercise ordinary and reasonable care on Plaintiffs' own behalves, in the management and maintenance of their persons and properties, and negligently and carelessly were the proximate causes of some portion, up to and including the whole thereof, of Plaintiffs' alleged injuries and damages, if any, and therefore, Plaintiffs' recovery, if any, should be barred and/or reduced according to law, up to and including the whole thereof, and RBS is entitled to an apportionment among all such parties according to their responsibilities for injuries and damages, if any, suffered by Plaintiffs.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries and damages, if any, were proximately caused and contributed to by the acts of other persons or entities, and said acts were the intervening and superseding causes of injuries and damages, if any, of which Plaintiffs complain, and should thus bar Plaintiffs from any recovery from RBS.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The injuries, losses, and/or damages, if any, of Plaintiffs were and are the result of an open, obvious, and apparent risk which was known to and recognized by Plaintiffs, who, nevertheless, knowingly, willingly, intentionally, and voluntarily exposed themselves to such risk and assumed the risk of the damage.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Any alleged conduct or omission by RBS was not the cause in fact, or proximate cause, of any injuries or damages alleged by Plaintiffs.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The FAC is uncertain, ambiguous, and unintelligible in that Plaintiffs, by virtue of their own acts and/or the acts or omissions of others chargeable to them, did not consistently define the terms employed in the FAC with respect to various parties and properties, and is otherwise unintelligible.

22

RBS'S ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT
*Jordan et al. v. Paul Financial, LLC, et al.*, No. 3:07-CV-04496-SI

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' FAC is barred, in whole or in part, because Plaintiffs, by virtue of their own acts and/or the acts or omissions of others chargeable to them, failed to exercise the quality and quantity of care and caution for which a reasonable individual in the same or similar circumstances would have exercised; such failure and negligence of Plaintiffs, by virtue of their own acts and/or the acts or omissions of others chargeable to them, proximately caused and contributed to the alleged damages; and any recovery by Plaintiffs should thereby be diminished or barred.

**NINETEENTH AFFIRMATIVE DEFENSE**

At the time and place of the incident alleged in Plaintiffs' FAC, Plaintiffs did not exercise ordinary care, caution, or prudence to avoid the claim and resulting injuries, if any, sustained by Plaintiffs, which were proximately caused and contributed to by the negligence of Plaintiffs, and as such, Plaintiffs are subject to the doctrine of comparative negligence, and any award should be reduced by the amount of said negligence by which Plaintiffs proximately contributed.

**TWENTIETH AFFIRMATIVE DEFENSE**

To the extent that the loan funds were used to pay off liens and encumbrances against the subject properties, Plaintiffs will be unjustly enriched if Plaintiffs are allowed to take clear title to the subject properties without having to reimburse RBS, its successors in interest, assigns, and similarly situated parties for those amounts they paid.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The deeds of trust alleged in the FAC were duly executed by Plaintiffs and are valid and effective security interests, liens, and encumbrances upon the subject properties, which secure the obligations under the loans alleged in the FAC.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

This case is not appropriate for certification as a class action, and thus all class allegations should be dismissed.

1

### TWENTY-THIRD AFFIRMATIVE DEFENSE

2          RBS asserts as a defense each and every ground set forth in its previously filed motion to

3    dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which is incorporated herein by

4    reference.

5

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

6          Plaintiffs' claims are barred, in whole or in part, because RBS is a bona-fide encumbrancer

7    for value, who purchased the loans at issue without any knowledge of any alleged defects.

8

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

9          Plaintiffs' claims are barred because Plaintiffs did not rely on any promises or

10   representations made to Plaintiffs, if any, when entering into the loan transaction at issue.

11

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

12         No threat of immediate harm and irreparable injury exists that is sufficient to support a

13   grant of any injunctive relief.

14

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

15         RBS has engaged in no conduct entitling Plaintiffs to attorneys' fees.

16

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

17         Plaintiffs' claims are barred, in whole or in part, by their statutes of limitations.

18

### TWENTY-NINTH AFFIRMATIVE DEFENSE

19         RBS reserves the right to assert any additional or different affirmative defenses in response

20   to the FAC based on information or knowledge obtained during future discovery or investigation.

21

22         WHEREFORE, RBS seeks relief in its favor as prayed for herein, including a judgment in

23   its favor, dismissal of this action, an award of costs, an award of reasonable attorneys' fees, and

24   such other and further relief as the Court deems appropriate.

25

26    Dated:  October 26, 2010                    Respectfully submitted,

27                                                **BUCKLEYSANDLER LLP**

28

By:   /s/ Richard J. Sahatjian

RICHARD J. SAHATJIAN (SBN 186984)

*Counsel for Defendants RBS Financial Products Inc.*

RBS'S ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT
*Jordan et al. v. Paul Financial, LLC, et al.*, No. 3:07-CV-04496-SI

1

## CERTIFICATE OF SERVICE

2          I certify that on October 26, 2010, I caused a true and correct copy of RBS FINANCIAL

3  PRODUCTS INC.'S ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT to be

4  served upon counsel of record via the Court's ECF system.

5

6                                              By:   /s/ Richard J. Sahatjian

7                                                    RICHARD J. SAHATJIAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE
*Jordan et al. v. Paul Financial, LLC, et al.*, No. 3:07-CV-04496-SI