1   **SMOGER & ASSOCIATES**
    Gerson H. Smoger (SBN 79196)
2   Gerson@texasinjurylaw.com
    Steven M. Bronson (SBN 246751)
3   steven.bronson@gmail.com
    3175 Monterey Blvd
4   Oakland, CA, 94602-3560
    Tel.: (510) 531-4529
5   Fax: (510) 531-4377

6
    **BROWNE WOODS GEORGE LLP**          **ARBOGAST & BERNS LLP**
7   Lee A. Weiss (Admitted *Pro Hac Vice*)   David M. Arbogast (SBN 167571)
    lweiss@bwgfirm.com                    darbogast@law111.com
8   626 RXR Plaza                         Jeffrey K. Berns, Esq. (SBN 131351)
    Uniondale, NY 11556                   jberns@law111.com
9   Tel.: (516) 222-2900                  6303 Owensmouth Ave., 10th Floor
    Fax: (516) 977-0263                   Woodland Hills, CA 91367-2263
10                                        Tel.: (818) 961-2000
                                          Fax: (818) 936-0232
11
    *[Additional counsel listed on signature page]*
12  Attorneys for Plaintiffs and all others Similarly Situated

13                  **UNITED STATES DISTRICT COURT**

14          **NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

15

16  GREGORY M. JORDAN, ELI GOLDHABER  )   **CASE NO. 3:07-cv-04496-SI**
    and JOSEPHINA GOLDHABER, individually )
17  and on behalf of all others similarly situated, )   CLASS ACTION
                                          )
18              Plaintiffs,              )
                                          )   **PLAINTIFFS' REQUEST FOR IMMEDIATE**
19      v.                                )   **STATUS CONFERENCE**
                                          )
20  PAUL FINANCIAL, LLC, LUMINENT        )
    MORTGAGE CAPITAL, INC., HSBC BANK    )
21  USA, N.A., AS TRUSTEE OF LUMINENT    )
    MORTGAGE TRUST 2006-2, RBS           )
22  FINANCIAL PRODUCTS, INC. and DOES 2  )
    through 10 inclusive,                 )
23                                        )   Complaint Filed: August 30, 2007
                                          )   Trial Date: Not set yet
24              Defendants.              )
                                          )
25  ─────────────────────────────────── )

26

27

28

Plaintiffs' Request for Immediate Status Conference - 3:07-cv-04496-SI

1  Plaintiffs Eli and Josephine Goldhaber ("Plaintiffs" or "the Goldhabers") respectfully request

2  that the Court set an immediate status conference, for the reasons discussed below.

3  As this Court knows, Plaintiffs' motion for class certification is fully briefed, with a hearing set

4  for August 12, 2011.

5  On June 21, 2011, pursuant to the Court's May 20, 2011 Order,  Plaintiffs filed a Status Report

6  concerning proceedings in the Goldhabers' bankruptcy case (the "Status Report") (Dkt. No. 370).   The

7  Status Report, with its accompanying exhibits, is attached hereto as <u>Exhibit A</u> for the Court's

8  convenience.   In the Status Report, Plaintiffs' counsel advised the Court of the Bankruptcy Court's

9  approval of the Stipulation between the Goldhabers and their Chapter 7 Trustee,[1] granting the

10  Goldhabers authority and standing to prosecute, on behalf of their bankruptcy estate and  subject to

11  exemption rights, their claims, and the claims of the class that they seek to represent, in this case.   In this

12  regard, the Stipulation provides, in paragraph 4, that Plaintiffs

13  . . . are **authorized to make decisions regarding the prosecution of the**

14  **Class Action Suit without further advice or consent from the Trustee.**

15  Specifically, [Plaintiffs] **are authorized to enter into settlement**

16  **negotiations** concerning the disposition of the Class Action Suit as they

17  deem appropriate, as well as to accept such settlement terms that they

18  deem appropriate.  They **may also proceed through trial in accordance**

19  **with their best judgment.**

20  Emphasis added.

21  Despite the Stipulation's unambiguous grant of settlement and litigation authority to the

22  Goldhabers, Plaintiffs' counsel has learned that RBS, through counsel, is now **attempting to settle this**

23  **case on an individual basis with the Trustee**.  As the Goldhabers are the sole proposed class

24  representatives of the RBS Subclass, and RBS is the only remaining Defendant with any assets, by

25  willfully circumventing the Goldhabers and the Stipulation approved by the Bankruptcy Court, RBS  is

26  effectively seeking to obtain dismissal of this putative class action in advance of the hearing on the

27

28  [1]  The Stipulation Between Chapter & Trustee and Debtors Authorizing Debtors to Prosecute, on Behalf of the Bankruptcy Estate, Certain Pre-Petition Claims, is Exhibit 3 to the Status Report.

Plaintiffs' Request for Immediate Status Conference  - 3:07-cv-04496-SI

1    motion for class certification, without Plaintiffs' involvement and over Plaintiffs' objections.  Attached

2    hereto collectively as <u>Exhibit B</u> is correspondence from last week between counsel for RBS and

3    Plaintiffs concerning this issue.

4          Plaintiffs' counsel has informed RBS and the Trustee that  they are violating the Trustee's

5    agreement in the Stipulation, which was approved by the Bankruptcy Court, permitting *the Goldhabers*

6    to prosecute this matter and, potentially, to settle it on terms acceptable to *them*.   Nevertheless, RBS has

7    rebuffed Plaintiffs' request and continues its negotiations behind the backs of Plaintiffs and their

8    counsel, and the Trustee has advised that she is indeed discussing settlement with RBS, notwithstanding

9    Plaintiffs' counsel's objections.

10         The Trustee has also advised Plaintiffs' counsel that she is demanding far more money to "settle"

11   the case than she believes could reasonably be obtained for the Goldhabers in a settlement of this action

12   (though she has declined to state the specific amount).   In other words, the Trustee, whose own

13   statutory compensation increases depending on the amount of money she recovers for the estate, is now

14   using the pendency of the class action suit as leverage for personal gain, rather than permitting the

15   Goldhabers to represent the best interests of all class members, as agreed by the Trustee.

16         An immediate status conference is needed so that these matters can be addressed with the Court,

17   before the Trustee and RBS continue with such discussions, potentially by purporting to settle this

18   matter on an individual basis while a class certification motion is pending (and in the face of the

19   stipulation that the Trustee entered into just weeks ago).   Accordingly, Plaintiffs respectfully request

20   that the Court set a status conference at its earliest convenience.  If necessary and given the exigencies

21   of this matter, because the parties' counsel are not situated locally, Plaintiffs would be amenable to a

22   telephonic status conference if that would be acceptable to the Court.

23                                              Respectfully Submitted,

24   DATED: July 6, 2011                        **ARBOGAST & BERNS LLP**

25

26                                             By: */s/ David M. Arbogast*
                                                   David M. Arbogast
27                                                 Jeffrey K. Berns
                                                   6303 Owensmouth Ave., 10th Floor
28                                                 Woodland Hills, CA 91367-2263
                                                   Tel.:  (818) 961-2000

Fax:  (818) 936-0232

**SMOGER & ASSOCIATES**
Gerson H. Smoger
Steven M. Bronson
3175 Monterey Blvd
Oakland, CA  94602
Tel.:  (510) 531-4529
Fax:  (510) 531-4377

**BROWNE WOODS GEORGE LLP**
Lee A. Weiss  (admitted *pro hac vice*)
626 RXR Plaza
Uniondale, New York  11556
Tel.:  (516) 222-2900
Fax:  (516) 977-0263

and

Michael A. Bowse (SBN 189659)
mbowse@bwgfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Tel.:  (310) 274-7100
Fax:  (310) 275-5697

**SEEGER WEISS LLP**
Christopher A. Seeger (admitted *pro hac vice*)
cseeger@seegerweiss.com
One William Street
New York, NY 10004
Tel.:  (212) 584-0700
Fax:  (212) 584-0799

and

Jonathan Shub (SBN 237708)
jshub@seegerweiss.com
1515 Market Street, Suite 1380
Philadelphia, PA 19107
Tel.:  (215) 564-2300
Fax:  (215) 851-8029

**SPIRO MOSS LLP**
J. Mark Moore (SBN 180473)
mark@spiromoss.com
11377 W. Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Tel.:  (310) 235-2468
Fax:  (310) 235-2456

Attorneys for Plaintiffs GREGORY M. JORDAN, and ELI and JOSEPHINA GOLDHABER and the Proposed Class

EXHIBIT A

1   **SMOGER & ASSOCIATES**
    Gerson H. Smoger (SBN 79196)
2   Gerson@texasinjurylaw.com
    Steven M. Bronson (SBN 246751)
3   steven.bronson@gmail.com
    3175 Monterey Blvd
4   Oakland, CA, 94602-3560
    Tel.: (510) 531-4529
5   Fax: (510) 531-4377

6
    **BROWNE WOODS GEORGE LLP**          **ARBOGAST & BERNS LLP**
7   Lee A. Weiss (Admitted *Pro Hac Vice*)    David M. Arbogast (SBN 167571)
    lweiss@bwgfirm.com                    darbogast@law111.com
8   Rebecca Tingey (Admitted *Pro Hac Vice*)   Jeffrey K. Berns, Esq. (SBN 131351)
    rtingey@bwgfirm.com                   jberns@law111.com
9   49 West 37th Street                   6303 Owensmouth Ave., 10th Floor
    New York, NY 10018                    Woodland Hills, CA 91367-2263
10  Tel.: (212) 354-4901                  Tel.: (818) 961-2000
    Fax: (212) 354-4904                   Fax: (818) 936-0232

11
    [*Additional counsel listed on signature page*]
12  Attorneys for Plaintiffs and all others Similarly Situated

13                  **UNITED STATES DISTRICT COURT**

14         **NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

15

16  GREGORY M. JORDAN, ELI GOLDHABER      ) **CASE NO. 3:07-cv-04496-SI**
    and JOSEPHINA GOLDHABER, individually )
17  and on behalf of all others similarly situated, ) __CLASS ACTION__
                                          )
18              Plaintiffs,               )
                                          )
19        v.                              ) **PLAINTIFFS' STATUS REPORT PURSUANT**
                                          ) **TO THE COURT'S MAY 20, 2011 ORDER**
20  PAUL FINANCIAL, LLC, LUMINENT         ) **[Dkt. No. 355]**
    MORTGAGE CAPITAL, INC., HSBC BANK     )
21  USA, N.A., AS TRUSTEE OF LUMINENT     )
    MORTGAGE TRUST 2006-2, RBS            )
22  FINANCIAL PRODUCTS, INC. and DOES 2   )
    through 10 inclusive,                 )
23                                        )
                Defendants.               ) Complaint Filed: August 30, 2007
24                                        ) Trial Date: Not set yet
                                          )
25  ──────────────────────────────────── )

26

27

28

    ────────────────────────────────────────────────────
    Plaintiffs' Status Report - 3:07-cv-04496-SI

1    Plaintiffs Eli and Josephine Goldhaber ("the Goldhabers") respectfully submit this Status Report

2  pursuant to the Court's Order on May 20, 2011 ("Order").  Dkt. No. 355.

3    On May 17, 2011, the bankruptcy court granted the Goldhabers' Motion to Reopen Bankruptcy

4  Case in the matter of *In Re Eli Goldhaber - Josephine Goldhaber* ("*In re Goldhaber*"), 2:10-BK-20052-

5  RN, United States Bankruptcy Court, Central District California - Los Angeles Division.   A copy of the

6  Order to Reopen is attached hereto as **Exhibit 1**.

7    On May 18, 2011, the Goldhabers filed their amended schedule of assets to include the instant

8  consumer fraud class action, a copy of which is attached hereto as **Exhibit 2**.   Also on that same date,

9  May 18, 2011, the Trustee and the Goldhabers executed a stipulation and on May 20, 2011 lodged  the

10  stipulation with the Bankruptcy Court which provides, in pertinent part:

11

12         ... the [Goldhabers] and the Trustee have agreed that the most expeditious
           and effective way for the Estate's interest in the Class Action Suit to be
13         protected is to have the Debtors continue uninterrupted as class
           representative plaintiffs, subject to the Trustee's review and the
14         jurisdiction of the bankruptcy court.

15  Stipulation, ¶ 2, attached hereto as **Exhibit 3**.

16         ... the [Goldhabers] are hereby delegated and granted authority and
           standing to prosecute, on behalf of the [Goldhabers'] Estate subject to
17         exemption rights, the [Plaintiffs'] claims as pleaded in the Class Action
           Suit.

18  *Id.* at ¶ 3.

19         The [Goldhabers] are authorized to make decisions regarding the
           prosecution of the Class Action Suit without further advice or consent
20         from the Trustee.  Specifically, [the Goldhabers] are authorized to enter
           into settlement negotiations concerning the disposition of the Class Action
21         Suit as they deem appropriate, as well as to accept such settlement terms
           that they deem appropriate.  They may also proceed through trial in
22         accordance with their best judgment.

23  *Id.* at ¶ 4.

24         The Trustee and/or the Estate shall have no liability, direct or otherwise,
           concerning the continued prosecution of the Class Action Suit.
25         Specifically the [Goldhabers] shall be responsible for any and all
           attorneys' fees and costs and further obligations incurred arising from and
26         relating to the continued prosecution of the Class Action Suit.

27  *Id.* at ¶ 6.

28  / / /

1

On May 25, 2011, the Bankruptcy Court approved and entered the Stipulation which "delegated and granted authority and standing [to the Goldhabers'] to prosecute, on behalf of the Debtors' Estate subject to exemption rights," the instant action consumer fraud class action. A true and correct copy of the Order Approving Stipulation Between Chapter 7 Trustee and [the Goldhabers] Authorizing Debtors to Prosecute, on Behalf of the Bankruptcy Estate, Certain Pre-petition Claims is attached hereto as **Exhibit 4**.

Respectfully Submitted,

DATED: June 21, 2011

**ARBOGAST & BERNS LLP**

By: */s/ David M. Arbogast*
David M. Arbogast
Jeffrey K. Berns
6303 Owensmouth Ave., 10th Floor
Woodland Hills, CA 91367-2263
Tel.: (818) 961-2000
Fax: (818) 936-0232

**SMOGER & ASSOCIATES**
Gerson H. Smoger
Steven M. Bronson
3175 Monterey Blvd
Oakland, CA 94602
Tel.: (510) 531-4529
Fax: (510) 531-4377

**BROWNE WOODS GEORGE LLP**
Lee A. Weiss (admitted *pro hac vice*)
626 RXR Plaza
Uniondale, New York 11556
Tel.: (516) 222-2900
Fax: (516) 977-0263
    and

Michael A. Bowse (SBN 189659)
mbowse@bwgfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Tel.: (310) 274-7100
Fax: (310) 275-5697

**SEEGER WEISS LLP**
Christopher A. Seeger (admitted *pro hac vice*)
cseeger@seegerweiss.com
One William Street
New York, NY 10004
Tel.: (212) 584-0700
Fax: (212) 584-0799

2

and

Jonathan Shub (SBN 237708)
jshub@seegerweiss.com
1515 Market Street, Suite 1380
Philadelphia, PA 19107
Tel.: (215) 564-2300
Fax: (215) 851-8029

**SPIRO MOSS LLP**
J. Mark Moore (SBN 180473)
mark@spiromoss.com
11377 W. Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Tel.: (310) 235-2468
Fax: (310) 235-2456

Attorneys for Plaintiffs GREGORY M. JORDAN,
and ELI and JOSEPHINA GOLDHABER and the
Proposed Class

3

# EXHIBIT NO. 1

EXHIBIT 1

1   **SAPERSTEIN LAW FIRM**
    Israel Saperstein (SBN 84471)
2   3828 Carson Street, Suite 102
    Torrance, CA 90503
3   is@sapersteinlawfirm.com

4   Attorneys for: Eli Goldhaber and
                    Josephine Goldhaber

5

**FILED & ENTERED**

MAY 17 2011

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY milano    DEPUTY CLERK**

6

7                **UNITED STATES BANKRUPTCY COURT**

8                **CENTRAL DISTRICT OF CALIFORNIA**

                 **LOS ANGELES DIVISION**
9

10

11  IN RE:                              | **Case No.  2:10-BK-20052-RN**

    ELI GOLDHABER                       | **Chapter 7**
12
    JOSEPHINE GOLDHABER                 | **ORDER GRANTING JOINT DEBTORS'**
13                                      | **EMERGENCY *EX PARTE* MOTION TO**
                                        | **REOPEN BANKRUPTCY CASE SO**
14                                      | **DEBTORS CAN PROSECUTE A**
                                        | **PREPETITION CLAIM FOR THE**
15                                      | **BENEFIT OF THE ESTATE**
                        Debtor(s)
16

17                                      Date:       none unless ordered by court
                                                      pursuant to LBR 5010-1(e)
18                                      Time:
                                        Courtroom:   1645
19                                      Judge:       Hon. Richard M. Neiter

20

21          The above captioned case having been closed in ordinary course, and the Debtors having

22  moved to reopen the case pursuant to 11 U.S.C. § 350(b) and F.R.B.P. 5010 so Debtors can work

23  with and on behalf of a reappointed trustee to prosecute an unadministered prepetition claim for

24  the benefit of Debtors' bankruptcy estate, and the Court having reviewed and considered the

25  above entitled motion,

26  The Court **FINDS** good cause to reopen the above captioned Chapter 7 case, and the Court

27  **FINDS** that Debtors effectuated good and sufficient notice by properly serving the former

28  Chapter 7 trustee and the office of the United States trustee pursuant to LBR 5010(c) and (e).

1    Accordingly, **IT IS HEREBY ORDERED** that:

2    1. The above-captioned bankruptcy case be, and the same is hereby, reopened pursuant to

3    11 U.S.C. § 350(b) and F.R.B.P. 5010.

4    2. The Office of the United States trustee is hereby authorized and directed to reappoint

5    Elissa Miller, the former trustee previously appointed in this case, as the present duly appointed

6    and acting Chapter 7 trustee in the reopened case.

7    3. Upon the reappointment of the former Chapter 7 trustee, and upon the Debtors and the

8    reappointed Chapter 7 trustee entering into a stipulation in accordance with the terms specified in

9    the declaration of Elissa Miller given in support of the motion to reopen this case, a motion for the

10   Court's approval of such stipulation may be brought to the Court on an emergency ex parte basis,

11   with limited notice by overnight mail or other overnight delivery upon the U.S. trustee and the

12   Chapter 7 trustee and the Debtors being adequate and proper.

13

14                                              ###

15

16

17

18

19

20

21

22

23

24

25   DATED: May 17, 2011

26                                    _____
                                     United States Bankruptcy Judge
27

28

**Order Granting Joint Debtors' Emergency Ex Parte Motion To Reopen Bankruptcy Case So Debtors Can
Prosecute A Prepetition Claim For The Benefit Of The Estate**

# EXHIBIT NO. 2

EXHIBIT 2

Case3:07-cv-04496-SI Document377 Filed07/07/11 Page14 of 46

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Israel Saperstein**<br>**Saperstein Law Firm**<br>**3828 Carson Street**<br>**Suite 102**<br>**Torrance, CA 90503**<br>**424-456-0005 Fax: 424-772-3919**<br>**84471**<br>☒ Attorney for: | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

</div>

| In re:<br><br>   **Eli Goldhaber**<br>   **Josephine Goldhaber**<br><div align="right">Debtor(s).</div> | CASE NO.: **2:10-bk-20052-RN**<br>CHAPTER: **7**<br>ADV. NO.: |
|---|---|

<div align="center">

**ELECTRONIC FILING DECLARATION**
**(INDIVIDUAL)**

</div>

**PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY**

| | | |
|---|---|---|
| ☐ | Petition, statement of affairs, schedules or lists | Date Filed: _____ |
| ☒ | Amendments to the petition, statement of affairs, schedules or lists | Date Filed: _____ |
| ☐ | Other: _____ | Date Filed: _____ |

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement of Social Security Number(s)* (Form B21) and provided the executed original to my attorney.

**/s/ Eli Goldhaber** _____     **May 18, 2011** _____
*Signature of Signing Party*     Date
**Eli Goldhaber**
*Printed Name of Signing Party*

**/s/ Josephine Goldhaber** _____     **May 18, 2011** _____
*Signature of Joint Debtor*     Date
**Josephine Goldhaber**
*Printed Name of Joint Debtor*

**PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY**

I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the *Declaration of Debtor(s) or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the *Statement of Social Security Number(s)* (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement of Social Security Number(s)* (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the *Statement of Social Security Number(s)* (Form B21) available for review upon request of the Court.

**/s/ Israel Saperstein** _____     **May 18, 2011** _____
*Signature of Attorney for Signing Party*     Date
**Israel Saperstein 84471**
*Printed Name of Attorney for Signing Party*

<div align="center">This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.</div>

*November 2006*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| Filer's Name: | **Israel Saperstein** | Atty Name (if applicable): | **Israel Saperstein** |
| Street Address: | **3828 Carson Street Suite 102 Torrance, CA 90503** | CA Bar No. (if applicable): | **84471** |
| Filer's Telephone No.: | **424-456-0005** | Atty Fax No. (if applicable): | **424-772-3919** |

| | |
|---|---|
| In re:<br><br>      **Eli Goldhaber**<br>    **Josephine Goldhaber** | Case No. **2:10-bk-20052-RN**<br><br>Chapter **7** |

## SECOND AMENDED SCHEDULE(S) AND/OR STATEMENT(S)

A filing fee of $26.00 is required to amend any or all of Schedules "D" through "F." An addendum mailing list is also required as an attachment if creditors are being added to the creditors list. Is/are creditor(s) being added?
☐ Yes    ☒ No

Indicate below which schedule(s) and/or statement(s) is(are) being amended.

☐ A    ☒ B    ☒ C    ☐ D    ☐ E    ☐ F    ☐ G    ☐ H    ☐ I    ☐ J

☐ Statement of Social Security Number(s)    ☒ Statement of Financial Affairs

☐ Statement of Intention    ☐ Other

**NOTE:** IT IS THE RESPONSIBILITY OF THE DEBTOR TO MAIL COPIES OF ALL AMENDMENTS TO THE TRUSTEE AND TO NOTICE ALL CREDITORS LISTED IN THE AMENDED SCHEDULE(S) AND TO COMPLETE AND FILE WITH THE COURT THE PROOF OF SERVICE ATTACHED.

I/We, **Eli Goldhaber and Josephine Goldhaber**, the person(s) who subscribed to the foregoing Amended Schedule(s) and/or Statement(s) do hereby declare under penalty of perjury that the foregoing is true and correct.

DATED:    **May 18, 2011**

        **\*\*FOR COURT USE ONLY\*\***

**/s/ Eli Goldhaber**
**Eli Goldhaber**
*Debtor Signature*

**/s/ Josephine Goldhaber**
**Josephine Goldhaber**
*Co-Debtor Signature*

        **\*\*SEE PROOF OF SERVICE\*\***

B-1008 *Revised November 2003*

## PROOF OF SERVICE

I hereby certify that a copy of the Amendment(s) was(were) mailed to the Trustee and that notice was given to the additional creditors listed.

DATED: **May 18, 2011**

**Israel Saperstein**
Print or Type Name

**/s/ Israel Saperstein**
*Signature*

(SEE ATTACHED MAILING LIST.)

**Elissa Miller**
Sulmeyer Kupetz
333 S Hope Street
35th Floor
Los Angeles, CA 90071

**U.S. Trustee**
**United States Trustee (LA)**
725 S Figueroa Street 26th Floor
Los Angeles, CA 90017

B6B (Official Form 6B) (12/07)

In re **Eli Goldhaber**
     **Josephine Goldhaber**

Debtor(s)

Case No.   **2:10-bk-20052-RN**

# SECOND AMENDED SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

     **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest In Property, With-Out Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash on Hand | C | $20.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of America Business Act. Checking and Savings Acct. | C | $2,000.00 |
| | | Premier Bank Checking and Savings Acct. | C | $4,000.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Miscellaneous household goods furnishings & personal effects | C | $4,000.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothing and other personal effects | C | $350.00 |
| 7. Furs and jewelry. | | Personal jewelry | C | $300.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

B 6B (Official Form 6B) (12/07) - Cont.

| In re | **Eli Goldhaber** | | Case No. | **2:10-bk-20052-RN** |
|---|---|---|---|---|
| | **Josephine Goldhaber** | | | |
| | Debtor | | | (If known) |

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest In Property, With-Out Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | | **Retirement** **The Union Trust Fund** | C | **$53,696.84** |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **Tax Refund** | C | **$6,000.00** |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

B 6B (Official Form 6B) (12/07) - Cont.

In re  **Eli Goldhaber**                                   Case No.  **2:10-bk-20052-RN**
       **Josephine Goldhaber**
       _____
                    **Debtor**                                          _____
                                                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest In Property, With-Out Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Debtors claims in class action lawsuit: Jordan, Goldhaber, individually and on behalf of all others similarly situated, Plaintiffs, v. Paul Financial, LLC, et al., Defendants, US District Court, Northern District of California-San Francisco Division, Case No. 3:07-CV-04496-SI | C | Unknown |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2006 Toyota Tacoma 90,000 Miles | C | $6,500.00 |
| | | 2002 Cadillac Escalade 135,000 Miles | C | $4,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | 9 tables $250.00; 35 chairs $200.00, 9 bar chairs $200.00, water drink machine $300.00; 1 small chip machine $50.00, 42 inch TV $300.00 glass refrigerator $150.00; 6 burner ove stoves $250.00; 1 fryer $200.00; 2 Grills $400.00; 2 cash register $400.00; dishes $40.00; pots and pans $100.00; micro wave oven $25.00; racks to put merchandise $40.00; | C | $2,905.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |

Best Case Bankruptcy

Case3:07-cv-04496-SI Document377 Filed07/07/11 Page20 of 46

B 6B (Official Form 6B) (12/07) - Cont.

In re  **Eli Goldhaber**
       **Josephine Goldhaber**
       _____
               Debtor

Case No.  **2:10-bk-20052-RN**
                                              _____
                                                      (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest In Property, With-Out Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | **Total >** | **$83,771.84** |

(Report also on Summary of Schedules)

B6C (Official Form 6C) (04/10)

In re  **Eli Goldhaber**
      **Josephine Goldhaber**

_____
Debtor(s)

Case No.   **2:10-bk-20052-RN**

# SECOND AMENDED SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
- [ ] 11 U.S.C. §522(b)(2)
- [X] 11 U.S.C. §522(b)(3)

- [ ] Check if debtor claims a homestead exemption that exceeds $146,450.*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| **Cash on Hand** | C.C.P. § 703.140(b)(5) | 20.00 | 20.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Bank of America Business Act. Checking and Savings Acct.** | C.C.P. § 703.140(b)(5) | 2,000.00 | 2,000.00 |
| **Premier Bank Checking and Savings Acct.** | C.C.P. § 703.140(b)(5) | 4,000.00 | 4,000.00 |
| **Household Goods and Furnishings** | | | |
| **Miscellaneous household goods furnishings & personal effects** | C.C.P. § 703.140(b)(3) | 4,000.00 | 4,000.00 |
| **Wearing Apparel** | | | |
| **Clothing and other personal effects** | C.C.P. § 703.140(b)(3) | 350.00 | 350.00 |
| **Furs and Jewelry** | | | |
| **Personal jewelry** | C.C.P. § 703.140(b)(4) | 300.00 | 300.00 |
| **Annuities** | | | |
| **Retirement The Union Trust Fund** | C.C.P. § 703.140(b)(10)(E) | 53,696.84 | 53,696.84 |
| **Other Liquidated Debts Owing Debtor Including Tax Refund** | | | |
| **Tax Refund** | C.C.P. § 703.140(b)(5) | 6,000.00 | 6,000.00 |
| **Other Contingent and Unliquidated Claims of Every Nature** | | | |
| **Debtors claims in class action lawsuit: Jordan, Goldhaber, individually and on behalf of all others similarly situated, Plaintiffs, v. Paul Financial, LLC, et al., Defendants, US District Court, Northern District of California-San Francisco Division, Case** | C.C.P. § 703.140(b)(5) | 1,820.00 | Unknown |

*Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.
Schedule of Property Claimed as Exempt consists of 2 total page(s)

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6C (Official Form 6C) (04/10) -- Cont

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2006 Toyota Tacoma**<br>**90,000 Miles** | C.C.P. § 703.140(b)(2) | 3,525.00 | 6,500.00 |
| | C.C.P. § 703.140(b)(5) | 2,505.00 | |
| **2002 Cadillac Escalade**<br>**135,000 Miles** | C.C.P. § 703.140(b)(5) | 4,000.00 | 4,000.00 |
| **Machinery, Fixtures, Equipment and Supplies Used in Business** | | | |
| **9 tables $250.00; 35 chairs $200.00, 9 bar chairs $200.00, water drink machine $300.00; 1 small chip machine $50.00, 42 inch TV $300.00 glass refrigerator $150.00; 6 burner ove stoves $250.00; 1 fryer $200.00; 2 Grills $400.00; 2 cash register $400.00; dis** | C.C.P. § 703.140(b)(5) | 2,905.00 | 2,905.00 |
| | Total: | 85,121.84 | 83,771.84 |

Sheet 2 of 2 total sheets in Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Central District of California

In re    **Eli Goldhaber**            Case No.    **2:10-bk-20052-RN**
        **Josephine Goldhaber**

                        Debtor(s)      Chapter    **7**

## AMENDED STATEMENT OF FINANCIAL AFFAIRS

      This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

      Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

      *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

      *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None   ☐   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$24,000.00** | **2010 YTD: Both Employment Income Gross** |
| **$72,293.28** | **2009: Debtor Employment Income** |
| **$15,812.00** | **2008: Debtor Employment Income Gross for Rosarita Freshmex Grill $162,804.00 Gross for Casa Vieja Grill $485,000.00** |

2

---

**2. Income other than from employment or operation of business**

None ☒    State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                    SOURCE

---

**3. Payments to creditors**

None ☒    *Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☒    b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ☒    c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Chase Bank** **vs** **Eli Goldhaber** | **breach of contract** | **pending** | **pending-discharged** |
| **Chase Bank USA** **vs** **Josie Godhaber (sic)** | **breach of contract** | **pending** | **pending-discharged** |

---

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Jordan, Goldhaber, Individually and on behalf of all others similarly situated, Plaintiffs, vs Paul Financial, LLC, et al Defendants, US District Court, Northern District of California-San Francisco Division, Case No. 3:07-CV-04496-SI** | **Class Action Suit Alleging Deceptive Disclosures and Lending Practices** | pending | pending |

None ☒ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

#### 5. Repossessions, foreclosures and returns

None ☒ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

#### 6. Assignments and receiverships

None ☒ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

#### 7. Gifts

None ☒ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

4

**8. Losses**

None ☒   List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ☐   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Law Offices of Colmenares & Tomilowitz**<br>**1321 Post Ave.**<br>**Suite 201**<br>**Torrance, CA 90501** | 3/1/2010 | **Attorney Fee $2,000.00**<br>**Court Fees $299.00** |

**10. Other transfers**

None ☐   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Eliseo Garcia**<br>**18401 Soledad Canyon Road**<br>**Canyon Country, CA 91387**<br>**None** | 7/27/2009 | **Transferred business. Debtor receive no money. Business was underwater** |

None ☒   b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ☒   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

5

**12. Safe deposit boxes**

None 

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None 

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None 

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None 

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None ⊠

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ⊠

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18 . Nature, location and name of business

None ☐ a. *If the debtor is an individual,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Casa Vieja | | 18401 Soldeda Canyon Road Canyon Country, CA 91387 | Mexican restaurant | 2007-June 2009 |
| Rosarita Fresh | | 27674 Newhall Ranch Rd Valencia, CA 91355 | Mexican Food | 2001-Present |

None ☒ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

## 19. Books, records and financial statements

None ☒ a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

Case 2:10-bk-20052-RK Doc 25 Filed 05/18/11 Entered 05/18/11 Page 16 of 17   Desc
Case3:07-cv-04496-SI  Document372  Filed07/07/11  Page29 of 46
Main Document    Page 16 of 17

7

None ☒    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
| --- | --- | --- |

None ☒    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
| --- | --- |

None ☒    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
| --- | --- |

### 20. Inventories

None ☒    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
| --- | --- | --- |

None ☒    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
| --- | --- |

### 21 . Current Partners, Officers, Directors and Shareholders

None ☒    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |

None ☒    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |

### 22 . Former partners, officers, directors and shareholders

None ☒    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |

None ☒    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
| --- | --- | --- |

### 23 . Withdrawals from a partnership or distributions by a corporation

None ☒    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**24. Tax Consolidation Group.**

None ☒   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None ☒   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                                                TAXPAYER IDENTIFICATION NUMBER (EIN)

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date **May 18, 2011**                    Signature **/s/ Eli Goldhaber**
                                                   **Eli Goldhaber**
                                                   Debtor


Date **May 18, 2011**                    Signature **/s/ Josephine Goldhaber**
                                                   **Josephine Goldhaber**
                                                   Joint Debtor


*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# EXHIBIT NO. 3

**EXHIBIT 3**

1  **SAPERSTEIN LAW FIRM**
   Israel Saperstein (SBN 84471)
2  3828 Carson Street, Suite 102
   Torrance, CA 90503
3  is@sapersteinlawfirm.com

4  Attorneys for: Eli Goldhaber and
                  Josephine Goldhaber
5

6

7                **UNITED STATES BANKRUPTCY COURT**

8                **CENTRAL DISTRICT OF CALIFORNIA**

                 **LOS ANGELES DIVISION**
9

10

11 IN RE:                                **Case No.  2:10-BK-20052-RN**

12 ELI GOLDHABER                          **Chapter 7**

13 JOSEPHINE GOLDHABER                    **STIPULATION BETWEEN CHAPTER 7
                                          TRUSTEE AND DEBTORS
14                                        AUTHORIZING DEBTORS TO
                                          PROSECUTE, ON BEHALF OF THE
15                                        BANKRUPTCY ESTATE, CERTAIN
                                          PRE-PETITION CLAIMS**
16                        Debtor(s)

17                                        Date:        none set
                                          Time:        none set
18                                        Courtroom:   1645
                                          Judge:       Hon. Richard M. Neiter
19

20         This Stipulation is entered into by and between Elissa D. Miller, the duly appointed and

21 qualified Chapter 7 Trustee of the estate (the "**Trustee**") in the above captioned Chapter 7

22 bankruptcy case (the "**Case**"), on the one hand, and Eli Goldhaber and Josephine Goldhaber, joint

23 debtors in the Case ("**Debtors**"), on the other hand, with reference to the following facts:

24                                **RECITALS**

25         A.  The Case was commenced by the filing of a voluntary petition under Chapter 7 on

26 March 18, 2010.  Shortly thereafter, Elissa Miller was appointed the Chapter 7 Trustee.  She

27 served in that capacity until the Case was closed on July 29, 2010.  The Case was reopened on

28 May 17, 2011 pursuant to a motion of the Debtors, which was granted by the above entitled

1

court (the "**Court**").  Shortly after the Case was reopened Elissa Miller was reappointed as the Chapter 7 Trustee.

     B.  On April 11, 2011, the Debtors, through counsel, advised the Trustee that the Debtors were serving as plaintiffs and proposed class representatives in concurrent federal class action litigation in the Northern District of California in the lawsuit entitled *Gregory M. Jordan, et al. v. Paul Financial, LLC, et al.*, assigned docket No. C 07-04496 SI ("Class Action Suit").  In the Class Action Suit, Debtors and another plaintiff are pursuing claims on behalf of a putative class against Paul Financial LLC (all plaintiffs, individually, and on behalf of a class), RBS Financial Products, Inc. ("**RBS**") (Debtors, individually, and on behalf of a subclass) and HSBC National Association (the other named plaintiff (not Debtors), individually, and on behalf of a subclass) for fraudulent omissions and violations of California's Unfair Competition, Cal. Bus. & Prof. Code, §§17200, et seq. in connection with the failure to disclose material facts in the loan documents for Option Adjustable Rate Mortgage loans.  The Debtors, through counsel, also advised the Trustee that they inadvertently failed to schedule the Class Action Suit in their bankruptcy petition on Schedule B and the statement of affairs.

     C.  The Debtors, through counsel, also advised the Trustee that RBS filed a motion for summary judgment (the "**MSJ**") on or about April 7, 2011.  In the MSJ, RBS prays for, among other things, dismissal of the Class Action Suit on the ground that Debtors have no standing to be plaintiffs because their claims do not belong to them as they are property of their bankruptcy estate.

     D.  Debtors' counsel provided the Trustee with a copy of the operative complaint filed in the Class Action Suit, along with other information requested by the Trustee, so that the Trustee could perform due diligence and make an informed decision about the claims in the class Action Suit.

     E.  During the time Debtors' counsel and the Trustee were conferring about the existence of the Class Action Suit, Debtors' counsel advised the Trustee that he is planning to file a motion to reopen Debtors' bankruptcy case, and thereafter he is planning to amend schedule B and the statement of affairs to properly identify the Debtors' prepetition interest in the Class Action Suit.

1   Also during the time of those conferences, Debtors' counsel advised the Trustee that he intends to

2   amend Schedule C in order for the Debtors to claim the maximum exemptions legally available to

3   the Debtors in the value of the Class Action Suit.  Debtors, through counsel, and the Trustee agree

4   that the additional exemption amount available to the Debtors in the Class Action Suit is and shall

5   be limited to $1,820.00.

6         F.  The Trustee and Debtors' counsel conferred further on how to proceed to protect the

7   interests of the bankruptcy estate and the interests of the Debtors in the Class Action Suit.  Based

8   upon the Trustee's review of the complaint and other information provided to the Trustee by

9   Debtors' counsel, and as a result of the foregoing conferences with Debtors' counsel, the Debtors

10  and the Trustee have agreed that the most expeditious and effective way for the Estate's interest in

11  the Class Action Suit to be protected is to have the Debtors continue uninterrupted as class

12  representative plaintiffs, subject to the Trustee's review and the jurisdiction of the bankruptcy

13  court.

14        G.  In view of the foregoing, the Debtors and the Trustee wish to enter into a stipulation,

15  subject to the approval of this Court, whereby the **Debtors are delegated and granted authority**

16  **and standing to prosecute, on behalf of the Debtors' Estate subject to exemption rights, the**

17  **Debtors' claims as pleaded in the Class Action Suit**.  Further the Trustee and the Debtor believe

18  the most streamlined way to proceed for the benefit of the Estate is to allow Debtors to make

19  decisions regarding the prosecution of the Class Action Suit without further advice or consent

20  from the Trustee, but subject to reports to and feedback from the Trustee.

21

22                              **STIPULATION**

23        Based on the foregoing premises and in consideration thereof, the Debtors and the Trustee

24  stipulate and agree as follows:

25        1.   The Class Action Suit is property of the Debtors' bankruptcy estate (the "**Estate**"),

26  subject to their allowed and properly filed claims of exemption.

27        2.   The Trustee and Debtors concur that the most expeditious and effective way for the

28  Estate's interest in the Class Action Suit to be protected is to have the Debtors continue

1 uninterrupted as class representative plaintiffs, subject to the review of the Trustee and the

2 jurisdiction of the bankruptcy court.

3         3.      Therefore, the **Debtors are hereby delegated and granted authority and standing**

4 **to prosecute, on behalf of the Debtors' Estate subject to exemption rights, the Debtors'**

5 **claims as pleaded in the Class Action Suit**.

6         4.      The Debtors are authorized to make decisions regarding the prosecution of the Class

7 Action Suit without further advice or consent from the Trustee.  Specifically, Debtors are

8 authorized to enter into settlement negotiations concerning the disposition of the Class Action Suit

9 as they deem appropriate, as well as to accept such settlement terms that they deem appropriate.

10 They may also proceed through trial in accordance with their best judgment.

11         5.      Each quarter after entry of an order of the bankruptcy court approving this stipulation,

12 Debtors, through their counsel, shall report the progress of the litigation in the Class Action Suit to

13 the Trustee in writing.

14         6.      The Trustee and/or the Estate shall have no liability, direct or otherwise, concerning

15 the continued prosecution of the Class Action Suit.  Specifically the Debtors shall be responsible

16 for any and all attorneys' fees and costs and further obligations incurred arising from and relating

17 to the continued prosecution of the Class Action Suit.

18         7.      Debtors agree to cause their counsel in the Class Action Suit ("**Class Action**

19 **Counsel**") to send to the Trustee all documents filed and served in the Class Action Suit, and Class

20 Action Counsel shall give notice to the Trustee if counsel seeks to withdraw, if new counsel is

21 substituted in its place, or if Class Action Counsel, for any reason, ceases to act as counsel.

22         8.      In the event the Debtors obtain an award through settlement or otherwise, any funds to

23 which the Debtors become entitled arising from or relating to the Class Action Suit, shall be held

24 in trust by Class Action Counsel and then distributed as follows:

25               a.      First, pay the Debtors any service payment awarded them by the district court

26 presiding over the Class Action Suit (the "**Class Action Court**"), which may be granted to the

27 Debtors as special compensation for serving as class representatives and fulfilling the duties

28 expected of class representatives.

**Stipulation Between Trustee And Debtors For Debtors to Prosecute Certain Claims 2:10-BK-20052-RN**

Case3:07-cv-04496-SI   Document377   Filed07/07/11   Page36 of 46
Case 2:10-bk-20052-RN   Doc 26   Filed 05/20/11   Entered 05/20/11   Page 36 of 33   Desc
Main Document   Page 5 of 6

1    b. Second, pay the Debtors, to the extent there are funds, the amount of $1,820.00

2 as the allowed amount of Debtors' claim of exemption in the value of the Class Action Suit, which

3 amount the Debtors and Trustee agree is the Debtors exemption entitlement after the Debtors

4 amend Schedule C of their bankruptcy petition.

5    c. Third, all funds remaining of Debtors' share of any settlement fund obtained or

6 any Court award recovered shall be disbursed to the Trustee to the extent necessary for the Trustee

7 to pay all allowed claims filed in the Estate and all administrative expenses of the Estate in full.

8    d. Fourth, to the extent there is any residual available after payment of allowed

9 claims and administrative expenses in full, such residual funds shall be disbursed to the Debtors

10 free and clear of any and all claims against the Estate.

11

12 Dated: _____   _____
              Elissa D. Miller, Chapter 7 Trustee

13 Dated: _____   _____

14              Eli Goldhaber

Dated: _____   _____

15              Josephine Goldhaber

16 **APPROVED AS TO FORM AND CONTENT**

17 Dated: *May 18, 2011*

18 Saperstein Law Firm

19

20 By: *Israel Saperstein*
    Israel Saperstein

21   Attorney for Joint Debtors,
Eli Goldhaber and Josephine Goldhaber

22

23 **I AGREE TO BE BOUND BY THIS STIPULATION**

24 Dated: _____

25 Arbogast & Berns LLP

26 By: _____
    David M. Arbogast

27   Attorneys in Class Action Suit for
Eli Goldhaber and Josephine Goldhaber

28 and other class representatives and members

1       b.  Second, pay the Debtors, to the extent there are funds, the amount of $1,820.00

2  as the allowed amount of Debtors' claim of exemption in the value of the Class Action Suit, which

3  amount the Debtors and Trustee agree is the Debtors exemption entitlement after the Debtors

4  amend Schedule C of their bankruptcy petition.

5       c.  Third, all funds remaining of Debtors' share of any settlement fund obtained or

6  any Court award recovered shall be disbursed to the Trustee to the extent necessary for the Trustee

7  to pay all allowed claims filed in the Estate and all administrative expenses of the Estate in full.

8       d.  Fourth, to the extent there is any residual available after payment of allowed

9  claims and administrative expenses in full, such residual funds shall be disbursed to the Debtors

10  free and clear of any and all claims against the Estate.

11

12  Dated: 5/19/11 _____
            Elissa D. Miller, Chapter 7 Trustee

13  Dated: 5/19/11 _____

14              Eli Goldhaber

15  Dated: 5/19/11 _____
            Josephine Goldhaber

16  **APPROVED AS TO FORM AND CONTENT**

17  Dated: May 18, 2011

18  Saperstein Law Firm

19

20  By: _____
     Israel Saperstein
     Attorney for Joint Debtors,

21  Eli Goldhaber and Josephine Goldhaber

22

23  **I AGREE TO BE BOUND BY THIS STIPULATION**

24  Dated: 5/19/2011

25  Arbogast & Berns LLP

26  By: _____

27       David M. Arbogast
     Attorneys in Class Action Suit for

28  Eli Goldhaber and Josephine Goldhaber
and other class representatives and members

5

Stipulation Between Trustee And Debtors For Debtors to Prosecute Certain Claims 2:10-BK-20052-RN

# EXHIBIT NO. 4

EXHIBIT 4

1   **SAPERSTEIN LAW FIRM**
    Israel Saperstein (SBN 84471)
2   3828 Carson Street, Suite 102
    Torrance, CA 90503
3   is@sapersteinlawfirm.com

4   Attorneys for: Eli Goldhaber and
                   Josephine Goldhaber

5

**FILED & ENTERED**

MAY 25 2011

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY mai        DEPUTY CLERK**

6

7                    **UNITED STATES BANKRUPTCY COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9                         **LOS ANGELES DIVISION**

10

11  IN RE:                                  **Case No.  2:10-BK-20052-RN**

12  ELI GOLDHABER                           **Chapter 7**

13  JOSEPHINE GOLDHABER                     **ORDER APPROVING STIPULATION**
                                            **BETWEEN CHAPTER 7 TRUSTEE AND**
14                                          **DEBTORS AUTHORIZING DEBTORS**
                                            **TO PROSECUTE, ON BEHALF OF THE**
15                                          **BANKRUPTCY ESTATE, CERTAIN**
                                            **PRE-PETITION CLAIMS**
16                   Debtor(s)

17                                          Date:       none unless ordered by court
                                            Time:       none unless ordered by court
18                                          Courtroom:  1645
                                            Judge:      Hon. Richard M. Neiter

19

20         The above entitled court (the "**Court**") (1) having entered an order reopening the above

21  captioned case (the "**Case**") on May 17, 2011 so Eli Goldhaber and Josephine Goldhaber

22  ("**Debtors**") can work with and on behalf of a reappointed trustee ("**Trustee**") to prosecute an

23  unadministered prepetition claim for the benefit of Debtors' bankruptcy estate, (2) having

24  provided in such order that a motion for the Court's approval of a stipulation between the Trustee

25  and the Debtors for such prosecution "may be brought to the Court on an emergency *ex parte*

26  basis, with limited notice by overnight mail or other overnight delivery upon the U.S. trustee and

27  the Chapter 7 trustee and the Debtors," and (3) having considered the "Stipulation Between

28  **2:10-BK-20052-RN**                            1

1

2     Chapter 7 Trustee and Debtors to Prosecute, on Behalf of the Bankruptcy Estate, Certain

3  Pre-Petition Claims," executed on or about May 18, 2011 (the "**Stipulation**") and (4) having

4  considered Debtors' *Ex Parte* Motion for an Order approving the Stipulation, and good cause

5  appearing therefor,

6     **IT IS ORDERED AS FOLLOWS:**

7     1.  The Stipulation is hereby approved by the Court.

8     2.  Debtors are hereby delegated and granted authority and standing to prosecute, on behalf

9  of the Debtors' Estate subject to exemption rights, the Debtors' claims as pleaded in that certain

10  class action lawsuit pending in the United States District Court for the Northern District of

11  California in the lawsuit entitled *Gregory M. Jordan, et al. v. Paul Financial, LLC, et al.* and

12  assigned docket No. C 07-04496 SI, which was referenced in the Stipulation as the "**Class Action**

13  **Suit.**"

14                                    ###

15

16

17

18

19

20

21

22

23

24

25  DATED: May 25, 2011

26                                    _____
                                      United States Bankruptcy Judge

27

28

**ORDER APPROVING STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND DEBTORS AUTHORIZING DEBTORS TO PROSECUTE, ON BEHALF OF THE BANKRUPTCY ESTATE, CERTAIN PRE-PETITION CLAIMS -PETTION CLAIMS**

# EXHIBIT B

**ARBOGAST & BERNS LLP**
6303 Owensmouth Ave., 10th Floor
Woodland Hills, CA 91367-2263
Phone: (818) 961-2000
Fax:    (818) 936-0232

Jult 1, 2011

Benjamin B. Klubes
BuckleySandler LLP
1250 24th Street, NW, Suite 700
Washington, DC 20037

Re: *Jordan, et al. v. Paul Financial, et al.*

Dear Mr. Klubes:

I write as counsel for plaintiffs and proposed class representatives Eli and Josephina Goldhabers.  Be advised that in accordance with the authority provided to them by the Stipulation approved by the Bankruptcy Court on May 26, 2011, the Goldhabers hereby reject RBS Financial Products, Inc.'s offer to settle their claims in this action, the offer you communicated to the Trustee of the Goldhaber's bankruptcy estate. The Goldhabers are interested in discussing settlement for the entire RBS subclass that they are seeking to represent in the class certification motion.  Should you be interested in discussing a class-wide resolution we would be pleased to provide you with a settlement demand.

Also, we demand that you cease any further attempts at negotiating settlement through the Trustee.  Your communications with the Trustee deliberately interferes with the Stipulation, wherein the Trustee transferred to the Goldhabers the rights to engage in settlement negotiations and make all settlement decisions in the class action, as well as to prosecute the case, in their discretion.  The Stipulation provides, in relevant part, that:

> The Debtors are authorized to make decisions regarding the prosecution of the Class Action Suit without further advice or consent from the Trustee. Specifically, Debtors are authorized to enter into settlement negotiations concerning the disposition of the Class Action Suit as they deem appropriate, as well as to accept such settlement terms that they deem appropriate.  They may also proceed through trial in accordance with their best judgment.

In addition to improperly interfering with the Stipulation, your direct settlement communications with the Trustee deliberately interferes with the May 26, 2011 order of the Bankruptcy Court, which states, in relevant part:

> Debtors are hereby delegated and granted authority and standing to prosecute, on behalf of the Debtors' Estate subject to exemption rights, the Debtors' claims as pleaded in that certain class action lawsuit pending in the United States District Court for the Northern District of California in the lawsuit entitled *Gregory M. Jordan, et al. v. Paul Financial, LLC, et al.* and assigned docket No. C 07-04496 SI, which was referenced in the Stipulation as the Class Action Suit.

284017.1

Thus, any further settlement communications should be made to Plaintiffs' counsel.  Should you contact the Trustee in the future about this case, we will have no alternative but to take appropriate action.

Very truly yours,

Jeffrey K. Berns

ARBOGAST & BERNS LLP



Benjamin B. Klubes
1250 24th Street, NW
Suite 700
Washington, DC 20037
t 202.349.8002
Bklubes@buckleysandler.com

July 5, 2011

Ms. Elissa D. Miller
Member
SulmeyerKupetz
333 South Hope Street Thirty-Fifth Floor
Los Angeles, CA  90071-1406

       Re:   Settlement Communications

Dear Ms. Miller:

     In light of the attached correspondence and the fact that the claim is the property of the estate, please advise us as to whether the letter instructing us to have no further settlement communications with you and communicate solely through Goldhabers' counsel is your direction.  Is it true that only the Goldhabers' counsel has the authority to settle the claim at issue?

                  Sincerely,

                  Benjamin B. Klubes

cc:  Jeffrey K. Berns, Esq.
     David Arbogast, Esq.
     Lee Weiss, Esq

Attachment

WASHINGTON, DC            NEW YORK, NY            LOS ANGELES, CA

**Lee Weiss**

| | |
|---|---|
| **From:** | Jeffrey Berns <jeff@law111.com> |
| **Sent:** | Tuesday, July 05, 2011 5:51 PM |
| **To:** | Klubes, Benjamin B.; emiller@sulmeyerlaw.com |
| **Cc:** | David Arbogast; Lee Weiss |
| **Subject:** | Goldhabers and recent email to the Trustee |
| **Attachments:** | 29_PF_ORDER_App_Stip_ 052522.pdf; Stipulation btwn Trustee and Goldhabers - CONFORMED COPY.pdf |

Ben, as you are aware, the Stipulation that was approved by the Bankruptcy Court provides: "The Debtors are authorized to make decisions regarding the prosecution of the Class Action Suit without further advice or consent from the Trustee. Specifically, Debtors are authorized to enter into settlement negotiations concerning the disposition of the Class Action Suit as they deem appropriate, as well as to accept such settlement terms that they deem appropriate. They may also proceed through trial in accordance with their best judgment." Thus, we can only view your continued attempts to negotiate directly with the trustee (who has no litigation or settlement authority pursuant to the Stipulation), as opposed to the Goldhabers (who have litigation and settlement authority pursuant to the Stipulation), as a clear attempt to end run the Goldhabers. We are confident that California law would not allow a reading of a contract that would negate the unambiguous meaning of language in the contract. Thus, we believe that your continued settlement communications with the Trustee are in bad faith and could create additional liability for your client and liability for the Trustee.

If you will not cease and desist from these attempts to resolve the Goldhabers' claims without their involvement, then we intend to raise this dispute with Judge Illston.

Jeffrey Berns

**Jeffrey K. Berns**
**ARBOGAST & BERNS LLP**
6303 Owensmouth Ave., 10th Floor
Woodland Hills, CA 91367-2263
Phone: (818) 961-2000
Fax:   (818) 936-0232
JBerns@law111.com

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Klubes, Benjamin B. [mailto:BKlubes@BuckleySandler.com]
**Sent:** Tuesday, July 05, 2011 1:17 PM
**To:** emiller@sulmeyerlaw.com
**Cc:** David Arbogast; 'Lee Weiss'; Jeffrey Berns
**Subject:** Goldhabers

1

Please see attached.

Benjamin B. Klubes
**BuckleySandler LLP**
1250 24th Street NW, Suite 700
Washington, DC 20037

T. 202.349.8002
F. 202.349.8080
bklubes@buckleysandler.com
www.buckleysandler.com



This email message (including any attachments) is only for the use of the intended recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not an intended recipient, you may not review, copy or distribute this message. If you received this message in error, please notify the sender and delete this message (including any attachments) from your system.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.