LEAH MOSNER (Bar No. 266645)
BUCKLEYSANDLER LLP
100 Wilshire Boulevard, Suite 1000
Santa Monica, CA 90401
Telephone:  (424) 203-1000
Facsimile:  (424) 203-1019
Email:  lmosner@buckleysandler.com

BENJAMIN B. KLUBES (Admitted *Pro Hac Vice*)
MICHELLE L. ROGERS (Admitted *Pro Hac Vice*)
BUCKLEYSANDLER LLP
1250 24th Street, NW, Suite 700
Washington, DC 20037
Telephone:  (202) 349-8000
Facsimile:  (202) 349-8080
Email:  bklubes@buckleysandler.com
          mrogers@buckleysandler.com

*Attorneys for Defendant RBS Financial Products Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GREGORY M. JORDAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL FINANCIAL, LLC, *et al.*,<br><br>Defendants. | CASE NO. 3:07-cv-04496-SI<br>CLASS ACTION<br><br>**RBS FINANCIAL PRODUCTS INC.'S RESPONSE TO PLAINTIFFS' REQUEST FOR IMMEDIATE STATUS CONFERENCE**<br><br>Hearing Date: July 13, 2011<br>Time: 2:00 p.m.<br>Place: Courtroom 10, 19th Floor<br>          San Francisco Courthouse<br>Judge: Hon. Susan Illston |

Defendant RBS Financial Products Inc. ("RBS") opposes Plaintiffs' ex parte request, having not been given notice of, or the opportunity to stipulate to, the requested status conference as required by Local Rule 7.11.  RBS believes that the requested conference is unnecessary, frivolous, based on material misstatements of facts, and an undue burden on the Court.  Nevertheless, RBS will participate in good faith in light of this Court's order granting Plaintiffs' motion.

I. **INTRODUCTION**

First, Plaintiffs' assertion that an immediate status conference is needed to address potential settlement issues is belied by their own delays.  Plaintiffs' "emergency" request was filed three weeks after RBS began settlement negotiations with the Bankruptcy Trustee—which Plaintiffs were well aware of because RBS copied them on all written correspondence with the Trustee. Notwithstanding their delay, Plaintiffs' immediate request seeks some unidentified form of relief that this Court likely cannot even grant.  Indeed, there is nothing that can be gained from a status conference because the Stipulation between the Goldhabers and the Bankruptcy Trustee (the "Stipulation"), which is the document defining the Goldhabers' role in this litigation, was approved by the Bankruptcy Court and it is the Bankruptcy Court that must interpret it if an interpretation is necessary.

Second, Plaintiffs' claim that RBS has proceeded to negotiate with the Bankruptcy Trustee "behind Plaintiffs' backs" is simply wrong.  Though it need not do so, RBS copied the Goldhabers' counsel on its correspondence at each stage of its discussions with the Trustee in good faith. Plaintiffs' request to this Court came only after the Trustee responded directly to RBS's offer with a counteroffer of settlement that RBS is prepared to accept.[1]

Third, Plaintiffs' assertion that that the Trustee cannot settle these claims is countered by their own stipulation, which makes explicitly clear that the claim <u>still belongs to the Trustee</u>.  The Trustee has not abandoned the claim, nor has she surrendered her interest in the claims as Plaintiffs now argue.  The claim is, as Plaintiffs themselves have stipulated, the Trustee's.  Further, Plaintiffs'

---

[1] It is certainly ironic that Plaintiffs invoke the possibility of an individual settlement as the basis to request this emergency status conference, when they settled on individual grounds with another defendant only a month ago.  *See* HSBC Notice of Settlement, Dkt. No. 344.

1

RBS FINANCIAL PRODUCT INC.'S OPPOSITION TO PLAINTIFFS' REQUEST FOR STATUS CONFERENCE
*Jordan v. Paul Financial, LLC, et al.,* No. 3:07-cv-04496-SI

counsel is <u>not</u> counsel to the Trustee.  Plaintiffs, therefore, have no basis to insist that settlement discussions be carried out with them, rather than the Trustee.

Finally, the Plaintiffs' position here further highlights why this matter cannot be certified as a nationwide class action.  There are a least three fundamentally different interests Plaintiffs' counsel is seeking to serve:

- o The Goldhabers—whose maximum recovery in this matter is capped at their claimed exemption from the Bankruptcy Estate of $1,800, far less than RBS' initial settlement offer as set forth in the correspondence attached to Plaintiffs' request.
- o Second, the Estate, which has the objective of maximizing its return and has received a settlement offer that is likely to substantially exceed any amount it would recover as a participant in a class action of individual borrowers.
- o Third, Plaintiffs' assertion of representation of a putative class of individual borrowers whose interests are clearly different from those of both the Goldhabers and the Estate.

## II. THE CLAIMS ARE PROPERTY OF THE BANKRUPTY ESTATE THEREFORE THE TRUSTEE HAS AUTHORITY TO SETTLE THEM

The Stipulation is patently clear that "[t]he Class Action Suit is property of the Debtors' bankruptcy estate." (Stipulation at 3:25-26)  The Estate owns the claim and at no point did the Trustee relinquish or abandon her own right to protect the Bankruptcy Estate and to engage in settlement negotiations that would be in the best interest of the Estate.  Faced with the possibility of settlement, Plaintiffs now argue that settlement negotiations between RBS and the Trustee are inappropriate, pointing to their own authority under the Stipulation to enter into settlement negotiations.  Such authority, however, in no way prevents the Trustee—who represents the Estate that, unlike Plaintiffs, <u>actually owns the claims</u>—from entering into settlement negotiations on the Estate's behalf.  It is telling that the Plaintiffs, who are ostensibly prosecuting the claims for the interest of the Estate, do not assert that that they are counsel for the Estate, nor that the proposed settlement is not in the best interest of the Estate, but only (and incorrectly) that the Trustee no

longer has authority to act in the best interest of the Estate.[2]

Relevant here, on April 7, 2011, after learning of the Goldhabers' bankruptcy petition almost a year after it was filed, RBS filed a Motion for Summary Judgment and asserted, *inter alia*, that the Goldhabers lack standing to bring this case due to their failure to disclose their interest in the litigation to the Bankruptcy Court upon their filing for bankruptcy in March 2010.  (RBS MSJ at 11:16-12:20.)  Thereafter, admitting that they lacked standing, the Goldhabers sought to "work together" with the Trustee to reopen their bankruptcy case for the purpose of litigating the claims "wholly for the benefit of the Estate."  (Joint Debtors' Emerg. *Ex Parte* Mot. to Reopen, Dkt 345 Ex. 2 at 1-2.)  On May 17, 2011, the Bankruptcy Court reopened the Goldhabers' bankruptcy case and on May 25, 2011, the Bankruptcy Court approved a Stipulation between the Goldhabers and the Bankruptcy Trustee that purported to provide the Goldhabers with standing in the class action litigation.

As noted above, however, the Stipulation makes it clear that the class action litigation "is property of the Debtors' bankruptcy estate."  (Stipulation at 3:25-26.)  The Stipulation was entered into solely to provide "the most expeditious and effective way for the Estate's interest in the Class Action to be protected."  (Stipulation at 3:27-4:2.)  The Trustee did not, however, abandon the claim, nor did she relinquish her interest in the class action litigation, as evidenced by the affirmative language in the Stipulation subjecting the Goldhabers' prosecution of the class action litigation "subject to the review of the Trustee and the jurisdiction of the Bankruptcy Court."  (Stipulation at 3:27-4:2.)  Notably, the Trustee has now concluded that the most expeditious and effective way for the Estate's interest to be protected is through settlement.

As a result of the Trustee's undisputable interest in this litigation, RBS's settlement negotiations with the Trustee were, and are, entirely appropriate, despite Plaintiffs' misleading characterization of those negotiations.  Plaintiffs' insinuation that RBS has attempted to circumvent

---

[2] Indeed, not only does the Stipulation make clear that the claims are still the property of the Estate, but it also does not effectively bestow standing on the Goldhabers.  As discussed in RBS's Opposition to Class Certification and Reply in Support of Summary Judgment, Plaintiffs still lack the requisite standing to bring this action.  (RBS Opp'n to Mot. for Class Certification at 9:8-16 & n.7; RBS Reply in Support of Mot. for Summ. Judgment at 2:9-4:1.)

the Goldhabers to settle this case is belied by the undisputable fact that, while such settlement negotiations are confidential under the Federal Rules of Evidence, RBS copied Plaintiffs' counsel in good faith on the initial correspondence dated June 13, 2011 and on the subsequent settlement discussions with the Trustee.  In contrast, Plaintiffs' counsel did not extend the Trustee similar courtesy, as the record does not indicate any service of this request for a status conference on the Trustee.  Nevertheless, Plaintiffs now ostensibly seek some unknown form of relief that is neither warranted nor permissible because the Bankruptcy Court is the proper forum to interpret the Stipulation, which it previously approved and which the Goldhabers have proffered to define the relationship between the Goldhabers and the Trustee.

## III.     THIS DISPUTE AGAIN DEMONSTRATES WHY THE <u>GOLDHABERS ARE NOT PROPER CLASS REPRESENTATIVES</u>

Plaintiffs' request to this Court only highlights the fact that the Goldhabers are not proper class representatives due to the inherent conflict of interest that exists between the Trustee—who is the real party in interest—the Goldhabers, and the putative class.  Even if the Stipulation could bestow standing on the Goldhabers (and it cannot), such standing is predicated on the Goldhabers' admitted obligation to act "wholly for the benefit of the Estate" since the claim belongs to the Estate.  (Joint Debtors' Emerg. *Ex Parte* Mot. to Reopen, Dkt 345 Ex. 2 at 1-2.)  Such obligation directly conflicts with the Goldhabers' purported desire to continue the class action litigation for purported class members.  Moreover, the Trustee has determined that it is in the Estate's best interest to settle this claim in the near future for a substantial sum, rather than waiting for the Goldhabers to prosecute the case on the chance that they will receive an award at some point months or even years in the future.  (RBS's Opp. to Mot. for Class Certification at 9:17-10:6, n.8.)

For the same reason, the Trustee is also not a proper class representative in this litigation.  (RBS's Opp. to Mot. for Class Certification at 9, n.7.)  As noted by Plaintiffs, the Trustee is solely concerned with the Bankruptcy Estate and not the interests of potential class members.  (Plaintiffs' Request for Immediate Status Conference, Dkt 376 at 2).  Indeed, the Trustee is interested in settling this case because she believes she can recover more money for the Bankruptcy Estate through a good faith settlement with RBS than the Goldhabers could receive by litigating this case in the months,

and potentially years, ahead. The Trustee's position is supported by the undisputed fact that the most the Goldhabers can personally receive from this litigation, whether through a settlement between RBS and the Trustee or through a class action settlement or judgment, is a $1,820 exemption. In contrast to the Goldhabers' personal gain that is capped at the $1,820 exemption, the Trustee has an interest in maximizing the proceeds of the Bankruptcy Estate, while Plaintiffs' counsel, on behalf of the putative class, have an interest in continuing the class action litigation for purposes of increasing a potential award to unnamed and unknown class members.

As a result, the Goldhabers—even if they had standing—are not proper class representatives due to their inherent conflict with the Trustee, and the Trustee is not a proper class representative because her duty is to the Bankruptcy Estate and not to any of the purported class members. Either way, however, the Stipulation makes clear that the claim was not abandoned or relinquished by the Trustee and that it still belongs to the Bankruptcy Estate. Accordingly, the Plaintiffs should not be permitted to stand in the way of RBS settling this dispute in good faith with the real party in interest—the Bankruptcy Trustee.

Respectfully submitted,

Dated: July 12, 2011

**BUCKLEYSANDLER LLP**

/s/ *Leah Mosner*
LEAH MOSNER (Bar No. 266645)