**SMOGER & ASSOCIATES**
Gerson H. Smoger (SBN 79196)
Gerson@texasinjurylaw.com
Steven M. Bronson (SBN 246751)
steven.bronson@gmail.com
3175 Monterey Blvd
Oakland, CA, 94602-3560
Tel.:  (510) 531-4529
Fax:  (510) 531-4377

**ARBOGAST BOWEN LLP**
David M. Arbogast (SBN 167571)
david@arbogastbowen.com
Chumahan B. Bowen (SBN
cbowen@arbogastbowen.com
11400 W. Olympic Blvd., 2nd Floor
Los Angeles, CA 90064
Tel.: (310) 477-7200
Fax: (310) 943-2309

**BERNS WEISS LLP**
Jeffrey K. Berns (SBN 131351)
jberns@law111.com
20700 Ventura Boulevard, Suite 140
Woodland Hills, California  91364
Tel.:  (818) 961-2000
Fax:  (818) 936-0232

 -- and --

Lee A. Weiss (Admitted *Pro Hac Vice*)
lweiss@bernsweiss.com
626 RXR Plaza
Uniondale, New York  11556
Tel.:  (516) 222-2900
Fax:  (818) 936-0232

Attorneys for Plaintiffs and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY M. JORDAN, ELI GOLDHABER and JOSEPHINA GOLDHABER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL FINANCIAL, LLC, LUMINENT MORTGAGE CAPITAL, INC., HSBC BANK USA, N.A., AS TRUSTEE OF LUMINENT MORTGAGE TRUST 2006-2, RBS FINANCIAL PRODUCTS, INC. and DOES 2 through 10 inclusive,<br><br>Defendants. | Case No. No. C 07-04496 SI<br><br>CLASS ACTION<br><br>[*Assigned to Hon. Susan Illston*]<br><br>[~~PROPOSED~~] ORDER DEFINING CERTIFIED CLASS AND APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL |

This matter comes before the Court upon motion by Plaintiffs Eli Goldhaber and Josephina Goldhaber for class certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and the Court having reviewed all submissions of the parties; and having conducted a hearing on December 2, 2011; and for the reasons stated in its Order Granting Plaintiffs' Motion for Class Certification, dated August 23, 2012 [Doc. 413], which is fully incorporated by reference herein; and based upon the Declaration of Lee A. Weiss in Support of [Proposed] Order Defining Certified Class and Appointing Class Representatives and Class Counsel; and for good cause shown,

IT IS HEREBY ORDERED that the Court's Order Granting Plaintiffs' Motion for Class Certification [Doc. 413] is amended to reflect that after the dismissal of the claims against HSBC Bank USA, N.A. and Luminent Mortgage Trust 2006-2, Plaintiffs' class certification motion was seeking certification only of the Class and the RBS Subclass, as defined below, and that certification of the Class and RBS Subclass is proper under Fed. R. Civ. P. 23 for the reasons set forth in the Order Granting Plaintiffs' Motion for Class Certification.

IT IS FURTHER ORDERED that the following Class and Subclass are certified in accordance with Fed. R. Civ. P. 23:

**The Class**

> All individuals who within the four-year period preceding the filing of Plaintiffs' original complaint through the date that notice is mailed to the Class (the "Class Period"), obtained an Option ARM loan from Paul Financial, LLC that either (a) was secured by real property located in the State of California, or (b) was secured by real property located outside the State of California where the loan was approved in or disseminated from California, which loan had the following characteristics: (i) the yearly numerical interest rate listed on page one of the Note is 3.0% or less; (ii) in the section entitled "Interest," the Promissory Note states that this rate "may" instead of "will" or "shall" change, (e.g., "The interest rate I will pay **may** change"); (iii) the yearly numerical interest rate listed on page one of the Note was only effective through the due date for the first monthly payment and then adjusted to a rate which is the sum of an "index" and "margin;" and (iv) the

Note does not contain any statement that paying the amount listed as the "initial monthly payment(s)," will definitely result in negative amortization or deferred interest. Excluded from the Class are Defendants' employees, officers, directors, agents, representatives, and their family members, as well as the Court and its officers, employees, and relatives.

**The RBS Subclass**

All members of the Class whose Option ARM loans were sold or otherwise assigned by Paul Financial, LLC to RBS Financial Products, Inc.

IT IS FURTHER ORDERED that Plaintiffs Eli Goldhaber and Josephina Goldhaber are appointed as representatives of the above-referenced Class and RBS Subclass.

IT IS FURTHER ORDERED that the law firms of Berns Weiss LLP, Smoger & Associates, Arbogast Bowen LLP, and Spiro Moore LLP are appointed as counsel for the above-referenced Class and RBS Subclass.

**IT IS SO ORDERED**.

Dated: _____9/25/12_____

_____
HON. SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

**SMOGER & ASSOCIATES**
Gerson H. Smoger (SBN 79196)
Gerson@texasinjurylaw.com
Steven M. Bronson (SBN 246751)
steven.bronson@gmail.com
3175 Monterey Blvd
Oakland, CA, 94602-3560
Tel.:  (510) 531-4529
Fax:  (510) 531-4377

**ARBOGAST BOWEN LLP**
David M. Arbogast (SBN 167571)
david@arbogastbowen.com
Chumahan B. Bowen (SBN
cbowen@arbogastbowen.com
11400 W. Olympic Blvd., 2nd Floor
Los Angeles, CA 90064
Tel.: (310) 477-7200
Fax: (310) 943-2309

**BERNS WEISS LLP**
Jeffrey K. Berns (SBN 131351)
jberns@law111.com
20700 Ventura Boulevard, Suite 140
Woodland Hills, California  91364
Tel.:  (818) 961-2000
Fax:  (818) 936-0232

-- and --

Lee A. Weiss (Admitted *Pro Hac Vice*)
lweiss@bernsweiss.com
626 RXR Plaza
Uniondale, New York  11556
Tel.:  (516) 222-2900
Fax:  (818) 936-0232

Attorneys for Plaintiffs and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY M. JORDAN, ELI GOLDHABER and JOSEPHINA GOLDHABER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL FINANCIAL, LLC, LUMINENT MORTGAGE CAPITAL, INC., HSBC BANK USA, N.A., AS TRUSTEE OF LUMINENT MORTGAGE TRUST 2006-2, RBS FINANCIAL PRODUCTS, INC. and DOES 2 through 10 inclusive,<br><br>Defendants. | Case No. No. C 07-04496 SI<br><br>CLASS ACTION<br><br>[*Assigned to Hon. Susan Illston*]<br><br>**DECLARATION OF LEE A. WEISS IN SUPPORT OF [PROPOSED] ORDER DEFINING CERTIFIED CLASS AND APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL** |

Weiss Decl. i/s/o [Proposed] Order Defining Certified Class and Appointing Class Representatives and Class Counsel - C 07-04496 SI

I, Lee A. Weiss, declare as follows, pursuant to 28 U.S.C. § 1746:

1. I am one of the attorneys of record for Plaintiffs in the above-entitled action. The matters stated herein are known to me personally, and if called as a witness, I could and would competently testify thereto.

2. On March 18, 2011, Plaintiffs filed a motion for class certification (Docs. 315 and 321 [as corrected by Doc. 326]) that sought certification of the following Class and Subclasses:

The Class:

> All individuals who within the four-year period preceding the filing of Plaintiffs' original complaint through the date that notice is mailed to the Class (the "Class Period"), obtained an Option ARM loan from Paul Financial, LLC that either (a) was secured by real property located in the State of California, or (b) was secured by real property located outside the State of California where the loan was approved in or disseminated from California, which loan had the following characteristics: (i) the yearly numerical interest rate listed on page one of the Note is 3.0% or less; (ii) in the section entitled "Interest," the Promissory Note states that this rate "may" instead of "will" or "shall" change, (e.g., "The interest rate I will pay **may** change"; (iii) the yearly numerical interest rate listed on page one of the Note was only effective through the due date for the first monthly payment and then adjusted to a rate which is the sum of an "index" and "margin"; and (iv) the Note does not contain any statement that paying the amount listed as the "initial monthly payment(s)," will definitely result in negative amortization or deferred interest. Excluded from the Class are Defendants' employees, officers, directors, agents, representatives, and their family members, as well as the Court and its officers, employees, and relatives.

The RBS Subclass:

> All Class members whose Option ARM loans were sold or otherwise assigned by Paul Financial to RBS Financial Products, Inc.

HSBC Subclass:

> All Class members whose Option ARM loans are, or at any time were, in the Luminent Mortgage Trust 2006-2, of which HSBC National Association is the trustee.

3. On July 13, 2011, Plaintiff Gregory M. Jordan and Defendant HSBC Bank USA, N.A., as Trustee of Luminent Mortgage Trust 2006-2 filed a Joint Motion for Dismissal (Doc. 381), which sought, among other things, dismissal of Plaintiff Jordan's and putative class

1

Weiss Decl. i/s/o [Proposed] Order Defining Certified Class and Appointing Class Representatives and Class Counsel - C 07-04496 SI

members' claims against HSBC Bank and the Luminent Mortgage Trust 2006-2 in their entirety. The Court granted the motion by Order dated July 27, 2011. Doc. 385. The July 27, 2011 Order mooted the motion to certify the HSBC Subclass. It did not, however, moot the motion to certify the Class, vis-à-vis Defendant Paul Financial, LLC.

4. Paul Financial, LLC did not file any papers in response to the class certification motion. *See* Plaintiff's Reply to Defendant Paul Financial's Failure to Oppose Plaintiffs' Motion for Class Certification. Doc. 363.

5. On December 2, 2011, after the class certification motion, and a summary judgment motion filed by Defendant RBS Financial Products, Inc. ("RBS"), had been fully briefed by Plaintiffs and RBS, the Court held a hearing on the motions. Paul Financial, LLC's counsel was present at the hearing.

6. On August 23, 2012, this Court issued its Order Denying RBS Financial Products Inc.'s Motion For Summary Judgment; Granting Plaintiff's Motion For Class Certification. Doc. 413. (the "8/23/12 Order") In that Order, the Court stated "[a]s the class definition has likely changed since HSBC was dismissed as a defendant, the Court orders plaintiffs to submit a proposed order certifying a class that conforms with this order." 8/23/12 Order at 44.

7. The Proposed Order Plaintiffs are filing herewith conforms to the Court's Order in all respects but one, which deviation is addressed below.

8. In the 8/23/12 Order, the Court stated the following concerning the class definition:

> In their motion for certification, Plaintiffs stated that they also sought to certify a subclass consisting of all Class members whose Option ARM loans were sold or otherwise assigned by Paul Financial to RBS Financial Products, Inc. (the "RBS Subclass"), which Mr. and Mrs. Goldhaber seek to represent; and a second subclass of all Class members whose Option ARM loans were sold to HSBC, which Jordan was to represent. Since that time, Jordan has dismissed his claims against HSBC, and plaintiffs have not sought to join any new class representatives. Therefore, the

Court understands plaintiffs to be seeking a single class, as described above, consisting of all Class members whose Option ARM loans were assigned to RBS.

8/23/12 Order at 27.

9. The Court was correct that Plaintiffs were no longer pursuing the HSBC Subclass as a result of the dismissal of HSBC from the case. However, after the HSBC Subclass was removed, there still remained the Class (consisting of Option ARM loans originated by Paul Financial, LLC in accordance with the Class definition) (8/23/12 Order at 26) and the RBS Subclass (consisting of loans in the Class that were acquired by RBS after origination by Paul Financial, LLC).

10. As Paul Financial, LLC did not oppose the class certification motion, and the Court's analysis of the Rule 23 standards in the Order Granting Class Certification supports certification of the Class, Plaintiff's Proposed Order provides for the certification of the Class and RBS Subclass. Additionally, the Proposed Order provides that the Court's prior Order Granting Class Certification is amended to reflect that Plaintiffs were seeking certification of the Class and RBS Subclass and that the Class and Subclass should be certified for the reason stated therein.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 31, 2012 at Memphis, Tennessee.

By: ___/s/ *Lee A. Weiss*___
Lee A. Weiss