**SMOGER & ASSOCIATES**
Gerson H. Smoger (SBN 79196)
Gerson@texasinjurylaw.com
Steven M. Bronson (SBN 246751)
steven.bronson@gmail.com
3175 Monterey Blvd
Oakland, CA, 94602-3560
Tel.: (510) 531-4529
Fax: (510) 531-4377

**ARBOGAST BOWEN LLP**
David M. Arbogast (SBN 167571)
david@arbogastbowen.com
Chumahan B. Bowen (SBN
cbowen@arbogastbowen.com
11400 W. Olympic Blvd., 2nd Floor
Los Angeles, CA 90064
Tel.: (310) 477-7200
Fax: (310) 943-2309

**BERNS WEISS LLP**
Jeffrey K. Berns (SBN 131351)
jberns@law111.com
20700 Ventura Blvd., Suite 140
Woodland Hills, CA 91364
Tel.: (818) 961-2000
Fax: (818) 999-1500

-and-

Lee A. Weiss (Admitted *Pro Hac Vice*)
lweiss@law111.com
585 Stewart Avenue, Suite L-20
Garden City, NY 11530
Tel.: (516) 222-2900
Fax: (818) 999-1500

Attorneys for Plaintiffs, the Class and the RBS Subclass

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY M. JORDAN, ELI GOLDHABER and JOSEPHINA GOLDHABER individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PAUL FINANCIAL, LLC, LUMINENT MORTGAGE CAPITAL, INC., HSBC BANK USA, N.A., AS TRUSTEE OF LUMINENT MORTGAGE TRUST 2006-2, RBS FINANCIAL PRODUCTS INC., and DOES 2 through 10 inclusive, <br><br> Defendants. | CASE NO. C-07-04496-SI <br><br> CLASS ACTION <br><br> [Assigned to Hon. Susan Illston] <br><br> **[PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF AGREEMENT AND STIPULATION OF SETTLEMENT OF CLASS ACTION** |

The Court has considered the *Joint Motion for Preliminary Approval of Agreement and Stipulation of Settlement of Class Action* (the "Motion"). In connection with the Motion, the Court finds that:

1. The initial complaint in this matter (the "Action") was filed on August 30, 2007 against Paul Financial, LLC ("Paul Financial") and Doe defendants. The complaint in the Action was subsequently amended multiple times to add Eli Goldhaber and Josephina Goldhaber as plaintiffs ("Class Representatives"), and add RBS Financial Products Inc. ("RBS"), Luminent Mortgage Capital, Inc., and HSBC Bank USA, N.A., as Trustee of Luminent Mortgage Trust 2006-2 as defendants. The operative complaint is the Fourth Amended Complaint, filed on or about October 7, 2009, which alleges three causes of action: (1) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, *et seq.*; (2) fraudulent omissions; and (3) unlawful, unfair, and fraudulent business practices in violation of California's Unfair Competition Law ("UCL"), Bus. & Prof Code §17200, *et seq*. (Dkt. No. 237) on behalf of the Class Representatives and a class of "[a]ll individuals who within the four-year period preceding the filing of Plaintiffs' original complaint through the date that notice is mailed to potential Class Members, obtained a Paul Financial, LLC Option ARM loan on [certain loan forms] on their home located in the State of California or on their home located outside the State of California where the loan was approved in or disseminated from California." On September 30, 2010, the Court granted RBS's motion to dismiss the Fourth Amended Complaint in part, dismissing plaintiffs' TILA claims as time barred, and dismissing the "unlawful" prong of plaintiffs' UCL claim. (Dkt. No. 295.) On July 27, 2011, the Court ordered the dismissal of defendants HSBC Bank USA, N.A. and the Luminent Mortgage Trust 2006-2 with prejudice. (Dkt. No. 385.)

2. On August 23, 2012, the Court granted Class Representatives' motion for class certification. (Dkt. No. 413, the "Class Certification Order"). On September 26, 2012, the Court issued an order certifying the following class and subclass (Dkt. No. 417, the "Class Definition Order"):

**The Class**

All individuals who within the four-year period preceding the filing of Plaintiffs' original complaint through the date that notice is mailed to the Class (the "Class Period"), obtained an Option ARM loan from Paul Financial, LLC that either (a) was secured by real property located in the State of California, or (b) was secured by real property located outside the State of California where the loan was approved in or disseminated from California, which loan had the following characteristics: (i) the yearly numerical interest rate listed on page one of the Note is 3.0% or less; (ii) in the section entitled "Interest," the Promissory Note states that this rate "may" instead of "will" or "shall" change, (e.g., "The interest rate I will pay **may** change"); (iii) the yearly numerical interest rate listed on page one of the Note was only effective through the due date for the first monthly payment and then adjusted to a rate which is the sum of an "index" and "margin;" and (iv) the Note does not contain any statement that paying the amount listed as the "initial monthly payment(s)," will definitely result in negative amortization or deferred interest.  Excluded from the Class are Defendants' employees, officers, directors, agents, representatives, and their family members, as well as the Court and its officers, employees, and relatives.

**The RBS Subclass**

All members of the Class whose Option ARM loans were sold or otherwise assigned by Paul Financial, LLC to RBS Financial Products Inc.

3. The Class Definition Order also appointed Plaintiffs Eli Goldhaber and Josephina Goldhaber as representatives of the Class and RBS Subclass and appointed the law firms, Berns Weiss LLP, Smoger & Associates, Arbogast Bowen LLP, and Spiro Moore LLP as counsel for the Class and RBS Subclass (collectively, "Class Counsel") in this action, as these firms have the experience and resources required to more than adequately serve the interests of the Class, which they have been doing for more than five years as counsel for the Class.

4. On February 7, 2013, counsel for both Plaintiffs and RBS participated in a mediation session with Professor Eric Green of Resolutions, LLC.  Following the submission of lengthy mediation briefs, and after a day's mediation, the Parties reached an agreement in principle to settle the Action against RBS.  On May 1, 2013, the Parties entered into an *Agreement and Stipulation of Settlement of Class Action* (the "Agreement") memorializing the terms of the agreement between the Parties and thereafter filed the Agreement with the Court.

5. RBS has and continues to deny the allegations of the Complaint, and denies that the Class Representatives have been harmed by any act or omission of RBS.  But the Parties agree that it is in their best interests to compromise the claims raised by the Fourth Amended Complaint and

to end the litigation due to their desire to avoid the expense, delay and risks of continued litigation, including motion practice and trial, and they desire to compromise the claims of the RBS Subclass against RBS, upon the terms and conditions set forth in the Agreement.

6.   On May 2, 2013, the Parties filed the Motion.

7.   Berdon Claims Administration LLC (the "Settlement Administrator") is qualified to serve as the Settlement Administrator under the Agreement.

8.   The terms of the Agreement appear to be fair, reasonable, adequate, proper and cost-effective and have been negotiated at arm's length.

9.   Therefore, the Agreement should be preliminarily approved by the court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

10.   Notice should be given to all the RBS Subclass Members, affording them the opportunity to object to the proposed Agreement or to opt out of the RBS Subclass.  As set forth in Section IV(D) of the Agreement, if a specified percentage or number of RBS Subclass Members opt out of the RBS Subclass, RBS may, in its sole discretion, elect to terminate the Agreement pursuant to the procedures set forth thereto.

11.   The contents of the *Notice of Pendency of Class Action, Proposed Settlement and Final Approval Hearing* (the "Settlement Notice"), meets the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).  The Settlement Notice (i) defines the class (ii) states the nature of the action and the issues and defenses; (iii) makes clear that the Agreement, if approved, will be binding on all RBS Subclass Members; (iv) summarizes the terms of the Agreement, the right of each RBS Subclass Member to opt out of the Agreement, and the right of RBS Subclass Members to object to the Agreement and to appear by counsel at the hearing on final approval of the Agreement; and (v) provides that more information is available from the Settlement Administrator upon request.  Further, the Settlement Notice informs the RBS Subclass Members that the Agreement provides for the release of their Claims (as that term is defined in the Agreement) and the payment of Class Counsel's attorneys' fees.  *See* Fed. R. Civ. P. 23(h).

12. Notice to all RBS Subclass Members by bulk or standard United States mail, postage prepaid, at the collateral property address for the primary borrower on the subject loan as listed in RBS's books and records, complies with due process standards, Federal Rule of Civil Procedure 23, and is reasonable, and is the best notice practicable under the circumstances.

13. The hearing on the final approval of the Agreement (the "Final Approval Hearing") should be held no earlier than 135 days after the entry of this order so that RBS Subclass Members have sufficient time from the mailing of the Settlement Notice to secure further information regarding the relief sought in the Motion, to opt out of the RBS Subclass or to object to the Agreement should they choose to do so, and to engage counsel to appear at the Final Approval Hearing.

14. Other good and sufficient cause exists for granting the relief requested in the Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

A. The Agreement is preliminarily approved.

B. The content and form of the proposed Settlement Notice in substantially the format as set forth in Exhibit 2 to the Agreement and the plan proposed by the parties for distributing the Settlement Notice are approved. The procedures for voluntary exclusion of RBS Subclass Members from the proposed Agreement and the procedures by which RBS Subclass Members may object to the proposed Agreement, as set forth in the Agreement are also approved. The Settlement Administrator shall mail the Settlement Notice in the manner and at the times set forth in the Agreement.

C. Berdon Claims Administration LLC is approved as the Settlement Administrator for the proposed Agreement.

D. The procedure by which RBS Subclass Members who seek to be excluded from the proposed Agreement may file their exclusion arising from or related to any of the claims made in the Action and the deadlines relating thereto as set forth in the Agreement are approved. All requests for exclusion must be mailed to the Settlement Administrator at the address set forth in

the Settlement Notice and postmarked no later than forty-five (45) days after the date of the Settlement Notice, regardless of the address to which the Settlement Notice was originally mailed.

E.  No person may exercise any exclusion rights on behalf of any other person or persons, except as reasonable in instances of disability, guardianship, or conservatorship. Any purported exclusion inconsistent with this Order shall be void, and any such RBS Subclass Members who are subject to such purported exclusions shall be treated as RBS Subclass Members pursuant to the terms of the Agreement. RBS Subclass Members who do not exclude themselves from or object to the proposed Agreement will be represented by Class Counsel as appointed above.

F.  Final Approval of the Agreement:

i.  The Court shall conduct a Final Approval Hearing to determine the final approval of the Agreement on __Nov. 15__, 2013 at 9:00 a.m. The purposes of the Final Approval Hearing are to determine (1) whether the proposed Agreement on the terms and conditions provided in the Agreement is fair, reasonable and adequate to the RBS Subclass, and whether the Released Claims (as defined in the Agreement) should be released, and whether RBS should be dismissed; and (2) whether the application of Class Counsel for the reimbursement of litigation expenses and for a service payment to the Class Representatives for their role in bringing and participating in this litigation, should be approved and, if so, in what amounts. The Court may adjourn or continue the Final Approval Hearing, and may continue interim deadlines provided herein, without further notice to the Class.

ii.  The procedures for notifying RBS Subclass Members of their rights to object to the Agreement and the procedures for objecting to the proposed Agreement are approved. All Written Objections must be filed with the Clerk of the Court and served on the parties identified in the Settlement Notice, postmarked no later than sixty (60) days after the date of the Settlement Notice, regardless of the address to which the Settlement Notice was originally mailed.

iii.  The Written Objection must contain: (a) a statement of the RBS Subclass

Member's objection, including the specific grounds for the objection and any other reasons why such RBS Subclass Member desires to be heard; (b) any legal support the RBS Subclass Member wishes to bring to the Court's attention; and (c) any evidence, documents or writing that such RBS Subclass Member wishes to introduce in support of the Written Objection.

        iv.    Replies to the Written Objections must be filed with the Court at least fourteen (14) calendar days before the Final Approval Hearing.

        v.    All RBS Subclass Members, unless they timely exclude themselves from the RBS Subclass in compliance with the procedures set forth in the Agreement and the Settlement Notice, shall be bound by all orders, determinations, and judgments in the Action concerning the proposed Agreement.

G. In the event that the Court does not enter the final order (the "Final Approval Order") approving the Agreement, if the Final Order Date (as defined in the Agreement) does not occur, or if the proposed Agreement is terminated for any reason whatsoever, then the Agreement shall become null and void; the Action may continue (with litigation to recommence as provided for therein); and any and all orders entered pursuant to the Agreement shall be deemed vacated; and the parties may not make any references to or use of the Agreement, any orders, or any other documents related thereto.

H. In aid of the Court's jurisdiction to implement and enforce the Agreement, the Class Representatives and all RBS Subclass Members shall be preliminarily enjoined and barred from commencing or prosecuting any claim against the Released Parties or action inconsistent with the Released Claims (as defined in the Agreement), whether directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state or federal court, or in any agency or other authority or forum wherever located. Nothing in this paragraph, however, shall be construed to prevent a RBS Subclass Member from presenting objections to the Court regarding the Agreement in accordance with this order.

I. The Court retains jurisdiction to construe, interpret, enforce, and implement the terms of the Agreement and this order. Any dispute regarding the Agreement will be presented to

2  and resolved by the Court.

3    J. Neither this Order, the Agreement, nor any of its terms or provisions, nor any of the negotiations between the Parties or their counsel (nor any actions taken to carry out this order), is, may be construed as, or may be used as an admission or concession by any or against any of the Parties or the Released Parties of any wrongdoing, the validity of any claim or liability, any alleged violation or failure to comply with any law, any alleged breach of contract, or any legal or factual argument, contention or assertion, and the Parties deny any wrongdoing or liability on their part. The execution and implementation of the Agreement or its terms shall not be, in any event, construed as, or deemed evidence of, an admission or concession as to RBS's denials, defenses, or factual or legal positions, nor shall be offered or received in evidence in any action or proceeding against any party in court, administrative agency or other tribunal for any purpose whatsoever, except as may be necessary in a proceeding to enforce the terms of this Order and the Agreement; provided, however, that this Order and the Agreement may be filed in any action against RBS or the Released Parties to support a defense of res judicata, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claims preclusion, issue preclusion or similar defense or counterclaim.

Dated: 6/14/13

/s/ Susan Illston

HON. SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE