IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY M. JORDAN, et al.,<br><br>        Plaintiff,<br><br>  v.<br><br>PAUL FINANCIAL, LLC, et al.,<br><br>        Defendant.<br>                                         / | No. C 07-04496 SI<br><br>**ORDER TO PRODUCE RECORDS FOR FEE APPLICATION** |

Currently before the Court is class counsel's motion for attorneys' fees and costs. Dkt. No. 433. "[C]ourts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). The Ninth Circuit has approved two different methods for calculating a reasonable attorneys' fee: the lodestar and percentage-of-recovery methods. *Id*. at 941-42. The Ninth Circuit encourages courts "to guard against an unreasonable result by cross-checking their calculations against a second method." *Id*. at 944.

Class counsel has provided the Court insufficient evidence to calculate the lodestar amount or compare the lodestar amount with the reasonable percentage award. Counsel has provided the Court with only a single declaration from one attorney involved in the case which asserts that "[b]ased on contemporaneous, daily time records regularly prepared and maintained" by counsel, the "total hourly billing amount for the work performed by the partners, associates, and professional support staff of those

firms . . . is well over $2 million." Dkt. No. 433-1 ¶ 26. Counsel has provided no documentation of the hourly billing rates, hours worked, substantive work performed or details regarding the qualifications or even identities of the lawyers involved in the case. The Court is thus unable to evaluate the reasonableness of the stated lodestar.

The Court recognizes that counsel seeks an award of fees substantially less than its stated lodestar amount. Nevertheless, the record at present is insufficient to evaluate the fee application.

Class counsel is accordingly directed to file with the Court a sworn, written description detailing the projects and tasks completed by each lawyer involved in the case, their respective hourly billing rates, and total hours worked on the case by **Thursday, November 14**.

**IT IS SO ORDERED.**

Dated: November 12, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

2