| | |
|---|---|
| **SMOGER & ASSOCIATES** | **BERNS WEISS LLP** |
| Gerson H. Smoger (SBN 79196) | Jeffrey K. Berns (SBN 131351) |
| Gerson@texasinjurylaw.com | jberns@law111.com |
| Steven M. Bronson (SBN 246751) | 20700 Ventura Blvd., Suite 140 |
| steven.bronson@gmail.com | Woodland Hills, CA 91364 |
| 3175 Monterey Blvd | Tel.: (818) 961-2000 |
| Oakland, CA, 94602-3560 | Fax: (818) 999-1500 |
| Tel.: (510) 531-4529 | |
| Fax: (510) 531-4377 | -and- |
| | |
| **ARBOGAST BOWEN LLP** | Lee A. Weiss (Admitted *Pro Hac Vice*) |
| David M. Arbogast (SBN 167571) | lweiss@law111.com |
| david@arbogastbowen.com | 585 Stewart Avenue, Suite L-20 |
| Chumahan B. Bowen (SBN | Garden City, NY 11530 |
| cbowen@arbogastbowen.com | Tel.: (516) 222-2900 |
| 11400 W. Olympic Blvd., 2nd Floor | Fax: (818) 999-1500 |
| Los Angeles, CA 90064 | |
| Tel.: (310) 477-7200 | |
| Fax: (310) 943-2309 | |

Attorneys for Plaintiffs and the RBS Subclass

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| GREGORY M. JORDAN, ELI GOLDHABER and JOSEPHINA GOLDHABER individually and on behalf of all others similarly situated, | CASE NO. C-07-04496-SI |
| | CLASS ACTION |
| Plaintiffs, | [Assigned to Hon. Susan Illston] |
| v. | **[PROPOSED] ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF AGREEMENT AND STIPULATION OF SETTLEMENT OF CLASS ACTION, PAYMENT OF ATTORNEYS' FEES AND LITIGATION EXPENSES, AND FINAL JUDGMENT** |
| PAUL FINANCIAL, LLC, LUMINENT MORTGAGE CAPITAL, INC., HSBC BANK USA, N.A., AS TRUSTEE OF LUMINENT MORTGAGE TRUST 2006-2, RBS FINANCIAL PRODUCTS INC., and DOES 2 through 10 inclusive, | |
| Defendants. | |

**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF AGREEMENT AND STIPULATION OF SETTLEMENT OF CLASS ACTION**

The Court has considered the Joint Motion for Final Approval of Agreement and Stipulation of Settlement of Class Action (the "Motion") filed by RBS Financial Products Inc., ( "RBS") and Eli Goldhaber and Josephina Goldhaber (the "Class Representatives"), on behalf of themselves and all others similarly situated.  In connection with the Motion, the Court finds that:

A. The Court entered its Order Granting Joint Motion for Preliminary Approval of Agreement and Stipulation of Settlement of Class Action on June 14, 2013 (the "Preliminary Approval Order"), granting preliminary approval of the Agreement and Stipulation of Settlement of Class Action between RBS and the Class Representatives dated May 1, 2013 (the "Agreement") and approving the form and manner of notice of the Agreement and the deadline for opting out and filing objections for all RBS Subclass Members.

B. Due notice has been given to the RBS Subclass of the terms of the proposed Agreement, the right to opt-out of the RBS Subclass, the time, date and location of the final hearing to consider approval of the Agreement (the "Final Approval Hearing"), the right to object to the proposed Agreement and the right to appear in person or by counsel at the Final Approval Hearing; and no other and further notice is required, and such notice is deemed proper and sufficient under the circumstances.

C. On 11/1/13, the Settlement Administrator provided a declaration stating that no RBS Subclass Member submitted a timely and valid request for exclusion.

D. On August 27, 2013, Class Counsel submitted a Motion for Payment of Class Counsel's Attorneys' Fees and Costs, seeking the approval of reasonable fees and costs reimbursement.

E. The court held a hearing on November 15, 2013 to consider final approval of the Agreement, the Motion for Payment of Class Counsel's Attorneys' Fees and Costs, as well as all timely and valid objections received from RBS Subclass Members.

F. The terms of the Agreement are fair, reasonable, and adequate under Federal Rule of Civil Procedure 23.

G. The Agreement was negotiated at arm's length and in good faith, and it is fair, equitable and in the best interests of the RBS Subclass Members and RBS.

H. Other good and sufficient cause exists for granting the relief requested in the Final Motion.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. This order ("Final Approval Order") incorporates and makes a part hereof:

    a. the Agreement filed with this Court on May 2, 2013;

    b. the Notice of Pendency of Class Action, Proposed Settlement and Final Approval Hearing ("Settlement Notice"), approved by the Court on June 14, 2013; and

    c. the Preliminary Approval Order dated June 14, 2013.

2. The Court has jurisdiction over the subject matter of the RBS Subclass Claim, the Class Action, the Agreement, the Class Representatives, and RBS. The Court also has jurisdiction over the RBS Subclass Members because adequate notice has been provided and all RBS Subclass Members have been given notice and the opportunity to opt out or object to the Agreement.

3. Based on the evidence submitted pursuant to the terms of the Agreement and the Preliminary Approval Order, the Court finds that the distribution of the Settlement Notice fully complied with the applicable provisions of the Agreement, Rule 23 of the Federal Rules of Civil Procedure and due process, and constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Agreement of the Class Action and RBS Subclass Claim. The Court finds further that RBS has satisfied the requirements of notice to pertinent government agencies as set forth in the Class Actions Fairness Act of 2005 ("CAFA") at 28 U.S.C. § 1715.

4. The Court finds that, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Agreement is approved as presented and without modification (except insofar as the Parties have agreed to such modification), and the terms of the Agreement as set forth in the Agreement are

approved as fair, reasonable, adequate and in the best interests of the RBS Subclass Members, and the Parties are authorized to implement its terms.

5. Each RBS Subclass Member that has not effectively excluded himself or herself from the Agreement shall be bound by the Agreement, including the releases set forth therein. Effective upon the Final Order Date, RBS Subclass Members will be deemed to have released their claims (the "Released Claims") as follows:

    a. For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Class Representatives and RBS Subclass Members, their respective co-borrowers, spouses, or former spouses, who may have or have had an interest in the loan that is the subject of this Settlement Agreement, and the present, former and future respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, employees and insurers of the Class Representatives and the RBS Subclass Members (collectively, the "Releasing Parties"), hereby release, and forever discharge RBS, and each of its present, former, and future direct and indirect parent companies, including but not limited to its shareholders, directors, officers, insurers, affiliates, subsidiaries, divisions, officers, employees, agents, attorneys, directors, shareholders, assignors, and predecessors-in-interest (collectively the "Released Parties") from any and all duties, claims, counterclaims, judgments, lawsuits, actions, set-offs, costs, losses, expenses, sums of money, debts, charges, damages, executions, promises, omissions, agreements, rights and any and all demands, obligations or liabilities, of whatever kind or character, direct or indirect, relating to, arising out of or asserted in this Action relating to the Option ARM loans that were sold or otherwise assigned by Paul Financial, LLC to RBS.  This release shall apply whether arising under local, state, or federal law, whether by statute, contract, common law, or equity.  The foregoing Release shall also apply to any and all claims of the Releasing Parties that would be barred by the doctrines of res judicata and collateral estoppel had the issues in this case been litigated by each RBS Subclass Member to a final judgment on the

4

merits, and to any and all past, present, and future claims, administrative or otherwise, actions, causes of action, rights, or liabilities, known or unknown, based on or arising from the allegations that are contained in the Complaint, or that could have been asserted in the Complaint, against any of the Released Parties, provided, however, that nothing in this Settlement Agreement shall limit or curtail any RBS Subclass Member's rights with respect to any claims that he or she may have against the remaining defendant, Paul Financial, LLC, which is not a related entity, predecessor or affiliate of RBS.

b. The Class Representatives, RBS Subclass Members, and the Releasing Parties intentionally and knowingly waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any law or principle of common law or equity that governs or limits a person's release of unknown claims. The Class Representatives, RBS Subclass Members, and the Releasing Parties understand and acknowledge that they may discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of the Released Claims but that it is their intention to fully, finally, and forever settle and release all of the Released Claims, known and unknown, suspected or unsuspected, without regard to the subsequent discovery or current existence of any such additional or different facts, and in furtherance of such intention, the release of these Released Claims shall remain in effect notwithstanding the discovery or existence of any such additional or different facts. The provisions of this paragraph include, without limitation, an express, knowing, and voluntary waiver, to the fullest extent permitted by law, by the Class Representatives and all RBS Subclass Members and Releasing Parties, of any and all rights or benefits conferred under Section 1542 of the California Civil Code, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release,

which if known by him or her must have materially affected his or her settlement with the debtor.

The Class Representatives, RBS Subclass Members, and the Releasing Parties understand and acknowledge the significance of this waiver of Section 1542 of the California Civil Code. In addition, the Class Representatives and all RBS Subclass Members and Releasing Parties also expressly, knowingly, and voluntarily waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, and any law or principle of common law or equity, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

c. Notwithstanding any of the provisions herein, no person, Party or entity other than the Released Parties is receiving any release or waiver of liability under this Agreement.

d. Further, it is understood and agreed by the Parties that the Class Representatives, on behalf of themselves and the RBS Subclass they represent, allege and seek damages and restitution that exceed the amount of the Settlement Fund. Further, the Class Representatives and the RBS Subclass contend that the Settlement Fund is substantially less than the amount sought for the alleged injuries that they claim to have suffered as a result of the alleged conduct at issue in the Complaint. However, in order to resolve the disputes between the Class Representatives and RBS Subclass Members on the one hand, and RBS on the other hand, the Class Representatives and RBS Subclass Members have agreed to release the Released Parties (and the Released Parties alone) from the Released Claims in exchange for compensation for the purported injuries allegedly caused by RBS.

e. RBS has and continues to deny the allegations of the Complaint, and denies that the Class Representatives have been harmed by any act or omission of RBS. But the Parties agree that it is in their best interests to compromise the claims raised by the Fourth Amended Complaint and to end the litigation due to their desire to avoid the

6
[Proposed] Order Granting Motion for Final Approval                                    CASE NO. C-07-04496-SI

expense, delay and risks of continued litigation, including motion practice and trial, and they desire to compromise the claims of the RBS Subclass against RBS, upon the terms and conditions set forth in the Agreement.

6. No fees or costs shall be owing to or payable to the Class Representatives or Class Counsel from RBS except as provided in the Agreement.

7. The application of Class Counsel for reimbursement of attorneys' fees and costs ("Class Counsel's Attorneys' Fees and Costs") of 25% of the Settlement Fund ($437,500.00) is granted. In addition, considering the time and effort undertaken by the Class Representative in pursuing this litigation, the risks undertaken by the Class Representative, including the risk of liability for the Parties' costs of suit, and any notoriety or personal difficulties encountered by the Class Representative as a result of the litigation, the Class Representatives' application for a service payment in the amount of $5,000.00 each is granted. The previously appointed Settlement Administrator, Berdon Settlement Administration LLC, is authorized to make payments of $437,500 to Class Counsel for Class Counsel Attorney's Fees and Costs and $5,000.00 to each of the Class Representatives, from the Settlement Fund in accordance with the terms of the Agreement.

8. The Settlement Administrator, on behalf of RBS, shall pay all RBS Subclass Members a pro rata distribution of the Settlement Fund, after deducting from the Settlement Fund: (1) the payment to the Settlement Administrator of up to Twenty Thousand Dollars and No Cents ($20,000.00); (2) Class Counsel's Attorneys' Fees and Costs of $437,500; and (3) the payments of Five Thousand Dollars and No Cents ($5,000.00) to each of the Class Representatives.

9. Once the Settlement Administrator makes payments to the RBS Subclass Members under the terms of the Agreement, if any RBS Subclass Member, for whatever reason, does not receive his or her payment check, said RBS Subclass Member is nonetheless considered to have been paid by RBS, and RBS shall have no further obligation to the RBS Subclass Member, and said check shall not be considered to be abandoned property subject to escheatment, but shall be deemed part of the remainder subject to the terms of the Agreement, and the Agreement shall in all respects be fully enforceable against the RBS Subclass Member.

1.       Any check to a RBS Subclass Member that is returned to the Settlement Administrator with a forwarding address will be re-sent to the address provided and the Settlement Administrator's database will be updated with the current address information. If any check to a RBS Subclass Member is uncashed sixty (60) days after the date of the instrument, the Settlement Administrator shall send a reminder letter to that RBS Subclass Member. The total amount of all checks that are returned as undeliverable, with no forwarding address, or still uncashed one hundred and twenty (120) days after the date of the issuance of the instrument shall become part of a cy pres fund to be distributed to the California Council on Economic Education, a 501(c)(3) charitable organization dedicated to providing economic and financial literacy education to K-12 teachers and students.

10.      Nothing in this Order, nor the Agreement, nor any of its terms or provisions, nor any of the negotiations between the Parties or their counsel, nor any actions taken to carry out this Order, is or may be construed as, or may be used as an admission or concession by or against any of the Parties or the Released Parties of any wrongdoing, the validity of any claim or liability, any alleged violation or failure to comply with any law, any alleged breach of contract, or any legal or factual argument, contention or assertion, and the Parties deny any wrongdoing or liability on their part. The execution and implementation of the Agreement and its terms shall not in any event be construed as, or deemed evidence of, an admission or concession as to RBS's denials, defenses, or factual or legal positions, nor shall the Agreement be offered or received in evidence in any action or proceeding against any party in any court, administrative agency or other tribunal for any purposes whatsoever, except as necessary in a proceeding to enforce the terms of this Order and the Agreement; provided, however, that this Order and the Agreement may be filed by RBS or the Released Parties to support a defense of res judicata, collateral estoppel, release, waiver, good faith settlement, judgment bar, or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

11.      RBS is dismissed from this action with prejudice. The Class Representatives and all RBS Subclass Members are permanently enjoined and barred from commencing or prosecuting any action asserting any of the Released Claims, either directly, representatively, derivatively, or in any

1  other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state or
2  federal court, or in any agency or other authority or forum wherever located. Any person or entity
3  that knowingly violates such injunctions shall pay the costs and attorneys' fees incurred by RBS or
4  other Released Parties as a result of the violation. Nothing in this Final Approval Order, however,
5  shall preclude any action to enforce the terms of the Agreement.

6      12.    The Settlement embodied in the Agreement is in "good faith" within the meaning of
7  California Code of Civil Procedure 877 and 877.6. All present and prospective claims for
8  indemnification and contribution, however denominated, relating to the events that are the subject
9  of this litigation, are extinguished and barred to the fullest extent permitted by law, except for any
10 and all claims for indemnification and contribution by RBS against Paul Financial, LLC.

11     13.    The Court shall retain continuing jurisdiction over the parties to the Agreement and
12 all RBS Subclass Members to determine all matters relating in any way to this Final Approval
13 Order, the Preliminary Approval Order or the Agreement, including, without limitation, to their
14 administration, implementation, interpretation, or enforcement.

IT IS SO ORDERED.

Dated: 11/19/13

HON. SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE